IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MILOSLAV MULLER,

      Plaintiff,

   vs.                                                                                 Civ. No. 13-0431 MCA/SMV

TOM VILSACK, Secretary U.S. DEPARTMENT
OF AGRICULTURE, Agency; DANIEL M.
MANZANARES, in his individual capacity as
a former Executive Director of the New Mexico
Livestock Board; DR. DAVE FLY, in his
individual capacity as the New Mexico State
Veterinarian; DR. TIMOTHY J. HANOSH, in
his individual capacity as a former New Mexico
Deputy State Veterinarian; DR. STEVEN R.
ENGLAND, in his individual capacity as a Former
Veterinarian of the New Mexico Livestock Board;
STAFFING SOLUTIONS, Albuquerque, New
Mexico, business entity; and JOHN DOES NO. 1-10,
fictitious names of other persons who directly
participated in the planning or execution of the
relevant facts of violation of rights of Plaintiff,

      Defendants.

**MEMORANDUN OPINION AND ORDER**

    **THIS MATTER** is before the Court on Defendants Daniel M. Manzanares, Dr. Dave Fly, Dr. Timothy J. Hanosh, and Dr. Steven R. England's ("State Defendants") Motion to Dismiss Plaintiff's Complaint and Supporting Brief ("Motion to Dismiss") [Doc. 23] and on Plaintiff Miloslav Muller's ("Plaintiff") Motion to Extend the Time for Service of Process ("Motion to Extend Time for Service") [Doc. 46]. The Court, having considered the submissions and the relevant law, and being otherwise fully advised in the premises, hereby **GRANTS in**

**PART** and **DENIES in PART** Defendants' Motion to Dismiss and **DENIES** Plaintiff's Motion to Extend Time for Service.

## BACKGROUND

Plaintiff, proceeding *pro se*, filed a complaint on May 7, 2013, and an amended complaint on August 30, 2013, alleging retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII")[1] and the New Mexico Human Rights Act ("NMHRA")[2] as well as defamation in violation of New Mexico Statutes Annotated "Section 30-11-1 NMSA."[3] [Docs. 1, 6]. These claims arise out of Plaintiff's termination of employment by the United States Department of Agriculture ("USDA") and his statutorily-protected activities of testifying before the Equal Employment Opportunity Commission ("EEOC") regarding fiscal fraud for benefits received by a fellow employee of the USDA and "criminal exposure of residents of Navajo Reservation to Scrapie prion."[4] This is Plaintiff's third lawsuit in federal court against State Defendants.

---

[1] 42 U.S.C. §§2000e *et seq*.

[2] The NMHRA, N.M. Stat. Ann. § 28-1-1 *et seq.*, provides in pertinent part that it is an unlawful discriminatory practice for any person to "engage in any form of threats, reprisal or discrimination against any person who has opposed any unlawful discriminatory practice or has filed a complaint, testified or participated in any proceeding under the Human Rights Act[.]" *Id*. § 28-1-7(I)(2).

[3] Plaintiff cites to the criminal statute for libel. The Court, however, liberally construes Plaintiff's amended complaint based on his *pro se* status and concludes that Plaintiff intended to bring a tort claim for defamation against State Defendants. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (explaining that when a plaintiff proceeds *pro se*, a district court must construe the plaintiff's pleadings liberally).

[4] A prion in the Scrapie form is an infectious agent composed of protein in a misfolded form. It is an infection agent similar to the infection known as "mad cow disease." http://en.wikipedia.org/wiki/Prion

Plaintiff filed his first lawsuit against State Defendants on May 20, 2009, [*Muller v. Culberson*, Civ. No. 09-500 JB/ACT (D.N.M.)], and also named as defendants New Mexico Livestock Board ("NMLB") employees Myles Culbertson and Dr. Terry Beals.  On May 28, 2010, the Court dismissed Plaintiff's federal claims with prejudice for failure to state a claim under which relief could be granted because the named defendants were not his employer within the meaning of Title VII.  [*Id*. at Docs. 31, 32].  The Court thereafter declined to exercise supplemental jurisdiction over Plaintiff's state law claims for defamation.  [*Id*.].  On February 23, 2011, our Tenth Circuit affirmed the district court's decision.  [*Id*. at Doc. 37].  On October 3, 2011, the United States Supreme Court denied Plaintiff's petition for writ of certiorari.  [*Id*. at Doc. 38].

