IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MILOSLAV MULLER,

    Plaintiff,

vs.                                            Civ. No. 13-0431 MCA/SMV

TOM VILSACK, Secretary U.S. DEPARTMENT
OF AGRICULTURE, Agency; DANIEL M.
MANZANARES, in his individual capacity as
a former Executive Director of the New Mexico
Livestock Board; DR. DAVE FLY, in his
individual capacity as the New Mexico State
Veterinarian; DR. TIMOTHY J. HANOSH, in
his individual capacity as a former New Mexico
Deputy State Veterinarian; DR. STEVEN R.
ENGLAND, in his individual capacity as a Former
Veterinarian of the New Mexico Livestock Board;
STAFFING SOLUTIONS, Albuquerque, New
Mexico, business entity; and JOHN DOES NO. 1-10,
fictitious names of other persons who directly
participated in the planning or execution of the
relevant facts of violation of rights of Plaintiff,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff Miloslav Muller's Combined Motion to Dismiss and Motion to Strike Portions of Defendant's Affirmative Defenses Pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(f) ("Motion to Strike"), [1] filed November 18, 2013 [Doc. 51]. The Court, having considered the submissions and the relevant law, and being

---

[1] Although Plaintiff moves the Court to "dismiss" several of Defendant's Affirmative Defenses, the Court liberally construes Plaintiff's Motion based on his *pro se* status as a "Motion to Strike." *Cf. Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (explaining that when a plaintiff proceeds *pro se*, the Court must construe the plaintiff's pleadings liberally).

otherwise fully advised in the premises, hereby **GRANTS IN PARTS** and **DENIES IN PART** Plaintiff's Motion to Strike.

## BACKGROUND

Plaintiff, proceeding *pro se*, filed a complaint on May 7, 2013, and an amended complaint on August 30, 2013. [Docs. 1, 6]. This is Plaintiff's third lawsuit in federal court alleging unlawful termination, retaliation, and defamation claims that arise out of Plaintiff's statutorily-protected activities of testifying before the Equal Employment Opportunity Commission ("EEOC").[2] In the lawsuit presently before the Court, Plaintiff has named as defendants the Secretary of the USDA Tom Vilsack, as well as former Executive Director of the New Mexico Livestock Board Daniel M. Manzanares, New Mexico State Veterinarian Dr. Dave Fly, former New Mexico Deputy State Veterinarian Dr. Timothy J. Hanosh, former Veterinarian of the New Mexico Livestock Board Dr. Steven R. England, and Staffing Solutions, a New Mexico business entity. Relevant to the motions at issue in this Memorandum Opinion and Order, however, are only Plaintiff's claims against the USDA.

The amended complaint alleges that the USDA wrongfully terminated and retaliated against him in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.* More specifically, Plaintiff alleges that while he was employed by the USDA as a Veterinary Medical Officer, Area Epidemiology Officer in Animal and Plant Inspection Services, [Doc. 6 at 4, ¶ 19], he testified in EEOC proceedings regarding fiscal fraud for benefits received by a fellow employee of the USDA and "criminal exposure of residents of Navajo

---

[2]   A description of Plaintiff's prior lawsuits is set forth in the Court's Memorandum Opinion and Order, filed this date, resolving Defendants' Daniel M. Manzanares, Dr. Dave Fly, Dr. Timothy J. Hanosh, and Dr. Steven R. England's Motion to Dismiss Plaintiff's Complaint and Supporting Brief [Doc. 23] and Plaintiff's Motion to Extend the Time for Service of Process [Doc. 46].

Reservation to Scrapie prion."[3]  Thereafter, the USDA terminated Plaintiff's employment on August 26, 2008, based "on a single charge of 'Improper Conduct' supported by seventy Specifications, listed in the proposal letter dated June 13, 2008." [*Id.* at 6, ¶ 32].  Plaintiff alleges the USDA retaliated against him in intentional violation of Title VII because he testified in the EEOC proceedings.

