IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MILOSLAV MULLER,

    Plaintiff,

vs.                                            Civ. No. 13-0431 MCA/SMV

TOM VILSACK, Secretary U.S. DEPARTMENT
OF AGRICULTURE, Agency; DANIEL M.
MANZANARES, in his individual capacity as
a former Executive Director of the New Mexico
Livestock Board; DR. DAVE FLY, in his
individual capacity as the New Mexico State
Veterinarian; DR. TIMOTHY J. HANOSH, in
his individual capacity as a former New Mexico
Deputy State Veterinarian; DR. STEVEN R.
ENGLAND, in his individual capacity as a Former
Veterinarian of the New Mexico Livestock Board;
STAFFING SOLUTIONS, Albuquerque, New
Mexico, business entity; and JOHN DOES NO. 1-10,
fictitious names of other persons who directly
participated in the planning or execution of the
relevant facts of violation of rights of Plaintiff,

    Defendants.

## MEMORANDUN OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff's Motion for Leave to File [Proposed] Surreply to Defendant Staffing Solutions' Reply Memorandum of Law in Support of Motion to Dismiss ("Motion for Leave to File Surreply"), filed November 6, 2013 [Doc. 45], Plaintiff's Motion to Strike Defendant Staffing Solutions' Memorandum of Law in Opposition to Plaintiff's Motion for Leave to File [Proposed] Surreply ("Motion to Strike"), filed December 9, 2013 [Doc. 55], and Defendant Staffing Solutions' Motion to Dismiss and Memorandum of Law in Support of Its Motion to Dismiss ("Motion to Dismiss"), filed September 26, 2013 [Doc 27].

1

The Court, having considered the submissions and the relevant law, and being otherwise fully advised in the premises, hereby **DENIES** the Motion for Leave to File Surreply, **DENIES** the Motion to Strike, and **GRANTS** the Motion to Dismiss.

## BACKGROUND

Plaintiff, proceeding *pro se*, filed a complaint on May 7, 2013, and an amended complaint on August 30, 2013. [Docs. 1, 6]. This is Plaintiff's third lawsuit in federal court alleging unlawful termination, retaliation, and defamation claims that arise out of Plaintiff's statutorily-protected activities of testifying before the Equal Employment Opportunity Commission ("EEOC").[1] In the lawsuit presently before the Court, Plaintiff has named as defendants the Secretary of the United States Department of Agriculture's ("USDA") Tom Vilsack as well as Staffing Solutions, a New Mexico business entity, and former Executive Director of the New Mexico Livestock Board Daniel M. Manzanares, New Mexico State Veterinarian Dr. Dave Fly, former New Mexico Deputy State Veterinarian Dr. Timothy J. Hanosh, and former Veterinarian of the New Mexico Livestock Board Dr. Steven R. England. Relevant to the motions at issue in this Memorandum Opinion and Order, however, are Plaintiff's claims against Staffing Solutions.

Plaintiff brings against Staffing Solutions statutory claims for retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII")[2] and the New Mexico Human Rights Act

---

[1] A description of Plaintiff's prior lawsuits is set forth in the Court's Memorandum Opinion and Order, filed on even date herewith, resolving Defendants' Daniel M. Manzanares, Dr. Dave Fly, Dr. Timothy J. Hanosh, and Dr. Steven R. England's Motion to Dismiss Plaintiff's Complaint and Supporting Brief [Doc. 23] and Plaintiff's Motion to Extend the Time for Service of Process [Doc. 46].

[2] 42 U.S.C. §§ 2000e *et seq.*

("NMHRA")[3] as well as common law claims for defamation in violation of "Section 30-11-1 NMSA."[4] Plaintiff alleges that while he was employed by the USDA as a Veterinary Medical Officer, Area Epidemiology Officer in Animal and Plant Inspection Services, [Doc. 6 at 4, ¶ 19], he testified in EEOC proceedings regarding fiscal fraud for benefits received by a fellow employee of the USDA and "criminal exposure of residents of Navajo Reservation to Scrapie prion."[5] [*Id.* at 6, ¶ 33; *id.* at 52, ¶ 318]. After this testimony, the USDA terminated Plaintiff's employment on August 26, 2008, based "on a single charge of 'Improper Conduct' supported by seventy [sic] Specifications, listed in [a] proposal letter dated June 13, 2008." [Doc. 6 at 6, ¶ 32]. Plaintiff's claims against Staffing Solutions are premised on specification number 71, which was based upon information contained in an affidavit prepared and signed by Jamie Wells, a USDA Program Records Manager. [*Id.* at 45-48, ¶¶ 275-93; Doc. 31 at 2]. In her affidavit, Wells affirmed that Pam White, a former employee of Staffing Solutions assigned to the USDA, reported that Plaintiff had approached her in December 2007 and made derogatory comments regarding his supervisor. [*Id.*]. Plaintiff claims that Wells' statements are not true and are "indicative of retaliatory pretext." [Doc. 6 at 48, ¶ 291]. Plaintiff alleges that the issuance of

