IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MILOSLAV MULLER,

    Plaintiff,

vs.                                                                                                  Civ. No. 13-0431 MCA/KK

TOM VILSACK, Secretary U.S. DEPARTMENT OF
AGRICULTURE, Agency; DANIEL M. MANZANARES,
in his individual capacity as a former Executive Director
of the New Mexico Livestock Board; DR. DAVE FLY, in
his individual capacity as the New Mexico State Veterinarian;
DR. TIMOTHY J. HANOSH, in his individual capacity as a
former New Mexico Deputy State Veterinarian; DR. STEVEN
R. ENGLAND, in his individual capacity as a Former
Veterinarian of the New Mexico Livestock Board; STAFFING
SOLUTIONS, Albuquerque, New Mexico, business entity; and
JOHN DOES NO. 1-10, fictitious names of other persons who
directly participated in the planning or execution of the relevant
facts of violation of rights of Plaintiff,

    Defendants.

## MEMORANDUN OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff's Motion to Reconsider Order Overruling Plaintiff's Objections and Striking Documents ("Motion to Reconsider"), filed April 10, 2014 [Doc. 115], and Plaintiff's Motion for Leave to File [Proposed] Request for Judicial Notice with Less than Fifty Pages of Exhibits ("Motion for Judicial Notice"), filed May 7, 2014 [Doc. 123]. The Court, having considered the motions and the relevant law, and being otherwise fully advised in the premises, hereby **DENIES** the motions.

## BACKGROUND

Plaintiff, proceeding *pro se*, filed a complaint on May 7, 2013, and an amended complaint on August 30, 2013, alleging retaliation in violation of Title VII of the Civil Rights

1

Act of 1964 and the New Mexico Human Rights Act as well as defamation in violation of New Mexico Statutes Annotated Section 30-11-1 NMSA. [Docs. 1, 6]. These claims arise out of Plaintiff's termination of employment by the United States Department of Agriculture (USDA) and his statutorily-protected activities of testifying before the Equal Employment Opportunity Commission.

On September 25, 2013, Defendants Daniel M. Manzanares, Dr. Dave Fly, Dr. Timothy J. Hanosh, and Dr. Steven R. England ("State Defendants") filed their Motion to Dismiss Plaintiff's Complaint and Supporting Brief [Doc. 23], and on September 26, 2013, Defendant Staffing Solutions filed its Motion to Dismiss [Doc. 27]. On January 28, 2014, Magistrate Judge Alan C. Torgerson stayed discovery pending the Court's ruling on these motions to dismiss and pending its ruling on a soon-to-be filed motion to dismiss by Defendant USDA Secretary Tom Vilsack ("Vilsack").

On February 19, 2014, despite the stay on discovery entered by Magistrate Judge Torgerson, Plaintiff filed his Request for Judicial Notice in Support of Plaintiff's First Amended Complaint. [Doc. 68]. In his request, Plaintiff asked the Court to take judicial notice of voluminous exhibits, which Plaintiff argued were "relevant" to his amended complaint and which filed at docket number entries 69 through 91. [*Id.* at 1]. On February 20, 2014, Magistrate Judge Stephan M. Vidmar entered an order concluding that, pursuant to Federal Rule of Civil Procedure 8(a)(2), evidence should not be submitted in conjunction with the pleadings and that the evidence Plaintiff sought to be judicially noticed was not relevant to the motions to dismiss. [Doc. 92]. Magistrate Judge Vidmar therefore denied Plaintiff's request for judicial notice and struck the documents Plaintiff filed. [*Id.*].

On February 24, 2014, Plaintiff filed objections to Magistrate Judge Vidmar's order in a document entitled "Motion in Opposition to Magistrate Judge's Order Denying Plaintiff's Request for Judicial Notice and Striking Documents[]," [Doc. 93], and he refiled the documents Magistrate Judge Vidmar struck without leave of court [Docs. 94-109].  In his objections, Plaintiff argued that Magistrate Judge Vidmar's order "was made in plain error prejudicial to Plaintiff," that it was "based on clearly erroneous interpretation of facts and interpretation of the outcome of a Rule 16 Initial Scheduling Conference," and that "it wrongfully denie[d] the Plaintiff's substantive due process rights."  [Doc. 93].  Plaintiff also contended that Magistrate Judge Vidmar erred in entering the order because Plaintiff had notified Defendants and the Court in the Joint Status Report that he planned to file a request for judicial notice.  [*Id.* at 3].  Plaintiff further maintained that his agreement to stay discovery—rather than the case in its entirety—pending resolution of the motions to dismiss did not divest him of his right to file a request for judicial notice.  [*Id.* at 2-3].

