IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MILOSLAV MULLER,

      Plaintiff,

vs.                                                  Civ. No. 13-0431 MCA/KK

TOM VILSACK, Secretary U.S. DEPARTMENT
OF AGRICULTURE, Agency, *et al.*,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant's Motion for Dismissal of Counts I and IV of Plaintiff's Amended Complaint [Doc. 116]. The Court, having considered the motion and the relevant law, and being otherwise fully advised in the premises, **GRANTS IN PART AND DENIES-IN-PART** the motion.

## BACKGROUND

Plaintiff Miloslav Muller ("Plaintiff"), proceeding *pro se*, filed a complaint on May 7, 2013, and an amended complaint on August 30, 2013, alleging retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.*, and the New Mexico Human Rights Act, N.M. Stat. Ann. §§ 28-1-1 *et seq.*, as well as defamation in violation of N.M. Stat. Ann. § 30-11-1. [Docs. 1, 6]. These claims arise out of Plaintiff's termination of employment by the United States Department of Agriculture ("USDA") and Plaintiff's statutorily-protected activities of testifying before the Equal Employment Opportunity Commission ("EEOC").

This is Plaintiff's second lawsuit in federal court against Tom Vilsack, Secretary of the United States Department of Agriculture ("Vilsack"), his third lawsuit against various state

1

defendants, and his first lawsuit against the New Mexico business entity Staffing Solutions arising out of his termination and statutorily-protected activities. Plaintiff originally brought suit against the state defendants, but not Vilsack, on May 20, 2009, in a case captioned *Muller v. Culbertson*, Civ. No. 09-500 JB/ACT (D.N.M.) ("*Muller I*"). On May 28, 2010, the court, United States District Judge Browning presiding, dismissed Plaintiff's federal claims with prejudice for failure to state a claim upon which relief could be granted because the named defendants were not his employer within the meaning of Title VII. [*Muller I*, Docs. 30, 31]. The Court thereafter declined to exercise supplemental jurisdiction over Plaintiff's state law claims for defamation. [*Id.*, Doc. 30].

On November 2, 2012, Plaintiff then filed a second lawsuit against the state defendants, and added claims against Vilsack, in a case captioned *Muller v. Vilsack et al.*, Civ. No. 12-1136 RB/LFG (D.N.M) ("*Muller II*"). In that lawsuit, United States Magistrate Judge Martinez entered an order to show cause why the Court should not dismiss the action due to Plaintiff's failure to serve the named defendants. [*Muller II*, Doc. 5]. Magistrate Judge Martinez ordered Plaintiff either to effect service or to provide a written explanation showing good cause why Plaintiff had failed to effect service. [*Id.*]. In response to the order to show cause, Plaintiff moved to withdraw his complaint stating in his motion that he was unable to locate some of the defendants. [*Id.*, Doc. 6]. On April 3, 2013, United States District Judge Brack granted Plaintiff's motion to withdraw his complaint and dismissed Plaintiff's lawsuit without prejudice. [*Id.*, Doc. 8].

On May 7, 2013, Plaintiff then filed this lawsuit presently before the Court ("*Muller III*"). Plaintiff's amended complaint alleges state law claims for violation of the New Mexico Human Rights Act and for defamation against Vilsack, the state defendants, and Staffing Solutions and

federal claims for violation of Title VII against Vilsack and Staffing Solutions.  On September 30, 2014, the Court entered orders dismissing Plaintiff's claims against the state defendants and Staffing Solutions either with prejudice or without prejudice.  [Docs. 135, 137].[1]

On April 17, 2014, Vilsack filed his motion to dismiss [Doc. 116], in which he asks the Court to dismiss Plaintiff's Title VII official capacity retaliation claims against him pursuant to Federal Rule of Civil Procedure 12(b)(6) on the ground that Plaintiff's claims are barred by the applicable statutes of limitations set forth in Title VII and the Civil Service Reform Act.  In response, Plaintiff asks the Court to deny the motion on the procedural ground that it is untimely and on the substantive ground that the doctrine of equitable tolling preserves his claims.

