IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MILOSLAV MULLER,

    Plaintiff,

v.                                              Civ. No. 13-431 MCA/KK

TOM VILSACK *et al.*,

    Defendants.

**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE
MOTION FOR ORDER AUTHORIZING LIMITED JURISDICTIONAL DISCOVERY**

THIS MATTER comes before the Court on Plaintiff's Motion for Leave to File Motion for Order Authorizing Limited Jurisdictional Discovery[1] (Doc. 155), filed December 23, 2014. In this motion, Plaintiff seeks leave to take the following discovery, which he asserts is jurisdictional: interrogatories and requests for admission to, and the depositions of, Patricia Wolf, Staff Manager for the New Mexico Human Rights Bureau ("NMHRB"), and Jason Dean, her supervisor. The Court, having reviewed the parties' submissions and the relevant law, and being otherwise fully advised, FINDS that the motion is not well taken and should be DENIED.

**I. Factual Background and Procedural History**

This is Plaintiff's third federal lawsuit alleging wrongful termination, retaliation, and defamation arising out of Plaintiff's employment as a Veterinary Medical Officer with the United States Department of Agriculture ("USDA"). Plaintiff first filed suit on May 20, 2009 in *Muller v. Culbertson*, Civ. No. 09-500 JB/ACT (D.N.M.). The Court dismissed this case because it held that the named defendant was not Plaintiff's employer within the meaning of Title VII, and because it declined to exercise supplemental jurisdiction over Plaintiff's state law

---

[1] The parties have fully briefed the merits of Plaintiff's proposed motion for an order authorizing limited jurisdictional discovery, and the Court therefore finds it appropriate, and most efficient, to reach the proposed motion's merits in this decision.

claims. *Id.* (Docs. 31, 32). The Tenth Circuit affirmed that decision; and, the United States Supreme Court denied Plaintiff's petition for a writ of certiorari on October 3, 2011. *Id.* (Docs. 37, 38). Plaintiff filed his second suit on November 2, 2012, adding claims against three new defendants, in *Muller v. Vilsack*, Civ. No. 12-1136 RB/LFG (D.N.M.). On March 28, 2013, Plaintiff moved to withdraw this complaint because he was unable to serve some of the defendants. *Id.* (Doc. 6). The Court therefore dismissed this lawsuit without prejudice on April 3, 2013. *Id.* (Doc. 8).

Plaintiff filed the instant case on May 7, 2013, and on August 30, 2013 filed an amended complaint asserting claims against Defendants Vilsack, Manzanares, Fly, Hanosh, England, and Staffing Solutions based on Title VII of the Civil Rights Act of 1964 and the New Mexico Human Rights Act ("NMHRA"), as well as a defamation claim under state tort law. (Docs. 1, 6.) In his amended complaint, Plaintiff brought only state law claims against Defendants Manzanares, Fly, Hanosh, and England ("State Defendants"), who were at the relevant times employees of the New Mexico Livestock Board ("NMLB").[2] (Doc. 6 ¶ 21.) On September 25, 2013, the State Defendants moved to dismiss Plaintiff's claims against them, and the Court granted this motion on September 30, 2014. (Docs. 23, 135.) The Court held that the statute of limitations barred Plaintiff's state law defamation claims, which it dismissed with prejudice. (Doc. 135 at 19.) The Court further ruled that Plaintiff failed to allege that he had filed a charge of discrimination against the State Defendants with the NMHRB and that the NMHRB had issued a "right to sue or comparable document." (*Id.* at 11, 12.) The Court therefore dismissed

---

[2] It is unclear whether Plaintiff also meant to assert state law claims against Dr. Terry Beals, who was named in the original complaint in this case and who was also at all relevant times an employee of the NMLB. (Doc. 1.) Plaintiff did not name Dr. Beals in the caption of his first amended complaint, nor in any of its "causes of action." (Doc. 6 at 1, 52, 56). However, he did include in the amended complaint various factual allegations against Dr. Beals. (*See, e.g.*, Doc. 6 at 4, 36, 37.) The Court's reasoning herein is not affected by whether Dr. Beals is a party or not, so the Court need not resolve this question at this time.