Plaintiff filed his second lawsuit on November 2, 2012, [*Muller v. Vilsack et al.*, Civ. No. 12-1136 RB/LFG (D.N.M.)], against the same defendants he named in his first lawsuit, but also added claims against the Secretary of the USDA Tom Vilsack and against Pamela White and Delayne Wineland.  [*Id*. at Doc. 1].  On March 8, 2013, the Court entered an order to show cause why it should not dismiss the second action due to Plaintiff's failure to serve any of the named defendants.  [*Id*. at Doc. 5].  The Court ordered Plaintiff either to effect service or to provide the Court with a written explanation by March 25, 2013, showing good cause why Plaintiff had failed to effect service.  [*Id*.].  On March 28, 2013, Plaintiff moved to withdraw his complaint on the ground that he was unable to locate some of the defendants.  [*Id*. at Doc. 6].  On April 3, 2013, the Court dismissed Plaintiff's second lawsuit without prejudice because Plaintiff had "not served Defendants and 120 days [had] elapsed since the Complaint was filed."  [*Id*. at Doc. 8].

In Plaintiff's third lawsuit, which is presently before the Court, Plaintiff brings state law claims for violation of the NMHRA and for defamation against State Defendants as well as

against Vilsack and the New Mexico business entity Staffing Solutions. Plaintiff also brings federal claims for violation of Title VII against Vilsack and Staffing Solutions but not against State Defendants.

The summons returns for this lawsuit indicate that the summonses were issued to State Defendants on August 30, 2013, and that Plaintiff served State Defendants by certified mail, return receipt requested, on August 31, 2013, four days prior to the September 4, 2013, deadline for service of process. [Docs. 13, 16, 17]. The envelopes containing the service were addressed to State Defendants at their respective places of business, not at their residences, and the return receipts were not signed by State Defendants. [*Id*.].

The amended compliant contains the following relevant allegations. Plaintiff was employed by the USDA as a Veterinary Medical Officer, Area Epidemiology Officer in Animal and Plant Inspection Services. [Doc. 6 at 4, ¶ 19]. On August 26, 2008, the USDA terminated Plaintiff's employment based "on a single charge of 'Improper Conduct' supported by seventy Specifications, listed in [a] proposal letter dated June 13, 2008." [*Id.* at 6, ¶ 32]. Plaintiff's claims of retaliation and defamation against State Defendants challenge specification number 69, which was based on the content of documents compiled and distributed by employees of the NMLB. [*Id.* at 33, ¶ 190]. With respect to these documents, Plaintiff alleges, "[T]he[] documents issued by the NMLB's officials contained one or more statements of fact that were false in a material way, and they were designed to defame, discredit and injure Plaintiff, and to deter other USDA and the NMLB employees to lawfully oppose discriminatory practices, and to coerce them into silence." [*Id.* at 34, ¶ 194]. Plaintiff further alleges that State Defendants retaliated against him in intentional violation of the NMHRA and defamed in violation of New Mexico state law because he testified in the EEOC proceedings. [*Id.* at 6, ¶ 33].

On September 25, 2013, State Defendants filed their Motion to Dismiss Plaintiff's third lawsuit. [Doc. 23]. State Defendants seek dismissal with prejudice of all of Plaintiff's claims against them on the following grounds: (1) the Court lacks subject matter jurisdiction over Plaintiff's claims against State Defendants because the complaint does not assert a claim against them over which this Court has original jurisdiction and therefore supplemental jurisdiction cannot attach to Plaintiff's state law claims; (2) the Court lacks subject matter jurisdiction over Plaintiff's alleged NMHRA claims against State Defendants because Plaintiff failed to exhaust the requisite administrative remedies under the NMHRA; (3) Plaintiff has not stated a claim for defamation upon which relief can be granted because his alleged claims are time barred by the New Mexico Tort Claims Act's ("Tort Claims Act") statute of limitations; (4) Plaintiff has failed to serve defendants Manzanares, Fly, and Hanosh properly; and (5) the Court lacks subject matter jurisdiction over Plaintiff's claims against State Defendants because they are entitled to qualified immunity under the Tort Claims Act. [*Id.*].

## **STANDARD**[5]

### I. **Dismissal Under Federal Rule of Civil Procedure 12(b)(1).**

"Federal courts are courts of limited jurisdiction; they are empowered to hear only those cases authorized and defined in the Constitution which have been entrusted to them under a jurisdictional grant by Congress." *Henry v. Office of Thrift Supervision*, 43 F.3d 507, 511 (10th Cir. 1994) (citations omitted). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *See Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).