On November 4, 2013, Defendant USDA filed its answer to the amended complaint. [Doc. 40].  On November 18, 2013, Plaintiff filed his Motion to Strike the affirmative defenses the USDA pled in its answer on the grounds that (1) they "suffer from various infirmities including but not limited to a failure to provide any factual support and therefore, fail to provide the Plaintiff with 'fair notice of the defense'"; (2) they fail to meet the standards for pleading affirmative defenses; and (3) they fail to be affirmative defenses at all.  In this motion, Plaintiff generally argues that the Court should apply the plausibility pleading standard articulated in *Bell Atlantic Corp. v. Twombly*[4] and *Ashcroft v. Iqbal*[5] to Defendant USDA's affirmative defenses.  In its response in opposition to the motion, Defendant USDA states that its affirmative defenses provide Plaintiff with adequate, early notice of the defenses it may pursue, that it fully has complied with Rules 8(b), (c), and (d) of the Federal Rules of Civil Procedure, and that it has no

---

[3]  A prion in the Scrapie form is an infectious agent composed of protein in a misfolded form.  It is an infection agent similar to the infection known as "mad cow disease." http://en.wikipedia.org/wiki/Prion

[4]  550 U.S. 544, 570 (2007) (holding it is no longer enough that a claim be conceivable to survive a motion to dismiss for failure to state a claim; it must be plausible).

[5]  556 U.S. 662, 678 (2009) (clarifying that to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face and explaining that a claim has "facial plausibility" when a plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged).

obligation to comply with the *Iqbal/Twombly* heightened pleading standard. [Doc. 53 at 1-2, ¶¶ 1, 5].

## STANDARD

Federal Rule of Civil Procedure 12(f) permits the court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  Motions to strike, however, are not favored and district courts generally should deny them unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy.  *See Lane v. Page*, 272 F.R.D. 581, 591 (D.N.M. 2011) (citations omitted); *see also* 5C Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ., § 1382 (3d ed. 2004); *Sai Broken Arrow C, LLC v. Guardian Emergency Vehicles, Inc*., No. 09-CV-0455-CVE-FHM, 2010 WL 132414, at *5 (N.D. Okla. Jan. 8, 2010) (explaining that striking a pleading or part of a pleading is a 'drastic remedy and [that] because a motion to strike may often be made as a dilatory tactic, motions to strike under Rule 12(f) generally are disfavored'" ) (quoting *Burget v. Cap. W. Sec., Inc*., No. 09-CV-1015-M, 2009 WL 4807619, *1 (W.D. Okla. Dec. 8, 2009)).  The decision to grant a motion to strike is within the discretion of the court.  *See Burget*, 2009 WL 4807619, *1 (citation omitted).

"Pleadings must be construed so as to do justice." Fed. R. Civ. P. 8(e).  In answering a complaint, a defendant "must . . . admit or deny the allegations asserted against it[.]" Fed. R. Civ. P. 8(b)(1)(B).  Further, Federal Rule of Civil Procedure 8(b)(1)(A) requires that a defendant articulate defenses "in short and plain terms." Fed. R. Civ. P. 8(b)(1)(A).  Federal Rule of Civil Procedure 12(f) authorizes a district court to strike an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.  *See* Fed. R. Civ. P. 12(f).  In deciding a motion to strike an affirmative defense, a district court must bear in mind that "[t]he key to pleading an

affirmative defense is to give the plaintiff fair notice of the defense." *U.S. v. Tect Aerospace, Inc.*, No. Civ. A. 07-1212-MLB, 2011 WL 2473076, *3 (D. Kan. June 21, 2011) (quoting *Siuda v. Robertson Transformer Co.*, No. Civ. A. 90-2245-L, 1992 WL 79311, *3 (D. Kan. Mar. 16, 1992)). "The Court must be convinced that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defenses succeed." *Friends of Santa Fe County v. LAC Minerals, Inc.,* 892 F. Supp. 1333, 1343 (D.N.M. 1995) (quoting *Carter-Wallace, Inc. v. Riverton Lab.*, 47 F.R.D. 366, 368 (S.D.N.Y. 1969)).