---

[3] The NMHRA, N.M. Stat. Ann. § 28-1-1 *et seq.*, provides in pertinent part that it is an unlawful discriminatory practice for any person to "engage in any form of threats, reprisal or discrimination against any person who has opposed any unlawful discriminatory practice or has filed a complaint, testified or participated in any proceeding under the Human Rights Act[.]" *Id.* § 28-1-7(I)(2).

[4] Plaintiff cites to the criminal statute for libel. The Court, however, liberally construes Plaintiff's amended complaint based on his *pro se* status and concludes that Plaintiff intended to bring a tort claim for defamation against Staffing Solutions. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (explaining that when a plaintiff proceeds *pro se*, a district court must construe the plaintiff's pleadings liberally).

[5] A prion in the Scrapie form is an infectious agent composed of protein in a misfolded form. It is an infection agent similar to the infection known as "mad cow disease." http://en.wikipedia.org/wiki/Prion

specification 71 was done in "bad faith" and for the sole purpose of harming Plaintiff and "to get him fired in retaliation for his statutory [sic] protected EEO activities." [*Id.* at 48, ¶ 293].

On September 26, 2013, Staffing Solutions filed its Motion to Dismiss in lieu of an answer. [Doc. 27]. Staffing Solutions seeks dismissal with prejudice of all of Plaintiff's claims against it on the grounds that (1) the Court lacks subject matter jurisdiction over Plaintiff's retaliation claim under Title VII because Plaintiff has not exhausted his administrative remedies against Staffing Solutions before the EEOC; (2) the Court lacks subject matter jurisdiction over Plaintiff's relation claim under the NMHRA because Plaintiff has not exhausted his administrative remedies against it before the New Mexico Human Rights Division ("NMHRD"); (3) Plaintiff has failed to state a claim upon which relief can be granted under Title VII or the NMHRA because he has not alleged that Staffing Solutions was his employer; (4) Plaintiff has failed to state a claim for defamation because Plaintiff filed his defamation claim outside of the applicable statute of limitations; and (5) Plaintiff's has failed to serve Staffing Solutions properly. [Doc. 28].

On October 10, 2013, Plaintiff filed his response to the Motion to Dismiss. Eighteen days later, on Monday, October 28, 2013, Staffing Solutions filed its reply in support of its Motion to Dismiss. On November 6, 2013, Plaintiff filed his Motion for Leave to File Surreply [Doc. 45], and attached a proposed sur-reply. Plaintiff argues in his proposed sur-reply that the Court should disregard Staffing Solutions' reply in support of its Motion to Dismiss because the reply was untimely filed four days after the expiration of the fourteen-day deadline set forth in the Federal and Local Rules. Plaintiff further maintains that the Court should deny Staffing Solutions' Motion to Dismiss because that motion also was untimely filed.

On November 18, 2013, Staffing Solutions filed a response in opposition to Plaintiff's Motion For Leave to File Surreply. Thereafter, on December 9, 2013, Plaintiff filed his Motion to Strike [Doc. 55] Staffing Solutions' response to the Motion for Leave to File Surreply on the same ground that he advanced in his Motion for Leave to File Surreply—namely, that Staffing Solutions untimely filed its reply in support of its Motion to Dismiss.

## STANDARD[6]

### I.  Leave to File a Sur-Reply.

The Local Rules of Civil Procedure for the District of New Mexico provide that leave of court is required to file a sur-reply. *See* D.N.M.LR-Civ. 7.4(b). Courts generally do not grant a party leave to file a sur-reply unless the opposing party's reply brief includes new information that the responding party needs an opportunity to address. *See C.T. v. Liberal Sch. Dist.*, 562 F. Supp. 2d 1324, 1329 n.1 (D. Kan. 2008); *see also Plant Oil Powered Diesel Fuel Sys., Inc. v. ExxonMobil Corp.*, No. 11-CV-0103 JB/WPL, 2012 WL 1132527, at *15 (D.N.M. Mar. 22, 2012).