On March 31, 2014, the Court entered an order overruling Plaintiff's objections to Magistrate Judge Vidmar's February 24, 2014, order, denying Plaintiff's request for judicial notice, and striking the documents Plaintiff filed at docket numbers 94 through 112.  [Doc. 114]. The Court further ordered that "**Plaintiff is admonished that he may not file these documents again without permission from the Court.  He shall follow all rules of procedure, or he may face sanctions, up to and including dismissal of his case**."  [*Id.* at 3].

Plaintiff filed his Motion to Reconsider on April 10, 2014, asking the Court to reconsider its March 31, 2014 Order.  [Doc. 115].  Plaintiff also filed his Motion for Judicial Notice asking the Court yet again to take judicial notice of the documents the Court declined to take judicial notice of in its March 31, 2014, order.  [Doc. 123].

On April 17, 2014, Defendant Vilsack filed the USDA's Motion for Dismissal of Counts I and IV of Plaintiff's Amended Complaint [Doc. 116].  On September 30, 2014, the Court entered orders resolving the State Defendants' and Staffing Solutions' motions to dismiss. [Docs. 135, 137].

## **STANDARD**

I.   Motion to Reconsider.

The Federal Rules of Civil Procedure do not expressly recognize a motion for reconsideration. *See In re Thornburg Mortgage, Inc. Secs. Litig.*, No. 07-85, 2011 WL 2429189, \*19 (D.N.M. June 2, 2011), *aff'd sub nom. Slater v. A.G. Edwards & Sons, Inc.*, 719 F.3d 1190 (10th Cir. 2013).  When a party seeks to obtain reconsideration of a non-final order, the motion is considered "an interlocutory motion invoking the district court's general discretionary authority to review and revise interlocutory rulings prior to entry of final judgment." *Wagoner v. Wagoner*, 938 F.2d 1120, 1122 n.1 (10th Cir. 1991).  Although a district court has "considerable discretion" to revisit its prior decisions, *see Thornburg Mortgage*, 2011 WL 2429189, at \*19, "as a rule [a court] should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (citation omitted).  A motion for reconsideration is an "inappropriate vehicle [] to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *see also Fye v. Okla.*, 516 F.3d 1217, 1224 (10th Cir. 2008) (holding that the district court did not abuse its discretion in denying a motion for reconsideration on basis that "considerations of fairness and judicial economy outweigh[ed] the

4

Plaintiffs' interest in getting a second (or third) bite at the summary judgment apple"); *Otero v. Nat'l Distrib. Co.*, 627 F. Supp. 2d 1232, 1237 (D.N.M. 2009) (explaining that a motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple"). Rather, "[g]rounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Paraclete*, 204 F.3d at 1012.

II.  Judicial Notice.

Federal Rule of Evidence 201 allows a court to, at any stage of the proceeding, take notice of "adjudicative" facts that fall into one of two categories: (i) facts that are "generally known within the territorial jurisdiction of the trial court"; and (ii) facts that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b), (f). "Adjudicative facts are simply the facts of the particular case." *U.S. v. Wolny*, 133 F.3d 758, 764 (10th Cir. 1998) (quoting Advisory Committee Notes to Rule 201). A court has discretion to take judicial notice of such facts, regardless whether requested. *See* Fed. R. Evid. 201(c). On the other hand, if a party requests that the court take judicial notice of certain facts and supplies the necessary information to the court, judicial notice is mandatory. *See* Fed. R. Evid. 201(d).

Judicial notice may be taken during any stage of the judicial proceeding, including on a motion to dismiss. *See* 21B Charles Alan Wright & Kenneth W. Graham, *Fed. Practice & Procedure* § 5110, at 294 & n.17 (2d ed. 2005). While, ordinarily, a motion to dismiss must be converted to a motion for summary judgment when the court considers matters outside the complaint, *see* Fed. R. Civ. P. 12(d), matters that are judicially noticeable do not have that

5

effect, *see Grynberg v. Koch Gateway Pipeline Co.*, 390 F.3d 1276, 1279 n.1 (10th Cir. 2004). "[F]acts subject to judicial notice [on a motion to dismiss] may only be considered to show their contents, not to prove the truth of matters asserted therein." *Tal v. Hogan*, 453 F.3d 1244, 1265 n.24 (10th Cir. 2006) (alterations omitted) (citations omitted) (internal quotation marks omitted), *cert. denied*, 549 U.S. 1209 (2007).