## STANDARD

Federal Rule of Civil Procedure 12(b)(6) authorizes a court to dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true."  *Mobley v. McCormick,* 40 F.3d 337, 340 (10th Cir. 1994).  A complaint's sufficiency is a question of law, and on a 12(b)(6) motion, a court must accept as true all well-pleaded factual allegations, view those allegations in the light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor.  *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (citation omitted), *cert. denied*, 558 U.S. 1148 (2010).

---

[1] In its order dismissing certain of the claims against the state defendants without prejudice, the Court granted Plaintiff fourteen days to file an amended complaint consistent with the limitations set forth in its order. [Doc. 135 at 20].  Plaintiff thereafter filed his Motion for Leave to File Second Amended Complaint, [Doc. 140], and a Second Amended Complaint contemporaneously therewith. [Doc. 141]  Plaintiff's Motion for Leave to File Second Amended Complaint is still pending before the Court.

A complaint need not set forth detailed factual allegations, yet a "pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

To survive a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff's complaint must contain sufficient facts which, if assumed to be true, state a claim to relief that is plausible on its face. *See Twombly*, 550 U.S. at 570; *Mink v. Knox*, 613 F.3d 995, 1000 (10th Cir. 2010).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  "Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complainant must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis omitted).  The Tenth Circuit has explained,

> "[P]lausibility" in this context must refer to the scope of the allegations in a complaint:  if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs "have not nudged their claims across the line from conceivable to plausible."  The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.

*Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570).

"Generally, the sufficiency of a complaint must rest on its contents alone." *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010).

> There are exceptions to this restriction on what the court can consider, but they are quite limited: (1) documents that the complaint incorporates by reference, (2) documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity, and (3) matters of which a court may take judicial notice . . .

*Id.* (internal quotation marks and citations omitted). "If a district court intends to rely on other evidence, it must convert the Rule 12(b)(6) motion to a motion for summary judgment, giving proper notice to the parties. *See* Fed. R. Civ .P. 12(d)." Id.

If a defendant files a post-answer Rule 12(b)(6) motion, a district court generally should treat the motion as a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). *See Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 n. 2 (10th Cir. 2002), *cert. denied*, 537 U.S. 1066 (2002). Federal Rule 12(h) provides that the defense of failure to state a claim upon which relief can be granted may be raised by motion under Rule 12(c). *See* Fed. R. Civ. P. 12(h)(2)(B).

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A Rule 12(c) motion for judgment on the pleadings is evaluated using "the standard of review applicable to a Rule 12(b)(6) motion to dismiss." *Corder v. Lewis Palmer Sch. Dist. No. 38*, 566 F.3d 1219, 1223 (10th Cir. 2009) (quoting *Nelson v. State Farm Mut. Auto. Ins. Co.*, 419 F.3d 1117, 1119 (10th Cir. 2005)), *cert. denied*, 558 U.S. 1048 (2009); *see also Brown v. Montoya*, 662 F.3d 1152, 1160 n.4 (10th Cir. 2011) (explaining that standards for evaluating Rule 12(b)(6) and Rule 12(c) motions are the same).

When a plaintiff proceeds *pro se*, a district court must construe the plaintiff's pleadings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *McBride v. Deer*, 240 F.3d 1287, 1290 (10th Cir. 2001). Liberal treatment, however, is not without limits. The Tenth Circuit "'has repeatedly insisted that *pro se* parties follow the same rules of procedure that govern other litigants.'" *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (quoting *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005)). Although *pro se* parties are entitled to have their arguments liberally construed, a district court should not assume the role of advocate. *See United States v. Porath*, 553 F. App'x 802, 803 (10th Cir. 2014) (citations omitted); *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) (citation omitted), *cert. denied*, 559 U.S. 955 (2010); *Garrett*, 425 F.3d at 840.