Plaintiff's NMHRA claims against the State Defendants for failure to allege exhaustion of administrative remedies. (*Id.*) However, the Court dismissed these claims without prejudice, and gave Plaintiff fourteen days to move to amend his complaint to "alleg[e] facts necessary to establish that this Court has jurisdiction over Plaintiff's NMHRA claims against the State Defendants." (Doc. 135 at 20.)

Plaintiff filed a Second Amended Complaint on October 14, 2014, in which he alleged that he has filed three charges of discrimination, including a combined Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and the NMHRB on February 5, 2009. (Doc. 141 ¶ 8.) He further alleged that the EEOC issued a notice of right to sue pursuant to this charge, which he received on February 20, 2009, but that the NMHRB has failed and refused to issue an order of non-determination, despite Plaintiff's phone calls and written requests that it do so. (*Id.* ¶¶ 9-11.)

Plaintiff attached to a subsequent pleading[3] a letter in which Patricia Wolf, writing on behalf of the NMHRB on October 15, 2014, stated:

> I have received your request for an Order of Non-Determination for the above captioned complaint filed with the EEOC. You also provided a copy of the Charge of Discrimination and the Dismissal and Notice of Rights issued by the EEOC. Unfortunately I am unable to provide you with an Order of Non-Determination because there is no employee/employer relationship between you and the NM Livestock Board and[] therefore, your case is non-jurisdictional with the Human Rights Bureau. I regret that I am unable to help you at this time.

(Doc. 142-3 at 1.) Plaintiff has also submitted to the Court various written requests he has made to Ms. Wolf, her supervisor Mr. Dean, and Governor Susana Martinez to issue an order of non-determination, explaining why he believes that the NMHRB has jurisdiction to do so notwithstanding the lack of an employer/employee relationship between himself and the NMLB.

---

[3] The pleading in question is Plaintiff's Motion for Leave to File Motion for Stay [of] the Case. (Doc. 142.)

(Doc. 155 at 1-7.) On December 4, 2014, apparently in response to these requests and on behalf of the NMHRB, Mr. Dean wrote:

> I have reviewed all informational requests that you submitted to my staff manager, Ms. Patricia Wolf…. She is correct in her assessment that the agency cannot issue an order of non-determination because of lack of jurisdiction. Your complaint was filed with the EEOC and they determined it to be non-jurisdictional because no employer/employee relationship exist[ed]. HRB agrees with this assessment and therefore has no jurisdiction over your charge. I apologize I'm unable to offer you further assistance.

(Doc. 155-2 at 7.)

According to Plaintiff, Ms. Wolf's and Mr. Dean's refusal to issue an order of non-determination on behalf of the NMHRB is in error, because the NMHRA does not require an employer/employee relationship to support a charge of retaliation. (Doc. 155-1 at 1-7.) Plaintiff also argues that the NMHRB has jurisdiction over his charge of discrimination because the State Defendants caused his employer to fire him. (Doc. 155-2 at 2-3.) Plaintiff contends that Ms. Wolf and Mr. Dean "significant[ly] depart[ed]" from NMHRB policies in refusing to issue an order of non-determination in this case, that this departure is "indicative of retaliatory motive, in this case racially-motivated," and that "both officials might have a personal interest in the outcome of this case." (Doc. 159 at 5.)

In the motion presently before the Court, Plaintiff seeks leave to serve up to five (5) interrogatories and seven (7) requests for admission to Ms. Wolf and Mr. Dean, and to depose them if their responses to his written discovery requests are "insufficient." (Doc. 155-1 at 6.) Plaintiff wishes to ask Ms. Wolf and Mr. Dean why they did not follow the "controlling legal precedents" that he set forth in his correspondence with them, and to make them admit that they were required to follow these precedents. (*Id.*) Plaintiff believes that if Ms. Wolf and Mr. Dean

4

admit that they failed to follow the precedents he has identified, "they will have no other choice than . . . to issue the [o]rder [of non-determination]." (*Id.* at 7.)