---

[5] Because this Memorandum Opinion and Order dismisses all of the claims pending against State Defendants' pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), and the Court does not consider State Defendants' request for dismissal pursuant to Rule 12(b)(5), the Court sets forth only the standards for dismissal under Rules 12(b)(1) and 12(b)(6).

Generally, Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction challenge jurisdiction either facially or factually. *See Holt v. U.S.*, 46 F.3d 1000, 1002-03 (10th Cir. 1995). "[A] facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true," *id.*, but must ignore conclusory allegations of jurisdiction, *see Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). In contrast, if a party asserts a factual challenge to a complaint's allegations as to subject matter jurisdiction,

> [the] party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1).

*Holt*, 46 F.3d at 1002-03 (internal citations omitted).

## II.     Dismissal Under Federal Rule of Civil Procedure 12(b)(6).

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994) (citation omitted). The sufficiency of a complaint is a question of law, and when considering a motion to dismiss under Rule 12(b)(6), a court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the nonmoving party, and draw all reasonable inferences in the plaintiff's favor. *See Smith v. U.S.*, 561 F.3d 1090, 1097-98 (10th Cir. 2009) (citations omitted), *cert. denied*, 558 U.S. 1148 (2010); *Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir. 2006) (citations omitted). The Court must

determine whether a complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff's obligation to provide the "grounds" of his "entitlement to relief requires more than labels and conclusions." *Id.* at 555; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III. *Pro Se* Pleadings.

A district court must construe a *pro se* plaintiff's pleadings liberally and hold the pleadings to a less stringent standard than formal pleadings drafted by lawyers. *See McBride v. Deer*, 240 F.3d 1287, 1290 (10th Cir. 2001). While a district court may make some allowances if a *pro se* plaintiff fails to cite proper legal authority, confuses various legal theories, uses poor syntax and sentence construction, and is unfamiliar with pleading requirements, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005); *see also U.S. v. Porath*, No. 13-2131, 2014 WL 308821, at *1 (10th Cir. Jan. 29, 2014) (citing *U.S. v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009)). Moreover, *pro se* parties must follow the same rules of procedure that govern other litigants. *See Garett*, 425 F.3d at 840. In our Tenth Circuit, "dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Gee v. Pacheco*, 627 F.3d 1178, 1188 (10th Cir. 2010) (internal quotation marks and citation omitted).

### DISCUSSION

### I. State Defendants' Motion to Dismiss.

State Defendants move the Court to dismiss with prejudice all of Plaintiff's claims against them for the following reasons. First, they assert that the Court should dismiss all of

Plaintiff's claims against them for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) because Plaintiff's complaint does not assert a claim against them over which this Court has original jurisdiction and therefore supplemental jurisdiction cannot attach to Plaintiff's state law claims.  Second, State Defendants maintain that the Court should dismiss Plaintiff's NMHRA claims against them pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction because Plaintiff has not exhausted his requisite administrative remedies under the NMHRA.  Third, they contend that the Court should dismiss Plaintiff's defamation claims against them pursuant to Rule 12(b)(6) for failure to state a claim under which relief can be granted because these claims are time barred by applicable statute of limitations in the Tort Claims Act.  Fourth, they assert that the Court should dismiss Plaintiff's claims pursuant to Rule 12(b)(5) for insufficient service of process because Plaintiff did not properly serve defendants Manzanares, Fly, and Hanosh.  Fifth, they maintain that the Court should dismiss Plaintiff's defamation claims against them pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction because they are entitled to qualified immunity under the Tort Claims Act.

Although the Court is not persuaded by State Defendants' first argument, it agrees with their second argument that, as pleaded, the Court lacks subject matter jurisdiction over Plaintiff's NMHRA claims because Plaintiff has failed plead facts which establish that he exhausted his administrative remedies.  The Court further agrees that Plaintiff has not stated a claim for relief because his defamation claims against State Defendants are time barred by the applicable statute of limitations in the Tort Claims Act.  Given the Court's conclusions, State Defendants' argument regarding improper service is rendered moot.  Furthermore, because the Court is dismissing all of Plaintiff's claims against State Defendants on the foregoing dispositive

8

grounds, the Court declines to address State Defendants' last argument regarding qualified immunity under the Tort Claims Act.