## DISCUSSION

Plaintiff moves to strike all of the affirmative defenses the USDA alleges in its answer for the following reasons. First, Plaintiff contends that the affirmative defenses "suffer from various infirmities including but not limited to a failure to provide any factual support and therefore, fail to provide the Plaintiff with 'fair notice of the defense.'" [Doc. 51]. Second, Plaintiff maintains that the defenses do not meet the heightened standard established in *Bell Atlantic v. Twombly* and *Ashcroft v. Iqbal* for pleading affirmative defenses. [*Id.*]. Third, Plaintiff argues that the purported "affirmative" defenses are not affirmative in any respect. [*Id.*].

The Court first addresses Plaintiff's argument that, in deciding his Motion to Strike, the Court should apply the heightened *Iqbal/Twombly* pleading standard to the USDA's affirmative defenses. The Court thereafter addresses Plaintiff's remaining arguments.

**I.      The Court Declines to Apply a Heightened Pleading Standard to the USDA's Affirmative Defenses.**

Plaintiff concedes that our Tenth Circuit has not yet ruled whether the *Iqbal/Twombly* heightened pleading standard applies to affirmative defenses. Although Plaintiff cites and relies upon a number of district court cases within our Circuit which have extended the heightened

pleading standard to affirmative defenses, [*id*. at 4-5], the District of New Mexico has consistently held that the heightened standard does not apply to affirmative defenses. *See Well v. Hi Country Auto Group*, 982 F. Supp. 2d 1261, 1264 (D.N.M. 2013); *Lane v. Page*, 272 F.R.D. 581, 595-597 (D.N.M. 2011); *Equal Employment Opportunity v. Genesco, Inc.*, No. 09-CV-952 WJ/RHS (D.N.M. May 20, 2010), Doc. 47 at 2-4. Additionally, other district courts within our Tenth Circuit also have held that the *Iqbal/Twombly* standard does not apply to affirmative defenses. *See Bennett v. Spring Nextl Corp.*, No. 09-2122-EFM, 2011 WL 4553055, *1 (D. Kan. Sept. 29, 2011); *Falley v. Friends Univ.*, 787 F. Supp. 2d 1255, 1258 (D. Kan. 2011); *Holdbrook v. SAIA Motor Freight Line, LLC*, No. 09-CV-02870-LTB-BNB, 2010 WL 865380, *1 (D. Colo. Mar. 8, 2010). In light of the sound holdings in the District of New Mexico and the disfavored status of a motion to strike, the Court declines to apply the heightened *Iqbal/Twombly* pleading standard to the USDA's affirmative defenses.

**II.     First Affirmative Defense.**

Plaintiff moves to strike the USDA's first affirmative defense, which alleges that "Plaintiff's Complaint fails to state a claim upon which relief can be granted." [Doc. 40 at 22]. He contends that this affirmative defense is not supported by sufficient factual detail and fails to provide him with fair notice. [*Id.* at 8-9].

Under Rule 12(b), a defense such as a failure to state a claim "must be asserted in the responsive pleading" or may be asserted by motion. Fed. R. Civ. P. 12(b); s*ee also id.* 12(h)(2) (setting forth when a party may raise a failure to state a claim defense). Federal Rule of Civil Procedure Form 30 demonstrates the simplicity and brevity the rules require in presenting defenses under Rule 12(b) in an answer. Specifically, Form 30 provides an example of an answer presenting a Rule 12(b)(6) defense, which states only as follows: "The complaint fails to

state a claim upon relief can be granted." Fed. R. Civ. P. Form 30; *see also* Fed. R. Civ. P. 84 ("The forms in the Appendix suffice under these rules and illustrate the simplicity and brevity that these rules contemplate.").

The USDA has properly asserted a Rule 12(b) defense in its answer that conforms with the simplicity and brevity of the example illustrated in Form 30. The Court therefore concludes that the USDA's first affirmative defense is adequately pled, complies with Rule 8(b)(1)(A), and provides Plaintiff with fair notice. Accordingly, the Court denies Plaintiff's Motion to Strike the USDA's first affirmative defense.

### III. Second, Third, Fifth, Seventh and Eighth Affirmative Defenses.

Plaintiff also moves to strike the USDA's second, third, fifth, seventh, and eighth affirmative defenses, which allege as follows:

> II. Plaintiff was not unlawfully discriminated against on the basis of his EEOC activities or any legally recognized basis;
>
> III. Plaintiff was not unlawfully discriminated against on the basis of any protected activity;
>
> V. Defendant acted at all times in accordance with all relevant rules and regulations, specifically in compliance with Title VII;
>
> VII. Plaintiff's damages, to the extent they exist, are limited to those damages permitted under Title VII; and
>
> VIII. Plaintiff is not entitled to punitive damages.