### II.  Dismissal Under Federal Rule of Civil Procedure 12(b)(1).

"Federal courts are courts of limited jurisdiction; they are empowered to hear only those cases authorized and defined in the Constitution which have been entrusted to them under a jurisdictional grant by Congress." *Henry v. Office of Thrift Supervision*, 43 F.3d 507, 511 (10th Cir. 1994) (citations omitted). The burden of establishing subject matter jurisdiction is on the

---

[6] Because the Court dismisses all of Plaintiff's claims against Staffing Solutions pursuant to Federal Rule of Civil Procedure 12(b)(6) and Section 1367(c)(3) of Title 28 of the United States Code, and because the Court does not address Staffing Solutions' requests for dismissal pursuant to Rules 12(b)(6) or 12(b)(5), the Court sets forth only the standards for dismissal under Rules 12(b)(1) and Section 1367(c)(3).

party asserting jurisdiction. *See Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).

Generally, Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction challenge jurisdiction either facially or factually. *See Holt v. U.S.*, 46 F.3d 1000, 1002-03 (10th Cir. 1995). "[A] facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true," *id.*, but must ignore conclusory allegations of jurisdiction, *see Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). In contrast, if a party asserts a factual challenge to a complaint's allegations as to subject matter jurisdiction,

> [the] party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1).

*Holt*, 46 F.3d at 1002-03 (internal citations omitted).

### III.   Dismissal Under 28 U.S.C. Section 1367(c)(3).

Section 1367(a) of Title 28 of the United States Code "grant[s] statutory authority to district courts to hear claims that form 'part of the same case or controversy' as the claims on which original federal jurisdiction is based." *Estate of Harshman v. Jackson Hole Mountain Resort Corp.*, 379 F.3d 1161, 1165 (10th Cir. 2004) (quoting 28 U.S.C. § 1367(a)). Section 1367(c)(3) authorizes district courts to decline to exercise supplemental jurisdiction over a state law claim if, among other reasons, "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); *see also Estate of Harshman*, 379 F.3d at 1165 (citation omitted). Supplemental jurisdiction is not a matter of the litigants' right, but of judicial

discretion.  *See id.* (citing *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 173 (1997)).

## IV.     *Pro Se* **Pleadings.**

A district court must construe a *pro se* plaintiff's pleadings liberally and hold the pleadings to a less stringent standard than formal pleadings drafted by lawyers.  *See McBride v. Deer*, 240 F.3d 1287, 1290 (10th Cir. 2001).  While a district court may make some allowances if a *pro se* plaintiff fails to cite proper legal authority, confuses various legal theories, uses poor syntax and sentence construction, and is unfamiliar with pleading requirements, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005); *see also U.S. v. Porath*, No. 13-2131, 2014 WL 308821, at *1 (10th Cir. Jan. 29, 2014) (citing *U.S. v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009)).  Moreover, *pro se* parties must follow the same rules of procedure that govern other litigants.  *See Garett*, 425 F.3d at 840.

## DISCUSSION

### I.     **Plaintiff's Motion for Leave to File Surreply.**

In his Motion for Leave to File Surreply, Plaintiff contends that Staffing Solutions untimely filed its reply in support of its Motion to Dismiss, and that this alleged violation of the Court's rules entitles Plaintiff to file a sur-reply in opposition to the Motion to Dismiss.  The Court is not persuaded for two reasons.

First, an untimely-filed reply brief is not a sufficient ground to compel this Court to grant leave to file a sur-reply.  Courts generally do not grant a party leave to file a sur-reply unless the opposing party's reply brief includes new information that the responding party needs an opportunity to address.  *See C.T.*, 562 F. Supp. 2d at 1329 n.1 (explaining that "[a] surreply will

not be allowed unless the reply of the party filing the initial motion contain[s] new information which the responding party needs an opportunity to address") (citation omitted); *see also Plant Oil Powered Diesel Fuel Sys.*, 2012 WL 1132527, at *15 (granting leave to file a sur-reply where a party raised new arguments in a reply because of the "inequity of a court considering arguments . . . raised for the first time in a reply") (internal quotation marks and citation omitted). Here, Plaintiff has identified no new information or arguments that Staffing Solutions included in its reply brief. Thus, the Court denies Plaintiff's Motion for Leave to File Surreply for this reason.