## DISCUSSION

I.   Motion to Reconsider  [Doc. 115]

In support of request that this Court reconsider its Order Overruling Plaintiff's Objections and Striking Documents [Doc. 115], Plaintiff contends that the Court erred on several grounds. First, Plaintiff maintains that the Court erred because it represented in its order that the case is stayed when only discovery is stayed. [Doc. 115 at 2]. Second, Plaintiff argues that the Court's March 31, 2014, order "negatively affects the outcome of this case by improperly suppressing admissible material evidence of the record that is in favor of Plaintiff and against Defendants," and that the order "is prejudicial to Plaintiff by adversely affecting his substantial rights." [*Id.*]. Finally, Plaintiff contends that the Court's order misapplied the District of New Mexico's Local Rules 7.4(b) and 10.5, as well as Federal Rule of Evidence 201.

The Court declines to reconsider its March 31, 2014, order denying Plaintiff's Motion in Opposition to Magistrate Judge's Order Denying Plaintiff's Request for Judicial Notice and Striking Documents [Doc. 92] and striking docket entries 94 through 112. [Doc. 114]. As noted above, motion to reconsider is an "inappropriate vehicle [] to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *see Fye v. Okla.*, 516 F.3d 1217, 1224 (10th Cir. 2008).

Rather, "[g]rounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Paraclete*, 204 F.3d at 1012. As discussed below, none of those grounds is present here.

Plaintiff filed his Motion to Reconsider on April 10, 2014, and therein advances several of the same arguments he previously presented to the Court (*e.g.*, that Magistrate Judge Vidmar improperly construed Federal Rule of Civil Procedure 8, [Doc. 115 at 3; Doc. 93 at 5]; that the evidence is relevant to the complaint, [Doc. 115 at 5; Doc. 93 at 5]). Because a motion to reconsider is an "inappropriate vehicle" to raise previously-addressed issues, the Court declines to reconsider its March 31, 2014, order on the basis of arguments the Court already has considered and rejected.

The Court also declines to reconsider its March 31, 2014, order on the basis of the new arguments advanced by Plaintiff. Plaintiff advocates reconsideration of the Court's order on the ground that (1) the Court's order is prejudicial and suppresses admissible evidence which adversely affects Plaintiff's substantive rights, (2) the Court committed error when it held that Plaintiff's requested relief violates the District of New Mexico's Local Civil Rules 7.4(b) and 10.5, and (3) the Court erroneously indicated in its order that Magistrate Judge Alan C. Torgerson "stayed the case" when he only stayed discovery. The Court does not believe that reconsideration is necessary to prevent clear error or manifest injustice for any of these reasons.

Although Plaintiff deems prejudicial the Court's refusal to take judicial notice of the documents while a stay of discovery is in place, the Court is not persuaded that its March 31, 2014, order denying Plaintiff's request for judicial notice adversely impacts Plaintiff. Magistrate Judge Torgerson entered a stay of discovery pending this Court's resolution of the motions to

7

dismiss. Plaintiff has not established that the documents of which he asks the Court to take judicial notice are relevant to the issues pending in the motions to dismiss. Both Magistrate Judge Vidmar and this Court declined to take judicial notice of the adjudicative facts because discovery is stayed and because both Magistrate Judge Vidmar and this Court held that the facts are not relevant to the motions to dismiss. [Docs. 92, 114]. Nothing has changed. The matters sought to be judicially noticed are not relevant to the motions to dismiss, and the Court's refusal to take judicial notice of the documents while a temporary stay of discovery is in place does not prejudice Plaintiff or constitute clear error. The Court declines to reconsider its March 31, 2014, order on this ground.