## DISCUSSION

As a preliminary matter, the Court addresses the issue of what documents it may consider in ruling on Defendant Vilsack's motion to dismiss. The Court will consider the EEOC's September 28, 2012, right-to-sue letter on complaint 60, because this letter is referenced in Plaintiff's complaint, central to Plaintiff's claim, and its authenticity is not in dispute. [*See* Doc. 117-3] The Court will also consider the filings on the docket in *Muller I* and *Muller II*, as well as the Merit Systems Protection Board's ("MSPB") Initial Decision and Final Order, because these documents are subject to judicial notice under Fed. R. Evid. 201. *See Gee*, 627 F.3d 1171 (taking judicial notice of court records), *citing St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir.1979) ("[I]t has been held that federal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at

issue."); *see also St. Louis Baptist Temple, Inc.*, 605 F.2d at 1172 (noting that the court may take judicial notice of public records). [*See* Docs. 117-1, 117-2, 117-4, 117-5, 117-6].

Turning to the merits of the motion to dismiss, the Court notes that Defendant Vilsack seeks dismissal of Plaintiff's official capacity Title VII retaliation claims pursuant to Federal Rule of Civil Procedure 12(b)(6) on the ground that Plaintiff cannot state a claim for relief because the claims are barred by the applicable statutes of limitations. Vilsack contends that Plaintiff failed to comply with the non-jurisdictional statutes of limitations set forth in Title VII and in the Civil Service Reform Act, which require a complainant, upon receipt of an EEOC right to sue letter, to file suit in federal court within the applicable statutorily-prescribed time limits. In response, Plaintiff first contends that Vilsack waived his right to move for dismissal pursuant to Rule 12(b)(6) because Vilsack filed his motion after he filed his answer and next argues that the doctrine of equitable tolling is applicable and preserves his claims.

The Court first addresses Plaintiff's procedural challenge to Vilsack's motion. Vilsack "admits that his motion to dismiss is technically mislabeled," but contends that this "technical defect is[] of no consequence because Rule 12(h)(2) permits this court to consider the defense as one raised pursuant to Rule 12(c), since the differences between Rules 12(b)(6) and 12(c) are purely formal," and because "a mislabeled Rule 12(b)(6) motion to dismiss submitted after an answer is filed is treated as a Rule 12(c) motion, since the standards for evaluating the motions are the same." [Doc. 126 at 2-3 (citations omitted)]. The Court agrees that Federal Rule of Civil Procedure 12(h), which provides that the defense of failure to state a claim upon which relief can be granted can be raised by motion pursuant to Rule 12(c), permits the Court to treat Vilsack's Rule 12(b)(6) motion to dismiss as a motion for judgment on the pleadings. *See* Fed. R. Civ. P. 12(h); *see also Nicks v. Brewer*, No. 10-CV-1220-JAR-JPO, 2010 WL 4868172, *2 (D. Kan.

7

Nov. 23, 2010) (acknowledging that a post-answer 12(b)(6) motion is impermissible but treating it as a Rule 12(c) motion because Rule 12(h)(2) permits consideration of the defense).  The Court further notes that Vilsack correctly contends that the standards for granting a Rule 12(b)(6) and Rule 12(c) are the same.  *See Jacobsen*, 287 F.3d at 941 n.2; *Brown*, 662 F.3d at 1160 n.4.  Thus, because Vilsack's mislabeling of his motion has no substantive import, the Court construes Vilsack's Rule 12(b)(6) motion to dismiss as a Rule 12(c) motion for judgment on the pleadings.

Having rejected Plaintiff's procedural challenge to Vilsack's motion, the Court next turns to the merits of Vilsack's motion for judgment on the pleadings.  Vilsack contends that the Court should dismiss Plaintiff's Title VII claims against him because they are barred by the non-jurisdictional statutes of limitations set forth in Title VII and the Civil Service Reform Act.

Plaintiff's Title VII claims against Vilsack are premised on the acts described in three formal complaints of discrimination that Plaintiff filed at different times.  [Doc. 6, ¶ 24].  These complaints are (1) EEO Complaint Number APHIS-2008-00060 (complaint "60"), [*id.*, ¶¶ 7, 8]; (2) EEO Complaint Number APHIS-2008-00783 (complaint "783"), [*id.*, ¶ 14]; and (3) EEO Complaint Number APHIS-2008-00027, [*id.*, ¶ 13].  Plaintiff alleges that he exhausted his administrative remedies for all three complaints.  [*Id.*, ¶¶ 7, 13, 15].  Vilsack's motion, however, challenges the timeliness of Plaintiff's Title VII claims arising out of the facts contained in two of the three complaints—namely, complaints 60 and 783.