In their response to Plaintiff's motion, the State Defendants argue that Plaintiff cannot serve interrogatories and requests for admission on Ms. Wolf and Mr. Dean because they are non-parties. (Doc. 156 at 4-5.) The State Defendants further argue that, even if Plaintiff were permitted to take the depositions he has requested, he would still be unable to obtain the order of non-determination he seeks, and thus, this Court would still lack jurisdiction over his NMHRA claims. (*Id.* at 5-7.) Finally, the State Defendants argue that Plaintiff may pursue other avenues of relief to compel the NMHRB to issue an order of non-determination, "such as filing a declaratory judgment action or a petition for a writ of mandamus." (*Id.*)

## II. Analysis

As an initial matter, "the discovery rules distinguish between parties to litigation and non-parties. Some rules permit discovery only from parties. Others permit discovery from non-parties, but impose additional burdens for obtaining such discovery." *Simon v. Taylor*, 2014 WL 6633917 at *20 (D.N.M. 2014) (quoting *Harco Nat'l Ins. Co. v. Sleegers Eng'g, Inc.*, 2014 WL 5421237 at *3 (E.D. Mich. 2014)). In the present matter, Plaintiff seeks the Court's leave to serve interrogatories and requests for admission on Ms. Wolf and Mr. Dean, and to depose them. Federal Rules of Civil Procedure 33 and 36 clearly indicate that interrogatories and requests for admission may only be served on parties. Fed. R. Civ. P. 33(a), 36(a)(1). Ms. Wolf and Mr. Dean are not parties to this action, and Plaintiff may not, therefore, serve interrogatories or requests for admission on them. To the extent that Plaintiff seeks leave to serve such discovery requests on Ms. Wolf and Mr. Dean, his motion is summarily denied.

Federal Rule of Civil Procedure 30, however, permits depositions of non-parties, and Plaintiff's request to depose Ms. Wolf and Mr. Dean therefore requires substantive analysis. Fed. R. Civ. P. 30(a)(1). Generally, when a defendant moves to dismiss a case for lack of jurisdiction, either party should be allowed to take discovery on factual issues the motion raises. *Bell Helicopter Textron, Inc. v. Heliqwest Int'l, Ltd.*, 385 F.3d 1291, 1298 (10th Cir. 2004); *Sizova v. Nat'l Inst. of Standards & Tech.*, 282 F.3d 1320, 1326 (10th Cir. 2002). "[T]he trial court, however, is vested with broad discretion" to manage jurisdictional discovery. *Bell Helicopter Textron, Inc.*, 385 F.3d at 1298-99.

> [A] refusal to grant discovery constitutes an abuse of discretion if the denial results in prejudice to a litigant. Prejudice is present where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary.

*Sizova*, 282 F.3d at 1326.

In *Sizova*, the Tenth Circuit held that the district court abused its discretion in denying jurisdictional discovery regarding whether the plaintiff timely exhausted her administrative remedies under Title VII, where there were "contested facts relevant to the exhaustion issue and the need for further factual development of th[at] issue[]." *Id.* at 1328; *see also Health Grades, Inc. v. Decatur Mem'l Hosp.*, 190 F. App'x 586, 589 (10th Cir. 2006)[4] (district court abused its discretion where it failed to explain its refusal to allow discovery regarding "missing jurisdictional component"). Conversely, the Tenth Circuit has held that the district court did *not* abuse its discretion in denying jurisdictional discovery where there was a "very low probability that the lack of discovery affected the outcome of th[e] case." *Bell Helicopter Textron, Inc.*, 385 F.3d at 1299; *see also, e.g.*, *Grynberg v. Ivanhoe Energy, Inc.*, 490 F. App'x 86, 105 (10th Cir. 2012) (district court did not abuse its discretion in denying jurisdictional discovery where, *inter*

---

[4] Unpublished decisions are not binding precedent in the Tenth Circuit, but may be cited for their persuasive value. *United States v. Austin*, 426 F.3d 1266, 1274 (10th Cir. 2005).

*alia*, "the requested discovery was largely irrelevant to the jurisdictional issues before the court"); *Dutcher v. Matheson*, 16 F. Supp. 3d 1327, 1339 (D. Utah 2014) (denying jurisdictional discovery where "discovery sought . . . would not impact the Court's decision in th[e] case and would be futile").