### A. The Court Has Supplemental Jurisdiction Over Plaintiff's State Law Claims.

Section 1367(a) of Title 28 of the United States Code provides that once a district court has original jurisdiction over one or more claims in an action, it may exercise supplemental jurisdiction over additional claims arising from the same case or controversy. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005) (citing *Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)); 28 U.S.C. § 1367(a). Here, the Court has original federal question jurisdiction, pursuant to 28 U.S.C. Section 1331, over Plaintiff's Title VII claims against the USDA and Staffing Solutions. The Court may, therefore, in its discretion, exercise supplemental jurisdiction over Plaintiff's state law claims against State Defendants.

The Court is not persuaded to hold otherwise by State Defendants' arguments to the contrary. First, State Defendants contend that, although Plaintiff has asserted federal claims against the USDA and Staffing Solutions, he has not asserted federal claims against State Defendants. State Defendants therefore maintain that, because Plaintiff has asserted no federal claims against them, supplemental jurisdiction cannot attach to Plaintiff's state law claims against them. The Court disagrees. Section 1367(a) authorizes district courts to exercise supplemental jurisdiction over state claims brought against a party even when that party is not subject to the federal claim primarily at issue. *See Am. Pfauter, Ltd. v. Freeman Decorating Co.*, 772 F. Supp. 1071, 1073 (N.D. Ill. 1991) ("Supplemental jurisdiction supports federal jurisdiction over state claims brought against a party even when that party is not subject to the federal claim primarily at issue."); *accord Hollman v. U.S.,* 783 F. Supp. 221, 223 (M.D. Pa. 1992) (citing *Am. Pfauter*, 772 F. Supp. at 1073).

9

Second, State Defendants contend that Plaintiff is collaterally estopped from asking this Court to exercise supplemental jurisdiction because the Court declined to exercise supplemental jurisdiction over Plaintiff's state law claims in Plaintiff's first lawsuit, *see supra* at 3, after it dismissed Plaintiff's federal claims. [*Muller v. Culberson*, No. Civ. 09-500 JB/ACT, Order (D.N.M.), at Doc. 31]. State Defendants' argument, however, is flawed. In the order in the prior action, the Court dismissed Plaintiff's federal claims for failure to state a claim upon which relief could be granted and thereafter declined to exercise supplemental jurisdiction pursuant to 28 U.S.C. Section 1367(c)(3), which provides that "district courts may decline to exercise supplemental jurisdiction . . . [when] the district court has dismissed all claims over which it has original jurisdiction[.]" *Id.* The Court's decision to decline to exercise supplemental jurisdiction is not entitled to preclusive effect, however, because the parties in the prior action did not actually litigate and the Court did not necessarily decide Plaintiff's state law claims, or any substantive issue related to those claims, on the merits. *See, e.g.*, *Lombard v. Axtens*, 739 F.2d 499, 502 (10th Cir. 1984); *Shovelin v. Cent. N.M. Elec. Co-op., Inc.*, 850 P.2d 996, 1000 (N.M. 1993). Rather, it was the Court, which, in its discretion, declined to exercise supplemental jurisdiction over the state law claims. Because collateral estoppel does not attach to the Court's prior decision, the Court may exercise supplemental jurisdiction over Plaintiff's state law claims arising from the same case or controversy as his Title VII claims.

  **B.**  **Plaintiff Failed to Plead Exhaustion of his Administrative Remedies and the Court Therefore Does Not Have Subject Matter Jurisdiction Over Plaintiff's NMHRA Claims.**

State Defendants move to dismiss Plaintiff's NMHRA claims because he has failed to plead exhaustion of his administrative remedies prior to bringing suit. [Doc. 23 at 11]. The Court agrees. Plaintiff alleges:

> 7. All of the necessary administrative prerequisites have been met prior to filing the instant action, as Plaintiff has filed timely complaint of discrimination and retaliation (APHIS 2008-00060) with his former employer, the United States Department of Agriculture (hereinafter "USDA" or "Agency"), and later with the U.S. Merit Systems Protection Boards (hereinafter MSPB"), and finally with the U.S. Equal Employment Opportunity Commission (hereinafter "EEOC" or "Commission").
>
> 8. On October 3, 2012, Plaintiff received the Commission's a Right-To-Sue Letter for case APHIS 2008-00060, dated September 28, 2012, informing Plaintiff about his rights to file a civil action at the appropriate U.S. District Court within thirty days from the time he receive the letter.
>
> . . .
>
> 12. In addition to case APHIS 2008-00060, on February 1, 2013, the EEOC issued a Right-To-Sue Letter for Complaint Number APHIS 2008-00027 and received by Plaintiff on February 6, 2013, informing him about his right to file a civil action within ninety (90) calendar days from the date he received the decision.