[Doc. 40 at 22]. In addition to other arguments, Plaintiff generally contends that the USDA's alleged defenses are not affirmative. [*Id.* at 2]. The Court agrees and holds that the USDA's second, third, and fifth "affirmative" defenses actually are negative defenses which merely restate the USDA's denial in its answer of Plaintiff's allegations.

"A defense which demonstrates that plaintiff has not met its burden of proof as to an element plaintiff is required to prove is not an affirmative defense." *Barnes v. AT&T Pension Ben. Plan*, 718 F. Supp. 2d 1167, 1173 (N.D. Cal. 2010) (citing *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002)). "Such a defense is merely rebuttal against the evidence presented by the plaintiff." *Id.* In contrast, "[a]n affirmative defense, under the meaning of Federal Rule of Civil Procedure 8(c), is a defense that does not negate the elements of the plaintiff's claim, but instead precludes liability even if all of the elements of the plaintiff's claim are proven." *Lane*, 272 F.R.D. at 598 (quoting *Roberge v. Hannah Marine Corp.*, No. 96-1691, 1997 WL 468330, at *3 (6th Cir. Aug. 13, 1997)). It is a defense on which the defendant has the burden of proof. *See id.* (citations omitted). Because the USDA's second, third, and fifth purported "affirmative defenses" are in fact negative defenses, the Court strikes them as affirmative defenses pursuant to Rule 12(f) to simplify and streamline the litigation, but will construe them as denials. *Cf. Barnes*, 718 F. Supp. 2d at 1173; 5 Charles Alan Wright & Arthur R. Miller., Fed. Prac. & Proc. Civ., § 1269 (3d ed. 2004) ("The federal courts have accepted the notion of treating a specific denial that has been improperly denominated as an affirmative defense as though it were correctly labeled.").

The Court further concludes that the USDA's seventh and eighth "affirmative" defenses are immaterial. The USDA is simply asserting that the provisions of Title VII will govern any potential recovery by the Plaintiff, a fact which Plaintiff does not dispute and which the USDA already has alleged in its answer. [Doc. 6 at 52, ¶ 318; Doc. 40 at 18, ¶ 75; *id.* at 21, ¶ 89; Doc. 51 at 13]. The Court therefore strikes these affirmative defenses pursuant to Rule 12(f).

**IV.    Fourth Affirmative Defense.**

Plaintiff moves to strike the USDA's fourth affirmative defense, which alleges that "[a]ctions taken by Defendant, its agents or employees were motivated by legitimate, nondiscriminatory reasons that were not pre-textual." [Doc. 40 at 22]. The Court concludes that this alleged affirmative defense is, in part, a negative defense, and therefore strikes the negative portion of as an affirmative defense and considers it a denial. The Court, however, rejects Plaintiff's argument that the affirmative defense lacks supporting facts or is otherwise legally deficient and therefore declines to strike the defense in its entirety. [*Id.* at 10].

Absent direct evidence of retaliation, the court must analyze retaliation claims under the *McDonnell Douglas*[6] framework. *See Stover v. Martinez*, 382 F.3d 1064, 1070 (10th Cir. 2004). To establish a prima facie case of retaliation under the *McDonnell Douglas* framework, Plaintiff must show (1) he engaged in protected activity; (2) defendant took an adverse employment action against him; and (3) a causal connection exists between the protected activity and the adverse action. *See Fischer v. Forestwood Co.*, 525 F.3d 972, 979 (10th Cir. 2008) (citing *Stover*, 382 F.2d at 1071). If Plaintiff can establish a prima facie case, the burden shifts to the USDA to produce evidence of a nondiscriminatory reason for its conduct. *See id.* If the USDA establishes evidence of a nondiscriminatory reason for its conduct, the burden then shifts back to Plaintiff to establish pretext. *See id.*