The Court, however, also denies the Motion for Leave to File Surreply on the ground that Plaintiff's sole argument in support of his motion lacks merit. Plaintiff maintains that a sur-reply is warranted because Staffing Solutions untimely filed its reply in support of its Motion to Dismiss four days outside of the fourteen-day deadline set forth in the Federal and Local Rules. The Court disagrees.

Plaintiff electronically filed his response to the Motion to Dismiss pursuant to Federal Rule 5(b)(2)(E) on Thursday, October 10, 2013. *See* Fed. R. Civ. P. 5(b)(2)(E); Fed. R. Civ. P. 5(a)(1)(d); D.N.M.LR-Civ. 7.1(b). Eighteen days later, on Monday, October 28, 2013, Staffing Solutions filed its reply in support of its Motion to Dismiss. Staffing Solutions contends, and the Court agrees, that Federal Rule of Civil Procedure 6(d) granted Staffing Solutions three extra days for service, and that, because this three days expired on a Sunday, Rule 6(a)(1)(C) authorized Staffing Solutions to file its reply one day later on Monday, October 28, 2013.

Plaintiff argues, however, that the three-day extension contained in Federal Rule 6(d) does not apply because Staffing Solutions did not indicate that it did not receive Plaintiff's response. [Doc. 55 at 5]. Plaintiff acknowledges that Rule 6(d) contemplates an additional three

8

days to file a reply when a party serves a response electronically pursuant to Rule 5(b)(2)(E), *see* Fed. Rule Civ. P. 6(d) ("[w]hen . . . service is made under Rule 5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire"), but nonetheless argues that Rule 5(b)(2)(E) itself contains an exception that deprives a party of this three-day extension when the party to whom electronic service is made does not argue that it did not receive the response. [Doc. 55 at 5]. Plaintiff seemingly relies upon language in Rule 5(b)(2)(E) that authorizes service by electronic means but which provides that electronic service "is not effective if the serving party *learns that it did not reach the person to be served*." Fed. R. Civ. P. 5(b)(2)(E) (emphasis added).

The Court holds that Rule 6(d)'s grant of an additional three days to reply does not hinge upon the provisionary language in Rule 5(b)(2)(E). First, the proviso in Rule 5(b)(2)(E) indicates only that electronic service which complies with the rule will not be deemed effective if the serving party learns that the party to whom service is made did not receive the service. In the event this were to occur, however, the party attempting service would have failed to effect service and therefore would have violated Federal Rule of Civil Procedure 5(a)(1)(D) and Local Rule 7.1(b), which together provide that a motion and any supporting or opposing briefing must be served on the opposing party. *See* Fed. R. Civ. P. 5(a)(1)(D); D.N.M.LR-Civ. 7.1(b). Accordingly, under this hypothetical, the electronic service would not be effective and the party upon whom service was attempted (but not effectively made) would be under no obligation to file a reply. *See* D.N.M.LR-Civ. 7.4(a) ("A reply must be served and filed within fourteen (14) calendar days *after service of the response.*") (emphasis added). Thus, the question whether a party who was not effectively served with a response, electronically or otherwise, is entitled to an additional three days to reply to the (unserved) response would not be ripe for consideration.

Second, the language in Rule 5(b)(2)(E) upon which Plaintiff presumably relies is of no consequence here because the proviso applies only if the "serving party learns that [the electronic service] did *not* reach the person to be served."  Fed. R. Civ. P. 5(b)(2)(E) (emphasis added). Here, as Plaintiff concedes, Staffing Solutions did not indicate that it had not received the electronic service.  [Doc. 55 at 5].  Thus, the electronic service by Plaintiff under Rule 5(b)(2)(E) was complete upon transmission.  Accordingly, because Plaintiff served Staffing Solutions effectively pursuant to Rule 5(b)(2)(E), Rule 6(d) granted Staffing Solutions three additional days to reply to Plaintiff's response.