Likewise, the Court will not reconsider its March 31, 2014, order on the ground that the order erroneously suggests that Plaintiff's request for judicial notice violates Local Rules 7.4(b) and 10.5. Plaintiff challenges the Court's order on the ground that it relies upon the Local Rules to deny Plaintiff's request for judicial notice. More specifically, in its March 31, 2014, order, the Court denied Plaintiff's motion seeking judicial notice not only on the substantive ground that the documents Plaintiff sought to admit were not relevant to the pending motions to dismiss but also on the procedural ground that the documents should be struck because Plaintiff violated Local Rule 7.4(b), which requires leave of court to file a sur-reply, and Local Rule 10.5, which limits the number of exhibits a party may attach to a motion or supporting memoranda. [Doc. 114 at 3]. Plaintiff argues, correctly, that Local Rule 7.4(b) applies only to sur-replies, that Local Rule 10.5 applies only to motions, responses, and replies, and that neither rule applies to a request for judicial notice under Federal Rule of Evidence 201. To the contrary, Rule 201(c)(2) explicitly provides that a court "must" take judicial notice of an adjudicative fact if a party

requests it and supplies the Court with the "necessary information," Fed. R. Evid. 201(c)(2), and does not contain any limitation such as those contained in Local Rules 7.4(b) or 10.5.

Nonetheless, the Court holds that even though Local Rules 7.4(b) and 10.5 are inapplicable to Plaintiff's request for judicial notice, the Court's March 31, 2014, order did not constitute clear error because the primary basis for the Court's order was that the documents Plaintiff sought to be judicially noticed were not relevant to the motions to dismiss. [Doc. 114 at 3]. Thus, the Court concludes that, because the facts Plaintiff seeks to admit are not relevant, the Court's refusal to take judicial notice of Plaintiff's documents, while the stay of discovery is in place, does not constitute clear error. Likewise, for the same reason, the Court holds that reconsideration is not necessary to prevent manifest injustice.

Finally, the Court is not persuaded to reconsider its March 31, 2014, order because the order improperly indicates that Magistrate Judge Torgerson stayed "the case" when Magistrate Judge Torgerson actually stayed only discovery. Plaintiff's argument of this ground lacks merit. The Court's failure to refer to the stay as one of discovery is not relevant or prejudicial to the merits of Plaintiff's motion. Plaintiff has not shown that the Court's analysis of the merits of the motions to dismiss implicates the facts Plaintiff seeks to admit through his request for judicial notice. Regardless of whether the Court characterized the limitation as a stay of the case or as a stay of discovery, the Court's choice of language does not impact Plaintiff detrimentally on the merits of his motions to dismiss. The Court will deny Plaintiff's Motion to Reconsider [Doc. 115].

II.     <u>Motion for Judicial Notice</u>

In his Motion Plaintiff requests that the Court take judicial notice of a subset of the documents that Magistrate Judge Vidmar in his February 20, 2014, order, and that this Court in its March 31, 2014, order, refused to judicially notice.

Plaintiff argues that Federal Rule of Evidence 201 allows a court at any stage of the proceeding to take judicial notice of "adjudicative" facts (*i.e.*, facts relevant to a particular case) that are "'generally known'" or that are "'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'" [Doc. 123 at 1 (quoting Fed. R. Evid. 201(b), (f))]. Plaintiff correctly contends that, while Rule 201(c) provides that a court "may" take judicial notice *sua sponte*, Rule 201(d) provides that, if a party requests that a court take judicial notice of an adjudicative fact and supplies the court with the "necessary information," judicial notice is mandatory. Fed. R. Evid. 201(c), (d). Plaintiff argues that there are three motions to dismiss pending before the Court (of which two the Court already has decided) and that the proposed exhibits he seeks to admit are relevant to the claims alleged in the amended complaint. [Doc. 123 at 2].

The Court previously held that the exhibits Plaintiff asks this Court to judicially notice are not relevant to the motions to dismiss. The documents are not relevant to the motions to dismiss and the Court declines to take judicial notice of the documents while a stay of discovery is in place. The Court will deny Plaintiff's Motion for Judicial Notice [Doc. 123].

## **CONCLUSION**

**IT THEREFORE IS ORDERED** that Plaintiff's Motion to Reconsider, captioned "Motion to Reconsider Order Overruling Plaintiff's Objections and Striking Documents," filed April 10, 2014 [Doc. 115], is **DENIED** and that Plaintiff's Motion for Judicial Notice, captioned

"Motion for Leave to File [Proposed] Request for Judicial Notice with Less than Fifty Pages of Exhibits," filed May 7, 2014 [Doc. 123], is hereby **DENIED**.

    **IT IS SO ORDERED** this 30th day of March, 2015.

                                      _____
                                      M. CHRISTINA ARMIJO
                                      CHIEF JUDGE, UNITED STATES DISTRICT COURT