Complaint 60 is governed by the Civil Service Reform Act, which provides that its 30-day statute of limitations for filing suit upon receipt of an EEOC right-to-sue letter supersedes the 90-day statute of limitations set forth in Title VII.[2]  The EEOC issued its right-to-sue letter,

---

[2] Complaint 60 falls within the purview of the Civil Service Reform Act, and is governed by the Act's 30-day statute of limitations, because the alleged acts upon which the complaint is based are appealable to the MSPB.  *See* 29 C.F.R. § 1614.302; *id.* § 1614.302(d)(1)(ii).  Because the

in which it concurred with the MSPB's decision and informed Plaintiff that he had a right to file a civil action within 30 days, on September 28, 2012.[3] [Doc. 117-3].  Although 30 days after the EEOC issued its September 28, 2012, right-to-sue letter on complaint 60 expired on October 28, 2012, courts in our Tenth Circuit regularly extend the statutory period five days to offset the delay due to mailing.  *See Witt v. Roadway Exp.*, 136 F.3d 1424, 1429-30 (10th Cir. 1998) (explaining that courts regularly apply a rebuttable presumption of receipt within five days on evidence that a properly addressed piece of mail is placed in the care of the postal service), *cert. denied*, 525 U.S. 881 (1998); *Brackens v. Domino's Pizza LLC*, No. 07-CV-01953-REB-MJW, 2008 WL 54922, *4 (D. Colo. Jan. 3, 2008) (applying a rebuttable presumption of receipt within five days and extending the 90-day statutory period by five days in recognition of that presumption).  Thus, Plaintiff had until November 2, 2012, to timely file suit.

Vilsack concedes for purposes of his motion only that Plaintiff timely filed *Muller II* on November 2, 2012, within the applicable 30-day limitations period.  Vilsack maintains, however, that Plaintiff's claims are now time barred because he moved for voluntary dismissal of his complaint in *Muller II*, and he thereafter failed to file *Muller III*, the lawsuit presently before the Court, within the applicable 30-day limitations period.

Plaintiff concedes that Vilsack's challenge to the timeliness of this complaint has "technical[]" merit.  [Doc. 121 at 6 ("While Secretary Vilsack might be correct on mere

---

alleged acts supporting complaint 783 are not appealable to the MSPB, complaint 783 is governed not by the Civil Service Reform Act's 30-day statute of limitations but instead by Title VII's 90-day statute of limitations.

[3] Plaintiff filed complaint 60 with the USDA on February 4, 2009, and on April 9, 2010, the USDA issued a final agency decision concluding that the USDA did not discriminate against Plaintiff. [Doc. 117-1]. Plaintiff appealed the USDA's decision to the MSPB, which affirmed the USDA's decision on July 26, 2011. [Doc. 117-2]. Plaintiff thereafter filed an appeal with the EEOC, and the EEOC issued its right-to-sue letter on September 28, 2012.

technicalities pertinent to Plaintiff's withdrawal of his November 2012 claim . . . .")]. The statute of limitations began to run on claims premised on the allegations in complaint 60 when Plaintiff received his right-to-sue letter from the EEOC on September 28, 2012. This 30-day limitations period expired on October 28, 2012, but, pursuant to Tenth Circuit law, the 30-day period was extended five days, until November 2, 2012, to account for receipt by mail. *See supra* at 8. November 2, 2012, is the date upon which the *Muller II* court granted Plaintiff's motion to dismiss his suit. Because voluntary dismissal of a lawsuit without prejudice leaves the parties in the same position as if the action had never been brought and the statute of limitations is not tolled during the pendency of the dismissed action, *see Brown v. Hartshorne Pub. Sch. Dist. # 1*, 926 F.2d 959, 961 (10th Cir. 1991), *abrogated on other grounds as stated in Keeler v. Cereal Food Processors*, 250 Fed. Appx. 857, 860-61 (10th Cir. 2007), the 30-day limitations period was not tolled during *Muller II*. Thus, the 30-day period expired on November 2, 2012, the very day upon which the *Muller II* court granted Plaintiff's motion to dismiss. Plaintiff, however, did not file *Muller III*, the lawsuit presently before this Court, until May 7, 2013. Because this filing occurred well outside the expiration of the 30-day limitations period set forth in the Civil Service Reform Act, which expired November 2, 2012, any claims in *Muller III* premised upon the allegations in complaint 60 are untimely.