As discussed *supra*, the State Defendants in the present matter successfully moved to dismiss Plaintiff's NMHRA claims against them because Plaintiff failed to allege that he had filed a charge of discrimination against them with the NMHRB and received an appealable order regarding this charge. However, the Court allowed Plaintiff to seek leave to amend his complaint to allege "facts necessary to establish that this Court has jurisdiction over Plaintiff's NMHRA claims" against these Defendants. (Doc. 135 at 20.) It is in pursuit of such facts that Plaintiff now seeks leave to take jurisdictional discovery. As such, the law governing exhaustion of administrative remedies under the NMHRA informs the issue of what discovery, if any, would be relevant to the Court's jurisdiction in this case.

"The NMHRA is a comprehensive scheme enacted in 1969 for the primary purpose of providing administrative and judicial remedies for unlawful discrimination in the workplace." *Lobato v. State Env. Dep't*, 267 P.3d 65, 67 (N.M. 2011). Pursuant to a longstanding work-sharing agreement, "[c]omplaints filed with the [United States] EEOC are deemed properly filed with the [NMHRB]." *Rist v. Design Center at Floor Concepts*, 314 P.3d 681, 684 (N.M. App. 2013). However, "receiving a notice of right to sue from the EEOC does not satisfy the state law requirement of obtaining an order from the [NMHRB]." *Mitchell-Carr v. McLendon*, 980 P.2d 65, 69 (N.M. 1999). Rather, "[o]nce a person has elected to proceed with his or her complaint under state law, the NMHRA controls the grievance procedures for resolving that complaint." *Id.* at 70.

"After a complaint has been filed, the director of the [NMHRB] is required to advise the respondent of the complaint, promptly investigate the alleged act(s), and determine whether probable cause exists for the complaint." *Rist*, 314 P.3d at 685 (citing N.M. Stat. Ann. § 28-1-10(B)). The director must dismiss the complaint if he or she determines that the complaint lacks probable cause, or that the NMHRB does not have jurisdiction over it. N.M. Stat. Ann. § 28-1-10(B); N.M.A.C. § 9.1.1.8(G). If the director finds that probable cause exists, the director must attempt to achieve a resolution "through persuasion and conciliation." N.M. Stat. Ann. § 28-1-10(B), (C). Within a year, the director must dismiss the complaint, achieve a resolution of it, or "file a formal complaint on behalf of the [New Mexico Human Rights] commission." N.M. Stat. Ann. § 28-1-10(G).

> A complainant may request and shall receive an order of nondetermination from the director without delay after the division's receipt of the complaint and in jointly filed cases, after the federal complaint has been closed. The order of nondetermination may be appealed pursuant to the provisions of Section 28-1-13.

N.M. Stat. Ann. § 28-1-10(D). Likewise, an order dismissing a complaint for lack of probable cause "shall be . . . subject to appeal as in the case of other orders of the commission." N.M. Stat. Ann. § 28-1-10(B). Once a complainant receives an appealable order from the NMHRB, he or she has exhausted administrative remedies and may "obtain a trial *de novo*" in district court by filing a notice of appeal. N.M. Stat. Ann. § 28-1-13(A).

In general, "full compliance with the NMHRA grievance procedures is a prerequisite to filing an NMHRA claim" in court. *Mitchell-Carr*, 980 P.2d at 70. However, the New Mexico Supreme Court has identified "limited circumstances" in which "administrative exhaustion of the NMHRA should not be required in order for [a p]laintiff to pursue his judicial remedies under the statute." *Lobato*, 267 P.3d at 68. In *Lobato*, the court determined that the NMHRA's charge

8

form was "affirmatively misleading" because it did not instruct the complainant to identify individual respondents, even though he was required to exhaust administrative remedies against such individuals before filing suit against them. *Id.* Citing a line of cases holding that administrative exhaustion is not required if administrative remedies are inadequate or futile, the *Lobato* court held that the inadequate charge form deprived the plaintiff of a "fair and adequate opportunity to exhaust administrative remedies," and that the plaintiff would not be required to exhaust administrative remedies to pursue his claims against the individual defendants under the NMHRA. *Id.* at 68-69; *cf. E.E.O.C. v. W.H. Braum, Inc.*, 347 F.3d 1192, 1200-01 (10th Cir. 2003) ("The [Equal Employment Opportunity] Commission's failure actually to issue the notice cannot defeat the claimant's statutory right to sue in the district court, for a Title VII claimant is not charged with the [C]ommission's failure to perform its statutory duties.") (quoting *Perdue v. Roy Stone Transfer Corp.*, 690 F.2d 1091, 1093 (4th Cir. 1982)).