[Doc. 6] A claimant does not exhaust the administrative procedure of the New Mexico Human Rights Bureau simply by filing a charge of discrimination with the EEOC and receiving a right to sue letter from the EEOC. *See Campos v. Las Cruces Nursing Ctr.*, 828 F. Supp. 2d 1256, 1267 (D.N.M. 2011) ("[A] right to sue letter from the EEOC dues not substitute for an order of nondetermination from the NMHRD under New Mexico law[.]"). Plaintiff's allegations fail to indicate that Plaintiff filed with the New Mexico Human Rights Bureau his state law claims against the State Defendants and that he was issued his right to sue or a comparable document from the New Mexico Human Rights Bureau on those claims. [Doc. 6, ¶¶ 7, 8, 12] Accordingly, Plaintiff has failed to adequately allege facts establishing that this Court has jurisdiction over his NMHRA claims against the State Defendants. *See Jones v. Runyon*, 91 F.3d 1398, 1399 (10th Cir. 1996) ("Exhaustion of administrative remedies is a jurisdictional prerequisite to suit under Title VII."), *cert. denied*, 520 U.S. 1115 (1997); *Martinez v. Target*, 384 Fed. Appx. 840, 844-45 (10th Cir. 2010) (unpublished decision) (continuing to adhere to

*Jones*); *Mitchell-Carr v. McLendon*, 980 P.2d 65, 71 (N.M. 1999) ("[E]xhaustion of administrative remedies is a prerequisite to suit under the NMHRA, and failure to exhaust administrative remedies may mean that the court lacks subject-matter jurisdiction."); *Pretlow v. Garrison*, 420 Fed. Appx. 798, 802 (10th Cir. 2011) (unpublished decision) ("[A]n employment-discrimination plaintiff must plead and show exhaustion." (internal quotation marks and citation omitted)).

Given Plaintiff's failure to plead facts establishing subject matter jurisdiction, the Court dismisses Plaintiff's NMHRA claims against the State Defendants without prejudice. Nonetheless, under these circumstances, the Court will grant Plaintiff leave to file a motion to amend his complaint with regard to this Count only, if he is able to allege facts which establish this Court's jurisdiction over his NMHRA claims against the State Defendants. *See* Fed.R.Civ.P. 15(a)(2) (stating that leave to amend should be freely given "when justice so requires."); *Foman v. Davis*, 371 U.S. 178, 182 (stating that "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits" in the absence of a reason such as undue delay, prejudice or futility, *inter alia*). In doing so, Plaintiff may attach to his proposed amended complaint any charging document and right to sue or comparable document issued by the New Mexico Human Rights Bureau. Plaintiff may also file any documentation from the administrative record indicating that the EEOC forwarded his claims to the New Mexico Human Rights Bureau pursuant to the work sharing agreement between the EEOC and the New Mexico Human Rights Bureau.[6] *See Campos*, 828 F. Supp. 2d at 1267 (discussing the work sharing agreement and its interplay with

---

[6] Plaintiff is instructed not to attach any documentation, including other documentation from the administrative record, other than that expressly allowed by this Order.

12

the requirement to exhaust both Title VII and NMHRA claims); *Lobato v. State Env't Dep't.*, 267 P.3d 65, 66 (N.M. 2011) (same).

### C. Plaintiff's Defamation Claims Are Time Barred Under the Tort Claims Act and Plaintiff Therefore has Failed to State a Claim for Relief.

The Tort Claims Act provides that "[a]ctions against a governmental entity or a public employee for torts shall be forever barred, unless such action is commenced within two years after the date of occurrence resulting in loss, injury or death[.]" N.M. Stat. Ann. § 41-4-15(A). The New Mexico Supreme Court has held that "[t]he right to sue and any recovery under the New Mexico Tort Claims Act is limited to the rights, procedures, limitations and conditions prescribed in the Act." *Estate of Gutierrez v. Albuquerque Police Dep't*, 717 P.2d 87, 89 (N.M. Ct. App. 1986) (quoting *Methola v. County of Eddy*, 622 P.2d 234, 239 (N.M. 1980)), *cert. denied*, 715 P.2d 71 (1986), *overruled on other grounds by Bracken v. Yates Petroleum Corp.*, 760 P.2d 155 (N.M. 1988).

Plaintiff was terminated on August 26, 2008, and had two years, or until August 26, 2010, to commence an action against State Defendants. The question before the Court is whether and to what extent Plaintiff's two previous lawsuits tolled the statute of limitations prescribed by the Tort Claims Act and whether—as State Defendants argue—once Plaintiff filed his initial lawsuit, the shortened six-month tolling provision in New Mexico Statutes Annotated Section 37-1-14 applied. The Court addresses this latter question first.

### 1. The Six-Month Limitations Period Set Forth in Section 37-1-14 does not Bar Plaintiff's Defamation Claims.

State Defendants argue that once the Court dismissed Plaintiff's state law claims without prejudice on May 28, 2010, Section 37-1-14 of New Mexico Statutes Annotated granted Plaintiff only six months to re-file his lawsuit. Section 37-1-14 provides that "[i]f, after the

13

commencement of an action, the plaintiff fail therein for any cause, except negligence in its prosecution, and a new suit be commenced within six months thereafter, the second suit shall, for the purposes herein contemplated, be deemed a continuation of the first." N.M. Stat. Ann. § 37-1-14.  Because Plaintiff waited until November 2, 2012, to re-file his second suit, State Defendants claim that Plaintiff missed the six-month deadline by which he could timely re-file his complaint.  Therefore, according to State Defendants, the statute of limitations has continued to run unabated since June 13, 2008.[7]  [Doc. 23 at 12-13].

Although the Court ultimately concludes that Plaintiff's defamation claims are time barred by the statute of limitations, the Court nonetheless rejects State Defendants' argument that Section 37-1-14 bars Plaintiff's claims.  Section 37-1-17 provides that "[n]one of the preceding provisions of this chapter[, including Section 37-1-14,] shall apply to any action or suit which, by any particular statute of this state, is limited to be commenced within a different time[.]"  N.M. Stat. Ann. § 37-1-17; *see Estate of Gutierrez*, 717 P.2d at 90 (holding that Section 37-1-14 does not apply the statute of limitations in the Tort Claims Act).  Because State Defendants are public employees, any tort claims against them are governed by the Tort Claims Act, and the Tort Claims Act provides a specific period of two years within which to commence an action against governmental entities.  Thus, Section 37-1-14 is inapplicable to the Tort Claims Act.  The Court therefore rejects State Defendants' argument that Plaintiff's defamation claims against them are time barred by Section 37-1-14 and holds instead that Plaintiff had two years from his date of loss in which to file his claims for defamation against them.

---

[7]  State Defendants use June 13, 2008, as the date of Plaintiff's loss because they claim that this is when Plaintiff first learned of State Defendants' alleged defamatory communications to the USDA. [Doc. 23 at 12].  The Court, however, uses the actual date of termination, August 26, 2008, as the date of loss for calculating the statute of limitations because this is the date Plaintiff's economic loss began.

### 2. Equitable Tolling does not Render Plaintiff's Defamation Claims Viable.

Plaintiff argues at the outset that because he actively pursued his judicial remedies at the USDA and EEOC, and because this Court did not properly advise him regarding the state statute of limitations, the Court should equitably toll Plaintiff's claims against State Defendants in the interest of justice. [Doc. 30 at 8]. Equitable tolling is a nonstatutory tolling theory that suspends a limitations period. *See Ocana v. Am. Furniture Co.*, 91 P.3d 58, 66 (N.M. 2004) (citing *Gathman-Matotan Architects & Planners, Inc. v. State of N.M., Dep't of Finance & Admin., Prop. Control Div.*, 787 P.2d 411, 413 (N.M. 1990)). Equitable tolling typically applies when a litigant has been prevented from filing suit because of an extraordinary event beyond his or her control. *See id.* (citing *Martinez v. Orr*, 738 F.2d 1107, 1110 (10th Cir. 1984)). Here, Plaintiff has filed three lawsuits over the course of six years and he has failed to demonstrate any extraordinary event beyond his control that would invoke equitable principles to excuse the untimely filing of his state law defamation claims.

To the extent Plaintiff argues that the Court should reject State Defendants' statute of limitations argument solely because of his *pro se* status, the Court is not persuaded.[8] Admittedly, when a plaintiff proceeds *pro se*, the Court must construe the plaintiff's pleadings liberally. *See*

---

[8] In his response to the Motion to Dismiss, Plaintiff maintains,

> It is important to state that during the proceedings at the District Court's level, the Magistrate Judge Alan C. Torgerson and the District Judge James Browning never advised Plaintiff, who appeared pro se, how elements of his claims should be properly plead [sic], as required by the Court's rules and the applicable legal precedents when dealing with pro se plaintiffs. . . . While the Order stated that Plaintiff's state law claims for defamation were dismissed without prejudice, the District Judge James Browning did not advise Plaintiff about the time limit for filing that claim.

[Doc. 30 at 7-8].

15

*Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). This obligation, however, does not relieve Plaintiff of the burden of pleading sufficient facts to support his claim. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1992). In addition, liberal treatment is not without limits. To the contrary, "this court has repeatedly insisted that *pro se* parties follow the same rules of procedure that govern other litigants." *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (quoting *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005)). Although *pro se* parties are entitled to have their arguments liberally construed, the Court will not assume the role of advocate. *See U.S. v. Porath*, No. 13-2131, 2014 WL 308821, *1 (10th Cir. Jan. 29, 2014) (citing *U.S. v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) ("[B]ecause Pinson appears *pro se*, we must construe his arguments liberally; this rule of liberal construction stops, however, at the point at which we begin to serve as his advocate."); *Garrett*, 425 F.3d at 840 ("[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record.")).

Consistent with these standards, the Court concludes that, with respect to Plaintiff's first lawsuit, it was not under any obligation created by court rules or case law to advise Plaintiff regarding the proper pleading of the elements of his claims or the time limits Plaintiff had for filing his state law claims. Rather, a district court is proscribed from doing so. Because Plaintiff's *pro se* status does not relieve him of his obligation to follow the rules of procedure and abide by all statutory deadlines, the Court rejects Plaintiff's argument that tolling is appropriate either because he actively pursued his administrative remedies or because the Court did not advise him of the limitations period on his defamation claims.

Although Plaintiff's *pro se* status and his active pursuit of his administrative remedies are not sufficient to toll the limitations period, the question remains whether the time that elapsed

16

during the pendency of Plaintiff's two prior lawsuits tolled the limitations period. A complaint dismissed without prejudice because of a federal court's discretionary refusal to entertain supplemental jurisdiction tolls the statute of limitations. *See Gathman-Matotan Architects*, 787 P.2d at 413 (citing *Bracken*, 760 P.2d at 157). The statutory period is tolled not only during the pendency of the action, but also during the time consumed on appeal. *See Bracken*, 760 P.2d at 466. "Where an action is dismissed without prejudice[, however,] because of a failure to prosecute, the action will be deemed not to interrupt the running of an otherwise applicable statute of limitations[.]" *Gathman-Matotan Architects*, 787 P.2d at 414; *see also King v. Lujan*, 646 P.2d 1243, 1245 (N.M. 1982) (holding that a dismissal without prejudice operates to leave the parties as if no action had been brought at all); *see also Meiboom v. Watson*, 994 P.2d 1154, 1158 (N.M. 2000) ("we do not disturb *King's* holding that "when an action is dismissed without prejudice because of a failure to prosecute, the interruption of the statute of limitations is considered as never having occurred").

The USDA terminated Plaintiff's employment on August 26, 2008. The statute of limitations for filing a tort claim against State Defendants began to run on that date. On May 20, 2009, or 267 days following the date of Plaintiff's loss due to his termination, Plaintiff filed his first lawsuit. On May 28, 2010, the Court dismissed Plaintiff's federal law claims with prejudice for failure to state a claim upon which relief could be granted and dismissed Plaintiff's state law claims without prejudice because of its discretionary right to refuse to exercise supplemental jurisdiction. Plaintiff appealed the Court's decision and the appeals process did not end until October 3, 2011, when the United States Supreme Court denied Plaintiff's petition for certiorari. Thus, from the date Plaintiff filed his first lawsuit through the date the appeals process

concluded, 866 days elapsed, during which time the statute of limitations was tolled. The statute of limitations began to run again on October 4, 2011.

On November 2, 2012, Plaintiff filed his second lawsuit. On April 3, 2013, the Court dismissed Plaintiff's second lawsuit without prejudice "because he [had] not served Defendants and 120 [had] elapsed since the Complaint was filed. *See* Fed. R. Civ. P. 4(m)." [*Muller v. Vilsack et al.*, Civ. No. 12-1136 RB/LFG, at Doc. 8]. In other words, Plaintiff failed to prosecute his claim. Therefore, the filing of Plaintiff's second lawsuit did not toll the statute of limitations. *Cf. Gathman-Matotan Architects*, 787 P.2d at 414.

Plaintiff filed this third lawsuit on May 7, 2013, which stopped the statute of limitations from running. Applying the tolling principles discussed above, the statute of limitations began to run on August 26, 2008, *i.e.,* the date Plaintiff was terminated, and Plaintiff had two years, or 730 days, to commence his action. Two hundred and sixty-seven days elapsed from the time of Plaintiff's loss until the date he filed his first lawsuit on May 20, 2009. The statute of limitations was then tolled beginning on May 20, 2009, and ending on October 3, 2011, for a total of 866 days. The statute of limitations then continued to run unabated for the remaining 463 days of the 730-day (or two-year) limitations period, until it expired on January 9, 2013. Plaintiff, however, did not file his third lawsuit until May 7, 2013, which was well beyond the January 9, 2013, expiration of the limitations period.

Put another way, a total of 1,714 days elapsed from Plaintiff's date of loss on August 26, 2008, through the filing of his third lawsuit on May 7, 2013. Subtracting from this figure the 866 days during which the statute of limitations was tolled, Plaintiff filed his third lawsuit 848 days after his date of loss. Plaintiff, however, had only 730 days in which to file his defamation

claims against State Defendants pursuant to the statute of limitations in the Tort Claims Act. Therefore, Plaintiff's defamation claims against State Defendants are time barred.

Because Plaintiff's defamation claims against State Defendants are time barred, the Court holds that Plaintiff has failed to state a claim upon which relief can be granted. Accordingly, the Court grants, pursuant to Federal Rule of Civil Procedure 12(b)(6), State Defendants' Motion to Dismiss Plaintiff's state law defamation claims with prejudice.

### D. The Court Declines to Address Plaintiff's Remaining Arguments.

The Court's decision to dismiss Plaintiff's NMHRA claims against State Defendants pursuant to Rule 12(b)(1) and Plaintiff's defamation claims against State Defendants pursuant to Rule 12(b)(6) effectively dismisses all of the claims Plaintiff has brought against State Defendants. Because no claims remain, State Defendants' argument regarding improper service is moot. Furthermore, because the Court dismisses Plaintiff's defamation claims pursuant to Rule 12(b)(6) on the ground that those claims are time barred, the Court need not—and therefore does not—address State Defendants' argument that the claims are subject to dismissal under Rule 12(b)(6) because State Defendants have qualified immunity under the Tort Claims Act.

### II. Plaintiff's Motion to Extend Time for Service is Moot.

One of the grounds on which State Defendants move for dismissal of Plaintiff's claims is pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process because Plaintiff failed to serve Defendants Manzanares, Fly, and Hanosh properly. In Plaintiff's Motion to Extend Time for Service, Plaintiff attempts to remedy the defects in service by asking the Court to extend the time limit for service of process. The Court, however, already has granted State Defendants' Motion to Dismiss Plaintiff's claims pursuant only to Rules 12(b)(1) and 12(b)(6). Thus, Plaintiff's arguments in favor of extending the time to effect sufficient service of

process are moot. The Court therefore denies Plaintiff's Motion to Extend Time for Service as moot.

## CONCLUSION

**IT THEREFORE IS ORDERED** that Defendants' Daniel M. Manzanares, Dr. Dave Fly, Dr. Timothy J. Hanosh, and Dr. Steven R. England's Motion to Dismiss Plaintiff's Complaint and Supporting Brief [Doc. 23] is **GRANTED in PART** and **DENIED in PART** as follows: (1) the Motion to Dismiss is granted to the extent State Defendants seek dismissal without prejudice of Plaintiff's NMHRA claims and denied to the extent State Defendants seek dismissal with prejudice of Plaintiff's NMHRA claims, and (2) the Motion to Dismiss is granted to the extent State Defendants seeks dismissal with prejudice of Plaintiff's state law defamation claims. Accordingly, Plaintiff's NMHRA claims against State Defendants are **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 12(b)(1) and Plaintiff's defamation claims against State Defendants are **DISMISSED WITH PREJUDICE** pursuant to Federal Rule of Civil Procedure 12(b)(6).

**IT FURTHER IS ORDERED** that Plaintiff is granted leave to file a Motion to Amend his Complaint within 14 days of the date of this Order only with regard to alleging facts necessary to establish that this Court has jurisdiction over Plaintiff's NMHRA claims against the State Defendants.

**IT FURTHER IS ORDERED** that and Plaintiff's Motion to Extend the Time for Service of Process [Doc. 46] is **DENIED as MOOT**.

**IT IS SO ORDERED** this 30th day of September, 2014.

```
_____
M. CHRISTINA ARMIJO
CHIEF JUDGE, UNITED STATES DISTRICT COURT
```