The initial portion of the USDA's fourth affirmative defense correctly acknowledges its burden under the *McDonnell Douglas* framework to produce evidence of legitimate, nondiscriminatory reasons for its conduct if Plaintiff were to establish a prima facie case. The latter portion of the defense, however, which alleges that the USDA's reasons were "not pretextual," is not an affirmative defense but rather is merely rebuttal to Plaintiff's argument in

---

[6] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973).

support of his claim. *Cf. Barnes*, 718 F. Supp. 2d at 1173. Under the *McDonnell Douglas* framework, establishing pretext is Plaintiff's burden. Thus, to the extent the USDA's fourth affirmative defense asserts a negative defense—*i.e.,* that its reasons "were not pre-textual"—the Court construes this assertion as a denial and strikes it as an affirmative defense. In all remaining respects, however, the Court concludes that the USDA's fourth affirmative defense is adequately pled, complies with Rule 8(b)(1)(A), and provides Plaintiff with fair notice. The Court therefore will not strike the portions of the fourth affirmative defense which assert that the USDA's decisions were motivated by legitimate, nondiscriminatory reasons.

## V.     Sixth Affirmative Defense.

Plaintiff moves to strike Defendant's sixth affirmative defense, which alleges that "[t]he injuries and damages alleged, to the extent they exist, must be barred or reduced because the Plaintiff failed to mitigate such alleged damages." [Doc. 40 at 22]. Plaintiff contends that this defense lacks supporting facts and fails to provide Plaintiff with fair notice. [*Id.*at 11-12].

An employee's failure to mitigate damages in a Title VII retaliation case is an affirmative defense to an award of back pay. *See Rahn v. Junction City Foundry, Inc*., 161 F. Supp. 2d 1219, 1241 (D. Kan. 2001) (citing *United Int'l Holdings, Inc. v. The Wharf, Ltd*., 210 F.3d 1207 (10th Cir. 2000)). Here, the Plaintiff should be well aware of any actions he took or did not take to mitigate his damages thereby eliminating any concern regarding the sufficient factual matter of this affirmative defense. Therefore, the Court concludes that the USDA's sixth affirmative defense is adequately pled, complies with Rule 8(b)(1)(A), and provides Plaintiff with fair notice. Accordingly, the Court denies Plaintiff's Motion to Strike the USDA's sixth affirmative defense.

## VI.    Ninth Affirmative Defense.

Plaintiff moves to strike the USDA's ninth affirmative defense, which alleges as follows:

IX.  Plaintiff has failed to state a cause of action to the extent that he failed to timely exhaust his administrative claims in this action and to the extent that the allegations in the complaint are outside the scope of his administrative claims.

[Doc. 40 at 22].  Plaintiff maintains that this allegation fails to provide him with fair notice of the USDA's defense.  [*Id.* at 13-14].  Plaintiff also argues generally that the USDA's alleged affirmative defenses are not affirmative at all.  [*Id.* at 2].

While other circuit courts have held that the failure to exhaust administrative remedies in Title VII actions is an affirmative defense,[7] our Tenth Circuit holds that exhaustion of administrative remedies is a jurisdictional prerequisite for Title VII claims.  *See Shikles v. Sprint/United Mgmt. Co.*, 426 F.3d 1304, 1317 (10th Cir. 2005); *see also Martinez v. Target Corp.*, 384 Fed. Appx. 840, 845 (10th Cir. 2010) (unpublished decision) (reaffirming the distinction in the Tenth Circuit between "the timely filing of a charge with the EEOC, which is not jurisdictional, and the failure to file such a charge at all, which is jurisdictional").  Accordingly, in this Circuit, exhaustion of administrative remedies it is a requirement that a plaintiff must "plead and show" to avoid dismissal.  *Patillo v. Larned State Hosp.*, No. 11-3184, 2012 WL 256023, at *2 (10th Cir. Jan. 30, 2012) (unpublished decision) (quoting *Cudjoe v. Indep. Sch. Dist. No. 12*, 297 F.3d 1058, 1063 (10th Cir. 2002)); *Pretlow v. Garrison*, 420 Fed.Appx. 798, 802 (10th Cir. 2011) (unpublished decision) ("[A]n employment-discrimination plaintiff must plead and show exhaustion." (internal quotation marks and citations omitted)).

---

[7]  *See Slingland v. Donahoe*, No. 12-4102, 542 Fed. Appx. 189, 191 (3d Cir. Sept. 12, 2013); *Lockett v. Potter*, No. 06-4373, 2008 WL 111023, at *2 (6th Cir. Jan. 9, 2008); *Laouini v. CLM Freight Lines, Inc.*, 586 F.3d 473, 475 (7th Cir. 2009); *Miles v. Bellfontaine Habilitation Ctr.*, 481 F.3d 1106, 1107 (8th Cir. 2007); *Moore v. D.C.*, No. 10-7034, 2011 WL 5514057, at *2 (D.C. Cir. Oct. 27, 2011).

Here, Plaintiff has pled exhaustion of his administrative remedies and the USDA has asserted its denials to Plaintiff's allegations in that regard in its answer. [Doc. 6 at 3-4, ¶¶ 7, 8, 12, 14, 15; Doc. 40 at 3-4, ¶¶ 7, 8, 12, 14, 15]. In order to avoid dismissal for lack of subject matter jurisdiction, the burden remains on Plaintiff to demonstrate that he has exhausted his administrative remedies. Thus, the defense of failure to exhaust is not an affirmative defense. *Cf. Lane*, 272 F.R.D. at 598. Therefore, because the USDA's stated affirmative defense is in actuality a negative defense that rebuts the allegation by Plaintiff regarding exhaustion of administrative remedies, the Court concludes that the USDA's ninth affirmative defense is redundant. Accordingly, the Court strikes the defense to simplify and streamline the litigation pursuant to Rule 12(f).

## VII.   Eleventh Affirmative Defense.[8]

Plaintiff moves to strike the USDA's eleventh affirmative defense, which alleges as follows:

> XI.   Defendant Secretary USDA asserts that it may have additional affirmative defenses, which are not know to the Defendant Secretary USDA at this time, but which may be ascertained during discovery. Accordingly, Defendant Secretary USDA specifically preserves the right to assert any additional affirmative defenses as they become known during the course of litigation.

[*Id.* at 22]. "[A] reserved right to rely upon unpleaded defenses is simply not a defense of any kind, much less an affirmative one." *Palmer v. Oakland Farms, Inc.*, No. 5:10CV00029, 2010 WL 2605179, at *6 (W.D. Va. June 24, 2010); *Messick v. Patrol Helicopters, Inc.*, No. CV-07-039-BV-CSO, 2007 WL 2484957, *4 (D. Mont. Aug. 29, 2007) ("Courts strike reserved affirmative defenses because they do not actually assert a defense."); *see also Lane,* 272 F.R.D. at 601 (striking defendants' preservation of defenses because it is not an affirmative defense). If

---

[8]   The Court notes that the USDA skipped number ten in listing its affirmative defenses.

a new affirmative defense is revealed during the pretrial discovery process, Rule 15(a) permits the USDA to seek leave to amend its answer to assert the defense, and such leave will be liberally granted unless the amendment would somehow cause unfair prejudice.  *See* Fed. R. Civ. P. 15(a); *see also Frank v. U.S. West, Inc*., 3 F.3d 1357, 1365-66 (10th Cir. 1993).  Therefore, the Court concludes that the USDA's eleventh affirmative defense is immaterial and strikes the defense pursuant to Rule 12(f) to simplify and streamline the litigation.

## CONCLUSION

**IT IS THEREFORE HEREBY ORDERED** that Plaintiff's Combined Motion to Dismiss and Motion to Strike Portions of Defendant's Affirmative Defenses Pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(f), filed November 18, 2013 [Doc. 51], is **GRANTED IN PART AND DENIED IN PART** as follows:

(1) The Court strikes affirmative defenses two, three, five, seven, eight, nine, and eleven in full;

(2) The Court strikes from affirmative defense four the language "that were not pre-textual" but does not strike any other language in that defense; and

(3) The Court denies Plaintiff's motion to strike affirmative defenses one and six.

**IT IS SO ORDERED** this 30th day of September, 2014.

_____
M. CHRISTINA ARMIJO
CHIEF JUDGE, UNITED STATES DISTRICT COURT