Based upon the foregoing analysis, the Court concludes that Staffing Solutions timely filed its reply brief.  Plaintiff served his response brief on Staffing Solutions on Thursday, October 10, 2013.  Staffing Solutions had fourteen days to reply.  *See* D.N.M.LR-Civ. 7.4(a). Although this fourteen days elapsed on Thursday, October 24, 2013, Rule 6(d) granted Staffing Solutions until Sunday, October 27, 2013, or three additional days, to respond.  Because October 27, 2013, fell on a Sunday, Rule 6(a)(1)(C) authorized Staffing Solutions to file its reply the next day on Monday, October 28, 2013.  Staffing Solutions, in compliance with these rules, filed its reply on October 28, 2013.  Thus, Staffing Solutions' reply brief was timely.

Plaintiff's sole argument in support of his Motion for Leave to File Surreply is that Staffing Solutions untimely filed its reply brief in support of its Motion to Dismiss.  Because the Court has held both that Staffing Solutions' reply was timely and that, even if it was untimely, an untimely-filed reply does not justify the filing of a sur-reply, the Court denies Plaintiff's Motion for Leave to File Surreply.

**II.     Plaintiff's Motion to Strike.**

In his Motion to Strike, Plaintiff asks the Court to strike Staffing Solutions' response in opposition to Plaintiff's Motion for Leave to File Surreply on the ground that Staffing Solutions untimely filed its reply in support of its Motion to Dismiss. The Court already has rejected this argument. *See supra* Discussion, § I. Accordingly, because Staffing Solutions' reply was timely filed, and because Plaintiff presents no additional argument that merits the striking of Staffing Solutions' response, the Court denies Plaintiff's Motion to Strike.

### III.     **Defendant Staffing Solutions' Motion to Dismiss.**

Defendant Staffing Solutions moves this Court to dismiss with prejudice all of Plaintiff's claims against it for the following reasons. First, Staffing Solutions seeks dismissal of Plaintiff's Title VII retaliation claim pursuant to Federal Rule of Civil Procedure 12(b)(1) on the ground that the Court lacks subject matter jurisdiction over the claim because Plaintiff did not exhaust his administrative remedies before the EEOC. Second, Staffing Solutions contends that the Court lacks subject matter jurisdiction over Plaintiff's NMHRA retaliation claim because Plaintiff has not exhausted his administrative remedies before the NMHRD. Third, Staffing Solutions maintains that the Court should dismiss Plaintiff's Title VII and NMHRA claims pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted because Plaintiff has not alleged that Staffing Solutions was his employer. Fourth, Staffing Solutions argues that the Court should dismiss Plaintiff's defamation claim pursuant to Rule 12(b)(6) for failure to state a claim for relief because Plaintiff filed the claim outside of the applicable statute of limitations. Fifth, Staffing Solutions contends that the Court should dismiss Plaintiff's claims against it pursuant to Federal Rule of Civil Procedure 12(b)(5) because Plaintiff failed to serve Staffing Solutions properly.

The Court agrees with Staffing Solutions' first argument and holds that the Court lacks subject matter jurisdiction over Plaintiff's Title VII claim against Staffing Solutions because Plaintiff has failed to exhaust his administrative remedies before the EEOC. As such, the Court dismisses Plaintiff's Title VII claim against Staffing Solutions without prejudice.[7] Furthermore, because the Court has dismissed the sole claim against Staffing Solutions over which it had original jurisdiction, the Court declines pursuant to 28 U.S.C. Section 1367(c)(3) to exercise its supplemental jurisdiction over Plaintiff's state law claims against Staffing Solutions and dismisses those claims without prejudice. Having the dismissed all of Plaintiff's claims on the foregoing grounds, the Court need not—and therefore does not—consider Staffing Solutions' remaining arguments in favor of dismissal.

A. **Plaintiff has Failed to Exhaust his Administrative Remedies Before the EEOC, and the Court Therefore Does Not Have Subject Matter Jurisdiction Over Plaintiff's Title VII Claim.**

The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *See Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).

---

[7] Although the Court dismisses Plaintiff's Title VII claim for lack of subject matter jurisdiction, the Court does not suggest that Plaintiff's Title VII claim would survive scrutiny pursuant to Federal Rule of Civil Procedure 12(b)(6). A complaint must contain enough allegations of fact, taken as true, "to state a claim of relief that is plausible on its face." *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (citing *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). Plaintiff's amended complaint, however, offers only a general allegation that "[t]he actions taken against Plaintiff by employees of Staffing Solutions were motivated by intent to retaliate against Plaintiff because of his statutory [sic] protected EEO activities." [Doc. 6 at 52-53, ¶ 322]. Moreover, to survive Rule 12(b)(6), Plaintiff was required to allege facts which, if true, demonstrate that Staffing Solutions was his employer. *See Lockard v. Pizza Hut, Inc*. 162 F.3d 1062, 1069 (10th Cir. 1998) ("In order to establish a prima facie case under Title VII, [the plaintiff] was required to prove, among other things, that Pizza Hut, Inc., was her employer."). In his amended complaint, however, Plaintiff affirmatively states that the USDA—not Staffing Solutions—was his employer at all relevant times. [Doc. 6 at 4, ¶ 19].

Accordingly, Plaintiff in this case bears the burden of establishing that this Court has subject matter jurisdiction to hear his claims.

> Plaintiff's alleges the following in his amended complaint:
>
> All of the necessary administrative prerequisites have been met prior to filing the instant action, as Plaintiff has filed timely complaint of discrimination and retaliation (APHIS 2008-00060) with his former employer, the United States Department of Agriculture . . . , and later with the U.S. Merit Systems Protection Boards . . . , and finally with the U.S. Equal Employment Opportunity Commission.

[Doc. 6 at 3, ¶ 7]. Other than this single assertion regarding Plaintiff's exhaustion of administrative remedies, Plaintiff's amended complaint and his response in opposition to the Motion to Dismiss are silent regarding his exhaustion of administrative remedies for his Title VII claim against Staffing Solutions. Given the bare bones of Plaintiff's allegations and the absence of evidence to the contrary, Staffing Solutions maintains that Plaintiff has failed to meet his burden of establishing that the Court has subject matter jurisdiction over his Title VII claim. The Court agrees.

Generally, a defendant bringing a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction may challenge jurisdiction facially or factually. *See Holt v. U.S.*, 46 F.3d 1000, 1002-03 (10th Cir. 1995). Here, Staffing Solutions' Rule 12(b)(1) Motion to Dismiss asserts both a facial and factual attack on this Court's subject matter jurisdiction.

In support of its facial attack on subject matter jurisdiction, Staffing Solutions argues that while Plaintiff "baldly alleges that he filed a charge with the EEOC," he fails to plead with sufficient particularity that he filed the charge against Staffing Solutions. [Doc. 28 at 4]. Staffing Solutions further argues that Plaintiff does not allege any facts in his amended complaint which would establish that he filed a charge with the EEOC against Staffing Solutions. [*Id*.]. In support of this factual attack, Staffing Solutions attaches to its Motion to Dismiss the declaration

of Nancy Hill[8] as affirmative evidence beyond the allegations of Plaintiff's amended complaint to support its claim that Plaintiff has not exhausted his administrative remedies. In her Declaration, Hill attests that "Staffing Solutions has never received notice that [Plaintiff] ever filed a charge of discrimination against it with either the EEOC or the NMHRD." [Declr. of Nancy Hill, Doc. 28-1 at ¶ 4]. In his response to Staffing Solutions' Motion to Dismiss, Plaintiff does not challenge either the facial or the factual attack regarding his failure to exhaust his administrative remedies against Staffing Solutions.

A plaintiff must administratively exhaust his or her Title VII claim before bringing the claim in federal court. *See Shikles v. Sprint/United Mgmt. Co.*, 426 F.3d 1304, 1317 (10th Cir. 2005) ("It is well-established that Title VII requires a plaintiff to exhaust his or her administrative remedies before filing suit.") (citing *Ingels v. Thiokol Corp.*, 42 F.3d 616, 624-25 (10th Cir. 1994); *Jones v. Runyon*, 91 F.3d 1398, 1399 (10th Cir. 1996)); *Martinez v. Target*, 384 Fed.Appx. 840, 845 (10th Cir. 2010) (unpublished decision) (reaffirming the distinction in the Tenth Circuit "between the timely filing of a charge with the EEOC, which is not jurisdictional, and the failure to file such a charge at all, which is jurisdictional"). "Exhaustion of administrative remedies is a 'jurisdictional prerequisite' to suit under Title VII." *Shikles*, 426 F.3d at 1317. Exhaustion of administrative remedies is a threshold requirement to bringing suit, and without it, the Court lacks subject matter jurisdiction over Plaintiff's Title VII claim against Staffing Solutions.

Here, Plaintiff has failed to meet his burden of demonstrating that this Court has subject matter jurisdiction to hear his Title VII claim. Plaintiff's vague and conclusory allegation that he

---

[8]   Nancy Hill is employed as a paralegal in the legal department of the parent company of Staffing Solutions and has knowledge regarding the legal affairs of the company related to employment claims, charges, and related actions. [Declr. of Nancy Hill, Doc. 28-1 at ¶ 2].

has met all of the necessary administrative prerequisites prior to filing the instant action, without more, is not sufficient to establish that he has exhausted his administrative remedies against Staffing Solutions. *See Campos v. Las Cruces Nursing Ctr.*, 828 F. Supp. 2d 1256, 1270-71 (D.N.M. 2011) (holding that the plaintiffs' allegations that they "timely filed charges of national origin discrimination with the Equal Employment Opportunity Commission and satisfied all administrative requirements for filing this suit" were "conclusory and d[id] not sufficiently demonstrate that [they had] met their obligation to exhaust their administrative remedies"). Moreover, although Plaintiff alleges that he received right-to-sue letters on certain EEOC complaints, he nonetheless fails to allege or produce evidence that his right-to-sue letters specifically reference exhausted charges against Staffing Solutions. [Doc. 6 at 3-4, ¶¶ 8, 12; Doc. 31].

The amended complaint is devoid of any non-conclusory allegations which specifically establish that Plaintiff exhausted his administrative remedies against Staffing Solutions. Even if, however, Plaintiff had included non-conclusory allegations, the Court nonetheless would grant Staffing Solutions' Rule 12(b)(1) motion because Staffing Solutions has mounted a factual attack on subject matter jurisdiction that Plaintiff has failed to rebut. Having been presented with facts which suggest that Plaintiff did not exhaust his administrative remedies against Staffing Solutions, the Court may no longer presume the truthfulness of the allegations in the amended complaint. *See Holt*, 46 F.3d at 1002-03. Indeed, once Staffing Solutions launched its factual attack, Plaintiff was required to present contrary evidence demonstrating that he in fact exhausted his administrative remedies against Staffing Solutions.

Plaintiff, however, failed to produce any evidence to dispute the Hill declaration attesting that Staffing Solutions did not receive notice that Plaintiff had filed any administrative EEOC or

NMHRD charge against it. Accordingly, because Plaintiff failed to sustain his burden of establishing that the Court has subject matter jurisdiction over his Title VII claim, the Court grants Staffing Solutions' Motion to Dismiss the claim.

### B. The Court Declines to Exercise Supplemental Jurisdiction Over Plaintiff's State Law Claims.

Plaintiff's remaining claims against Staffing Solutions are state law claims for unlawful retaliation in violation of the NMHRA and for defamation in violation of the New Mexico common law. Section 1367(c)(3) of Title 28 of the United States Code provides in relevant part that a district court may decline to exercise supplemental jurisdiction over state law claims if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); *see also Estate of Harshman v. Jackson Hole Mountain Resort Corp.*, 379 F.3d 1161, 1165 (10th Cir. 2004) (citing *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 173 (1997)). Because the Court has dismissed Plaintiff's Title VII claim, and this is the sole claim over which the Court had original jurisdiction, the Court exercises its discretion to decline to retain supplemental jurisdiction over Plaintiff's remaining state law statutory and common law claims. Accordingly, the Court dismisses these claims without prejudice pursuant to Section 1367(c)(3). [9]

### CONCLUSION

**IT IS THEREFORE HEREBY ORDERED** that *Plaintiff's Motion for Leave to File [Proposed] Surreply to Defendant Staffing Solutions' Reply Memorandum of Law in Support of Motion to Dismiss* [Doc. 45] is **DENIED**;

---

[9] Because the Court dismisses Plaintiff's state law claims pursuant to Section 1367(c)(3), the Court declines to consider Staffing Solutions remaining arguments seeking dismissal of these claims pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(5), and 12(b)(6).

**IT IS FURTHER ORDERED** that *Plaintiff's Motion to Strike Defendant Staffing Solutions' Memorandum of Law in Opposition to Plaintiff's Motion for Leave to File [Proposed] Surreply* [Doc. 55] is **DENIED**;

**IT IS FURTHER ORDERED** that *Defendant Staffing Solutions' Motion to Dismiss* [Doc. 27] is **GRANTED** and Plaintiff's Title VII, NMHRA and defamation claims against Staffing Solutions are **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED** this 30th day of September, 2014.

_____
M. CHRISTINA ARMIJO
CHIEF JUDGE, UNITED STATES DISTRICT COURT