      The Court next addresses whether Plaintiff's claims premised upon complaint 783 are time-barred. Complaint 783 was subject to Title VII's 90-day limitations period. *See supra* note 2. Plaintiff filed complaint 783 with the USDA in July 2008. [Doc. 117-4 at 3]. Plaintiff alleges that the USDA failed to issue any decision on this complaint and that he therefore was authorized to commence a civil action after 180 days from the date of filing of complaint 783. [Doc. 6, ¶¶ 15, 26 (citation omitted)]. Regulations governing Title VII provide in relevant part that "[a]

complainant who has filed an individual complaint . . . is authorized under title VII . . . to file a civil action in an appropriate United States District Court . . . [a]fter 180 days from the date of filing an individual . . . complaint if . . . [a] final action has not been taken." 29 C.F.R. § 1614.407(b).

Vilsack contends that the 90-day statute of limitations was "triggered no later than November 2, 2012, the day Plaintiff filed [*Muller II*], and expired no later than January 31, 2013," 90 days after Plaintiff filed *Muller II*. [*Id.*]. "Title VII requires that a plaintiff bring a judicial action within ninety days of receipt of a right-to-sue letter." *Hartshorne Pub. Sch. Dist. # 1*, 926 F.2d at 961; *see* 42 U.S.C. §§ 2000e–5(f)(1). However, in the present case, Plaintiff never received a right-to-sue letter from the EEOC. *Equal Employment Opportunity Comm'n v. W.H. Braum, Inc.*, 347 F.3d 1192 (10th Cir. 2003), is instructive on this point. In *W.H. Braum, Inc.*, the plaintiff never received a right-to-sue letter from the EEOC, but she filed suit in the federal district court after more than 180 days. Before the defendant filed any responsive pleadings, however, the plaintiff "dismissed the suit without prejudice." Id. at 1194. Thereafter, the EEOC filed suit against the defendant on behalf of the plaintiff. Id. The defendant moved to dismiss the EEOC's suit, claiming that it was time-barred. The Tenth Circuit Court of Appeals held that, "[b]ecause the EEOC filed suit on her behalf, [the plaintiff] never received a right-to-sue letter and she never refiled her ADA claim" and, therefore, "the ninety-day period is inapplicable in this case." *Id.* at 1200. Plaintiff's filing of the prior action did not affect the ninety-day time period:

> Where a case is voluntarily dismissed without prejudice, the dismissal "leaves the parties as though the action had never been brought." *Brown v. Hartshorne Public School Dist. No. 1*, 926 F.2d 959, 961 (10th Cir. 1991). Ms. Willis chose to defer to the EEOC, allowing the EEOC to sue on her behalf. Because Ms.

> Willis voluntarily dismissed her claim without prejudice, it is as
> though she never filed a federal ADA claim in the first place.

*Id.* at 1201. Therefore, the Court "reverse[d] the district court's holding that Ms. Willis' federal ADA claim was time-barred." *Id.*

Pursuant to *W.H. Baum, Inc.*, the Court concludes that Plaintiff's claims premised upon complaint 783 are not time-barred. First, Plaintiff never received a right-to-sue letter from the EEOC and, therefore, "the ninety-day period is inapplicable in this case." *Id.* at 1200. Second, the filing of the complaint in *Muller II* does not trigger the ninety-day period because that case was voluntarily dismissed without prejudice, leaving "the parties as though the action had never been brought." *Id.* at 1201 (quoting *Hartshorne Public School Dist. No. 1*, 926 F.2d at 961). Therefore, to the extent that Defendants move for judgment on the pleadings with respect to Plaintiff's Title VII claims premised on complaint 783, Defendants' motion will be denied.[4]

Plaintiff argues that even if his claims premised upon the allegations in complaint 60 are barred by the limitations period set forth in the Civil Service Reform Act, the Court nonetheless should preserve these claims by invoking the doctrine of equitable tolling. Our Tenth Circuit has held that equitable tolling applies only upon a showing of "active deception where, for example, the plaintiff has been actively misled or lulled into inaction by her past employer, state or federal agencies, or the courts." *Simons v. S.W. Petro-Chem, Inc.*, 28 F.3d 1029, 1031 (10th Cir. 1994) (internal quotation marks and citation omitted). A district court's decision whether to toll the statute of limitations equitably is subject to abuse of discretion review by our Tenth Circuit. *See*

---

[4] The Court notes that it has subject matter jurisdiction over Plaintiff's Title VII claims premised on complaint 783, even though "a right-to-sue letter was not actually received." *W.H. Braum, Inc.*, 347 F.3d at 1200 (relying on *Perdue v. Roy Stone Transfer Corp.*, 690 F.2d 1091, 1093 (4th Cir. 1982), which held that "'The Commission's failure actually to issue the notice cannot defeat the claimant's statutory right to sue in the district court, for '[a] Title VII claimant is not charged with the commission's failure to perform its statutory duties.'"").

*United States v. Clymore*, 245 F.3d 1195, 1198 (10th Cir. 2001); *Garrett v. Fleming*, 362 F.3d 692, 695 (10th Cir. 2004).

Plaintiff maintains that he was actively deceived and lulled into inaction by two orders issued in *Muller II*: (1) the order to show cause issued by Magistrate Judge Martinez pursuant to Federal Rule of Civil Procedure 4(m) requiring Plaintiff to show good cause for his failure to serve Vilsack and the state defendants within 120 days, [*Muller II*, Doc. 5], and (2) the order entered by Judge Brack granting Plaintiff's Motion to Withdraw Complaint Without Prejudice, [*id.*, Doc. 8].  Plaintiff filed his motion to withdraw his complaint in response to the order to show cause.  [*Id.*, Doc. 6].  Plaintiff's motion to withdraw indicates that he could not locate some of the named defendants and therefore could not serve them within 120 days.  [*Id.*].  Plaintiff's motion to withdraw specifically asks the court to dismiss his complaint without prejudice.  [*Id.*].

Plaintiff argues that the two orders entered in *Muller II* led him to believe that his voluntary dismissal of his complaint against Vilsack would be without prejudice, when, in fact, the dismissal was effectively with prejudice for complaint 60, which was subject to the Civil Service Reform Act's 30-day filing requirement.  This is because Plaintiff filed his lawsuit on November 2, 2012, which, as the Court previously has described, was the last day of the 30-day limitations period.  Thus, unless Plaintiff filed suit the same day Judge Brack dismissed his lawsuit, Plaintiff's claims arising out of complaint 60 were time barred at the end of the day of dismissal.

According to Vilsack, however, the *Muller II* orders did not actively deceive Plaintiff. Vilsack accurately points out that Magistrate Judge Martinez's order to show cause simply quotes Rule 4(m) "verbatim," informing Plaintiff that the rule provides, "If a defendant is not served within 120 days . . . the court . . . must dismiss the action without prejudice . . . or

13

order that service be made within a specific time," Fed. R. Civ. P. 4(m), and that the order also only requires Plaintiff to effect service or provide the Court with a written explanation showing good cause why service has not been made. [Doc. 126 at 4]. Vilsack reasons that the order did not invite Plaintiff to move for voluntary dismissal of his complaint and that Plaintiff's decision to dismiss was his own. [*Id.*].

Furthermore, the order entered by Judge Brack in *Muller II* simply concludes that Plaintiff's motion to withdraw his complaint is well taken and grants that motion. Specifically, Judge Brack's order provides, "THIS MATTER is before the Court on Plaintiff's Motion to Withdraw Complaint Without Prejudice. . . . Plaintiff seeks to withdraw the Complaint without prejudice because he has not served Defendants and 120 [days] have elapsed . . . . The Court finds that this motion is well taken and should be granted. THERFORE, IT IS ORDERED that this action is DISMISSED WITHOUT PREJUDICE." [*Muller II*, Doc. 8].

Vilsack's arguments are compelling. Both orders entered in *Muller II* accurately indicate that Plaintiff's lawsuit either would be or was being dismissed without prejudice. The act of dismissing a case without prejudice simply indicates that the plaintiff will not be barred *per se* from re-filing suit. It does not suggest that the plaintiff has a free pass to file suit, even if that suit falls outside of the applicable statute of limitations. Indeed, nothing in Magistrate Judge Martinez's order or Judge Brack's order gave Plaintiff cause to believe that he was excused from complying with the 30-day limitations period set forth in the Civil Service Reform Act. Thus, neither order meets the "actively misled" standard for equitably tolling a limitations period. *See Simons*, 28 F.3d at 1031.

The Court likewise declines to construe the orders as, although accurate on their face, nonetheless "lulling" Plaintiff into believing that he could re-file his lawsuit, when, at least as a

14

practical matter with respect to the claims arising out of complaint 60, he could not do so unless he re-filed on the day of dismissal. The orders entered by Judge Brack and Magistrate Judge Martinez are accurate and their meaning is plain. Neither Judge Brack nor Magistrate Judge Martinez were under any obligation created by court rules or case law to advise Plaintiff regarding the impact of voluntary dismissal without prejudice or the time limits Plaintiff had for filing his state law claims. Rather, they were proscribed from doing so. Although a district court must construe a *pro se* plaintiff's pleadings liberally, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *McBride v. Deer*, 240 F.3d 1287, 1290 (10th Cir. 2001), and a district court may make some allowances if a *pro se* plaintiff fails to cite proper legal authority, confuses various legal theories, uses poor syntax and sentence construction, and is unfamiliar with pleading requirements, *see Garett*, 425 F.3d at 840, liberal treatment is not without limits. Our Tenth Circuit "has repeatedly insisted that *pro se* parties follow the same rules of procedure that govern other litigants," *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (quoting *Garrett*, 425 F.3d at 840), and has cautioned that a district court should not assume the role of advocate, *see United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009), *cert. denied*, 559 U.S. 955 (2010); *Garrett*, 425 F.3d at 840. Thus, Judge Brack and Magistrate Judge Martinez were precluded from serving as Plaintiff's advocate and from advising him of the impact of his strategic decisions.

Plaintiff's *pro se* status does not relieve him of his obligation to abide by all statutory deadlines. Plaintiff, however, failed to do so. Because the orders entered in *Muller II* neither actively misled Plaintiff nor lulled him into inaction, the Court rejects Plaintiff's argument that tolling of the applicable limitations periods is appropriate.[5]

---

[5] The Court likewise is not persuaded by Plaintiff's unsupported contention that, even if he failed to comply with the limitations periods for bringing a Title VII claim, and equitable tolling does not apply, the Court nonetheless should deny Vilsack's motion because the amended

## CONCLUSION

The Court holds that Plaintiff's Title VII claims premised on complaint 60 are barred by the 30-day statute of limitations in the Civil Service Reform Act, but that Plaintiff's Title VII claims premised on complaint 783 are not barred by the 90-day statute of limitations in Title VII. Therefore, the Court will grant Defendants' motion to dismiss, which the Court construes as a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), to the extent that it seeks dismissal of Plaintiff's Title VII claims premised on complaint 60, but deny Defendants' motion to the extent that it seeks dismissal of Plaintiff's Title VII claims premised on complaint 783.

**IT THEREFORE IS ORDERED** that Defendant's Motion for Dismissal of Counts I and IV of Plaintiff's Amended Complaint [Doc. 116] is hereby **GRANTED IN PART AND DENIED IN PART**.

**IT IS SO ORDERED** this 30th day of March, 2015.

_____
M. CHRISTINA ARMIJO
CHIEF UNITED STATES DISTRICT JUDGE

---

complaint raises a matter of public concern. Plaintiff cites no authority providing an exception to Title VII's administrative exhaustion requirements for complaints raising matters of public concern and the Court finds none. Thus, the Court declines to deny the motion on this ground.