Applying the foregoing authority to the present matter, the Court identifies three issues relevant to whether it may exercise jurisdiction over Plaintiff's claims under the NMHRA. Those issues are: (1) whether Plaintiff timely filed a charge of discrimination with the NMHRB against the State Defendants pursuant to the NMHRA; (2) whether the NMHRB issued an appealable order pursuant to such a charge; and, (3) if not, whether the NMHRB failed to perform its statutory duties when it refused to issue an appealable order, thereby depriving Plaintiff of a "fair and adequate opportunity to exhaust administrative remedies," in which case Plaintiff should be excused from exhausting his administrative remedies under the NMHRA. *Lobato*, 267 P.3d at 68-69.

Initially, the Court finds that Plaintiff already possesses evidence relevant to these issues that is apparently uncontested, and that the discovery he proposes to take would therefore be

futile.  As to the first issue, the documents Plaintiff has attached to his pleadings fully demonstrate the nature and extent of Plaintiff's efforts to exhaust administrative remedies under the NMHRA.  (*See, e.g.,* Docs. 141-1, 141-2, 142-3, 155-2.)  As to the second issue, there appears to be no dispute that, despite these efforts, the NMHRB has refused to issue an appealable order, achieve a resolution, or file a formal complaint in Plaintiff's case.  (Docs. 142-3, 155-2 at 6.)  As to the third and final issue, the relevant law (and not Plaintiff's, Ms. Wolf's, or Mr. Dean's opinion of it) must determine whether the NMHRB's refusal to issue an appealable order in Plaintiff's case was in dereliction of its statutory duties and thus deprived Plaintiff of a fair and adequate opportunity to exhaust administrative remedies.

The Court further finds that the discovery Plaintiff seeks to take is irrelevant to the jurisdictional issues, and would add nothing to his ability to show either exhaustion of administrative remedies or entitlement to a waiver of the exhaustion requirement.  Whether or not Ms. Wolf and Mr. Dean erred in refusing to issue an appealable order to Plaintiff on the basis of lack of jurisdiction, any unsavory reasons that Plaintiff suspects they had for doing so simply do not matter.[5]  The court in *Lobato* did not examine the NMHRB's motives for excluding individual respondents from its charge form; rather, it simply determined that the agency was wrong to do so.  267 P.3d at 68.  Likewise, Plaintiff's entitlement to a waiver of the exhaustion requirement does not turn on whether Ms. Wolf and Mr. Dean acted innocently or with an improper motive.  It turns on whether their actions were right or wrong; and, the discovery Plaintiff seeks to take would not impact that determination.  Where the jurisdictional discovery sought is very unlikely to impact the outcome of the case or is largely irrelevant, it may properly

---

[5] The Court notes that Plaintiff has offered no plausible reason to support his belief that Ms. Wolf and/or Mr. Dean acted with an improper motive.

be denied.  *Bell Helicopter Textron, Inc.*, 385 F.3d at 1299; *Grynberg*, 490 F. App'x at 105.  The Court finds this rule to be applicable here.

Finally, the Court must note the error in the fundamental premise of Plaintiff's motion, *i.e.*, that Ms. Wolf and Mr. Dean will issue an order of non-determination if made to admit that they should have done so.  No discovery order this Court could issue would force Ms. Wolf, Mr. Dean, or anyone else at the NMHRB to issue an appealable order on Plaintiff's charge of discrimination, or even to make the admission that Plaintiff seeks.  Thus, not only would the jurisdictional discovery Plaintiff has sought be futile and irrelevant, but also it would fail to provide the relief Plaintiff is actually seeking in his motion, *i.e.*, to compel the NMHRB to issue an order of non-determination.  For all of the above reasons, the Court finds that Plaintiff's motion for leave to file a motion to take limited jurisdictional discovery is without merit and is hereby DENIED.

IT IS SO ORDERED.

_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE