IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MILOSLAV MULLER,

    Plaintiff,

vs.                                                           Civ. No. 13-0431 MCA/KK

TOM VILSACK, Secretary U.S. DEPARTMENT OF
AGRICULTURE, Agency; DANIEL M. MANZANARES,
in his individual capacity as a former Executive Director
of the New Mexico Livestock Board; DR. DAVE FLY, in
his individual capacity as the New Mexico State Veterinarian;
DR. TIMOTHY J. HANOSH, in his individual capacity as a
former New Mexico Deputy State Veterinarian; DR. STEVEN
R. ENGLAND, in his individual capacity as a Former
Veterinarian of the New Mexico Livestock Board; STAFFING
SOLUTIONS, Albuquerque, New Mexico, business entity; and
JOHN DOES NO. 1-10, fictitious names of other persons who
directly participated in the planning or execution of the relevant
facts of violation of rights of Plaintiff,

    Defendants.

## MEMORANDUN OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff's Motion for Reconsideration of Memorandum Opinion and Order (Doc. 135), filed October 10, 2014, [Doc. 138], and Plaintiff's Motion for Reconsideration of Memorandum Opinion and Order (Doc. 137), filed October 10, 2014, [Doc. 139]. The Court, having considered the motions and the relevant law, and being otherwise fully advised in the premises, finds that the motions are not well taken and will be **DENIED**.

## BACKGROUND

Plaintiff, proceeding *pro se*, filed a complaint on May 7, 2013, [Doc. 1], and an amended complaint on August 30, 2013, alleging retaliation in violation of both Title VII of the Civil

1

Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, and the New Mexico Human Rights Act, N.M. Stat. Ann. § 28-1-1 *et seq.*, as well as defamation in violation of New Mexico Statutes Annotated Section 30-11-1.  [Doc. 6].  These claims arise out of Plaintiff's termination of employment by the United States Department of Agriculture ("USDA") and his statutorily-protected activities of testifying before the Equal Employment Opportunity Commission ("EEOC").  [*Id.*].

This is Plaintiff's second lawsuit in federal court against defendant Tom Vilsack, Secretary of the USDA, his third lawsuit against defendants Daniel M. Manzanares, Dr. Dave Fly, Dr. Timothy J. Hanosh, and Dr. Steven R. England ("State Defendants"), and his first lawsuit against defendant Staffing Solutions arising out of his termination and statutorily-protected activities.  Plaintiff originally brought suit against State Defendants, but not Vilsack, on May 20, 2009, in a case captioned *Muller v. Culbertson*, Civ. No. 09-500 JB/ACT (D.N.M.) ("*Muller I*").  On May 28, 2010, the court, District Judge Browning presiding, dismissed Plaintiff's federal claims with prejudice for failure to state a claim upon which relief could be granted because the named defendants were not "employers" within the meaning of Title VII.  [*Muller I*, Docs. 30, 31].  The court thereafter declined to exercise supplemental jurisdiction over Plaintiff's state claims for defamation.  [*Id.*, Doc. 30].

On November 2, 2012, Plaintiff filed a second lawsuit against State Defendants, and added claims against Vilsack, in a case captioned *Muller v. Vilsack et al.*, Civ. No. 12-1136 RB/LFG (D.N.M) ("*Muller II*").  In that lawsuit, Magistrate Judge Martinez entered an order requiring Plaintiff to show cause why the court should not dismiss Plaintiff's action for failure to serve the named defendants.  [*Muller II*, Doc. 5].  Magistrate Judge Martinez ordered Plaintiff either to effect service or to provide a written explanation showing good cause why Plaintiff had failed to effect service.  [*Id.*].  In response to the order to show cause, but in contravention of

Magistrate Judge Martinez's order requiring Plaintiff either to (1) effect service or (2) show cause why his complaint should not be dismissed, Plaintiff chose to (3) file a Motion to Withdraw Complaint without Prejudice, which was not one of the options ordered.  In support of his motion to withdraw, Plaintiff asserted that he had been unable to locate some of the named defendants.  [*Id*., Doc. 6].  On April 3, 2013, consistent with Plaintiff's request, the court, District Judge Brack presiding, granted Plaintiff's requested relief and dismissed Plaintiff's lawsuit without prejudice.  [*Id*., Doc. 8].

On May 7, 2013, Plaintiff filed his complaint in the lawsuit presently before this Court.  Plaintiff's amended complaint alleges claims for violation of the New Mexico Human Rights Act and for defamation against Vilsack, State Defendants, and Staffing Solutions and claims for violation of Title VII against Vilsack and Staffing Solutions.  [Doc. 6].

On September 25, 2013, State Defendants filed Defendants' Daniel M. Manzanares, Dr. Dave Fly, Dr. Timothy J. Hanosh, and Dr. Steven R. England's Motion to Dismiss Plaintiff's Complaint and Supporting Brief, [Doc. 23], requesting, among other things, that the Court dismiss Plaintiff's defamation claims against them on the ground that Plaintiff had not stated a claim upon which relief could be granted.  State Defendants argued that Plaintiff's alleged claims were time barred by the statute of limitations in the New Mexico Tort Claims Act ("Tort Claims Act").  On September 26, 2013, Staffing Solutions filed Defendant Staffing Solutions' Motion to Dismiss and Memorandum of Law in Support of Its Motion to Dismiss, [Doc. 27 & 28], requesting, among other things, that the Court dismiss Plaintiff's Title VII claim against it on the ground that Plaintiff had failed to file a charge of discrimination with the EEOC and that this failure was a jurisdictional bar to suit.

On September 30, 2014, the Court entered a Memorandum Opinion and Order, [Doc. 135], dismissing Plaintiff's defamation claims against State Defendants with prejudice on the ground that the claims were barred by the two-year statute of limitations set forth in the Tort Claims Act. On the same date, the Court entered a Memorandum Opinion and Order, [Doc. 137], dismissing Plaintiff's Title VII claim against Staffing Solutions without prejudice on the ground that the Court lacked subject matter jurisdiction over the claim.

Plaintiff asks the Court to reconsider both of these decisions. [Docs. 138, 139].

## **STANDARD**

The Federal Rules of Civil Procedure do not expressly recognize a motion for reconsideration. *See In re Thornburg Mortgage, Inc. Secs. Litig.*, 824 F. Supp. 2d 1214, 1240 (D.N.M. 2011), *aff'd sub nom. Slater v. A.G. Edwards & Sons, Inc.*, 719 F.3d 1190 (10th Cir. 2013). When a party seeks reconsideration of a non-final order, the motion is considered "an interlocutory motion invoking the district court's general discretionary authority to review and revise interlocutory rulings prior to entry of final judgment." *Wagoner v. Wagoner*, 938 F.2d 1120, 1122 n.1 (10th Cir. 1991). Although a district court has "considerable discretion" to revisit its prior decisions, *see Thornburg Mortgage*, 824 F. Supp. 2d at 1240, "as a rule [a court] should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice," *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (citation and internal quotation marks omitted).

A motion for reconsideration is an "inappropriate vehicle[] to reargue an issue previously addressed by the court when the motion merely advances new arguments[] or supporting facts which were available at the time of the original motion." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *see also Fye v. Okla.*, 516 F.3d 1217, 1224 (10th Cir. 2008);

4

*Otero v. Nat'l Distrib. Co.*, 627 F. Supp. 2d 1232, 1237 (D.N.M. 2009). Rather, appropriate "[g]rounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Paraclete*, 204 F.3d at 1012 (citation omitted).

## DISCUSSION

In his Motion for Reconsideration of Memorandum Opinion and Order (Doc. 135), Plaintiff asks the Court to reconsider its dismissal of Plaintiff's defamation claims against State Defendants for failure to comply with the two-year statute of limitations in the Tort Claims Act. In his Motion for Reconsideration of Memorandum Opinion and Order (Doc. 137), Plaintiff requests that the Court reconsider its dismissal of Plaintiff's Title VII claim against Staffing Solutions for failure to file a charge of discrimination with the EEOC. The Court, considering each request in turn, holds that Plaintiff has failed to establish that any ground warrants reconsideration of the Court's decisions. The Court therefore denies Plaintiff's motions.

I.  The Court Denies Plaintiff's Motion for Reconsideration of Memorandum Opinion and Order (Doc. 135).

Plaintiff asks the Court to reconsider its September 30, 2014, Memorandum Opinion and Order to the extent it dismisses Plaintiff's claim for defamation against State Defendants. In its order, the Court held that Plaintiff had filed his complaint alleging defamation outside the Tort Claims Act's two-year statute of limitations and that neither the doctrines of tolling nor equitable tolling preserved Plaintiff's claim. [Doc. 135 at 15, 16, 18-19]. In so deciding, the Court specifically acknowledged Plaintiff's *pro se* status, but declined to hold that the *Muller II* court was obligated, because of Plaintiff's *pro se* status, to advise Plaintiff regarding proper pleading of the elements of his claims or the time limits Plaintiff had for filing his claims. [*Id.* at 15 & n.8, 16]. While acknowledging that courts must construe a *pro se* plaintiff's pleadings liberally,

[*id.* at 15-16 (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972))], the Court explained that this obligation did not relieve Plaintiff of the burden of pleading sufficient facts to support his claim, [*id.* at 16 (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1992))].  The Court further held that, although *pro se* parties are entitled to have their arguments liberally construed, a court should not assume the role of advocate.  [*Id.* (citing *U.S. v. Porath*, 553 F. App'x 802, 803 (10th Cir. 2014); *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005))].  Pursuant to these principles, the Court concluded that not only did the prior court have no obligation to advise Plaintiff, it was proscribed from doing so.  [*Id.*].  Furthermore, "[b]ecause Plaintiff's *pro se* status [did] not relieve him of his obligation to follow the rules of procedure and abide by all statutory deadlines, the Court reject[ed] Plaintiff's argument that tolling [of the statute of limitations was] appropriate . . . because the [*Muller II*] Court did not advise him of the limitations period on his defamation claims."  [*Id.*].

In support of his motion for reconsideration, Plaintiff argues that the Court's conclusion that the *Muller II* court was not under any obligation to advise Plaintiff of the time limits for filing his state law claims is "legally insufficient and prejudicial to Plaintiff by negatively affecting his substantial rights."  [Doc. 138 at 3].  Plaintiff contends that in *Jaxon v. Circle K Corporation*, 773 F.2d 1138 (10th Cir. 1985), our Tenth Circuit held that the rights of *pro se* litigants require careful protection "'where highly technical requirements are involved, especially when enforcing those requirements might result in a loss of the opportunity to prosecute or defend a lawsuit on the merits.'"  *Id.* at 1140 (quoting *Garaux v. Pulley*, 739 F.2d 437, 439 (9th Cir. 1984)), *cited in* Doc. 138 at 3.  The *Jaxon* court further cautioned, "'District courts must take care to insure that *pro se* litigants are provided with proper notice regarding the complex procedural issues involved in summary judgment proceedings.'"  *Id.* at 1140 (quoting *Garaux v.*

6

*Pulley*, 739 F.2d 437, 439 (9th Cir. 1984)), *cited in* Doc. 138 at 3.  Plaintiff argues that "because the district court must follow the appellate court's decision, . . . it is clear that the [*Muller II*] court had [the] obligation to inform . . . Plaintiff about highly technical requirements related to [the] statute of limitation[s] for re-filing state law claims against State Defendants," [Doc. 138 at 3-4], and to inform Plaintiff in advance of the consequences of the dismissal of his complaint, [*id.* at 4].  Plaintiff further asserts that if he had known of the consequences of his motion to withdraw his complaint, he "would have definitely opted for the time extension for service of the summons on some of the listed defendants he could not locate."  [*Id.*].  Plaintiff concludes that, because the *Muller II* court failed to inform him that, upon dismissal of his complaint, the statute of limitations would run on his defamation claim one day later, he moved to dismiss his complaint instead of for additional time to effect service.  [*Id.*].  Plaintiff concludes that the Court's failure equitably to toll the statute of limitations on his defamation claim constituted "plain error obvious under [the *Jaxon* decision]."  [*Id.*].

Appropriate "[g]rounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."  *Paraclete*, 204 F.3d at 1012 (citation omitted).  None of these grounds is present here.  Plaintiff has identified, and this Court perceives, no intervening change in the controlling law.  Nor does Plaintiff cite any new evidence previously unavailable.  Instead, Plaintiff's basis for requesting reconsideration is that the Court committed "plain error."  [Doc. 138 at 4].  The Court is not persuaded.

*Jaxon* involved complex procedural rules applicable to summary judgment proceedings, 773 F.2d at 1140, and *Garaux*, upon which *Jaxon* relies, recognized that Rule 12(b)(6) motions also implicate "highly technical" requirements triggering a court's duty to protect the rights of

*pro se* plaintiffs, 739 F.2d at 439.  While *Jaxon* and *Garaux* may have charged the prior courts with the obligation of, in the context of summary judgment or a motion to dismiss, explaining the complex procedural rules related to Rules 56 and 12(b)(6), those cases did not charge the courts with the obligation of explaining the substantive requirements of the Tort Claims Act's statute of limitations or its impact on dismissal of Plaintiff's complaint.

To the contrary, to hold that the *Muller II* court had such an obligation would be to charge it with serving as Plaintiff's advocate in contravention of our Tenth Circuit's prohibition on a district court's assumption of this role.  *Cf. Porath*, 553 F. App'x at 803; *Garrett*, 425 F.3d at 840.  The *Muller II* court's dismissal occurred prior to service upon all named defendants and prior to any defendant filing an answer or Rule 12(b) motion in lieu of answer.  At this stage of the litigation, the *Muller II* court only had Plaintiff's complaint before it and State Defendants had not yet even had the opportunity to plead a statute of limitations defense.

If the Court were to accept Plaintiff's argument that the *Muller II* court was under the obligation to advise Plaintiff "about highly technical requirements related to [the] statute of limitation[s] for re-filing state law claims against State Defendants," [Doc. 138 at 3-4], the Court would in effect be holding that the *Muller II* court had a duty to search the complaint, determine whether the claims in the complaint gave rise to any affirmative or other defenses, ascertain whether—if the *Muller II* court were to grant Plaintiff's motion to dismiss the complaint without prejudice and Plaintiff later re-filed suit—the State Defendants might have a viable statute of limitations defense, and explain to Plaintiff the impact of the withdrawal of the complaint on his substantive rights.[1]  Our Tenth Circuit explicitly prohibits this type of advocacy on behalf of a

---

[1] Such a holding would have far-reaching implications, for to hold that the *Muller II* court had such an obligation would be to charge all courts with advising *pro se* litigants of their substantive rights.

8

*pro se* party. *See Porath*, 553 F. App'x at 803; *Garrett*, 425 F.3d at 840. Nor does *Jaxon* require such advocacy.

Plaintiff has failed to establish that reconsideration is necessary to correct clear error or that any other ground for reconsideration exists. Accordingly, the Court denies Plaintiff's motion to reconsider the Court's dismissal with prejudice of Plaintiff's defamation claims against State Defendants.

II.     <u>The Court Denies Plaintiff's Motion for Reconsideration of Memorandum Opinion and Order (Doc. 137)</u>.

Plaintiff also requests that the Court reconsider the September 30, 2014, Memorandum Opinion and Order, [Doc. 137], to the extent it dismisses Plaintiff's Title VII claim against Staffing Solutions. In its order, the Court held that it lacked subject matter jurisdiction over Plaintiff's Title VII claim because the jurisdictional evidence before the Court established that Plaintiff had failed to file a charge of discrimination against Staffing Solutions with the EEOC and because this failure was a jurisdictional bar to suit. [*Id.* at 14 (citing *Martinez v. Target*, 384 F. App'x 840, 845 (10th Cir. 2010) (reaffirming the distinction in the Tenth Circuit "between the timely filing of a charge with the EEOC, which is not jurisdictional, and the failure to file such a charge at all, which is jurisdictional"); *Shikles v. Sprint/United Mgmt. Co.*, 426 F.3d 1304, 1317 (10th Cir. 2005) ("It is well established that Title VII requires a plaintiff to exhaust his or her administrative remedies before filing suit; *id.* at 14].

Plaintiff's motion to reconsider does not identify any ground that warrants reconsideration. *See Paraclete*, 204 F.3d at 1012. Plaintiff points to no intervening change in controlling law, newly-discovered evidence, clear error, or manifest injustice. Nor does Plaintiff establish that the Court misapprehended the facts, Plaintiff's position, or the controlling law. *Cf. id.*

Rather, Plaintiff argues that the Court should reconsider its decision because the Court failed to rule upon Plaintiff's argument that Staffing Solutions filed its motion to dismiss one day after the prescribed filing deadline. [Doc. 139 at 2-3]. Although Plaintiff states in conclusory form that this delay of one day is "critical," that it "caus[ed] prejudice" to Plaintiff, and that it gave Staffing Solutions an "unfair advantage," Plaintiff fails to identify why the delay was critical, what prejudice he suffered, or what unfair advantage Staffing Solutions gained. [*Id.* at 3].

To the extent that Plaintiff claims that the Court's silence on the untimeliness of Staffing Solutions' Motion to Dismiss constitutes a "manifest injustice," the Court is not persuaded. The Court declined to consider Plaintiff's argument of untimeliness in its September 30, 2014, Memorandum Opinion and Order, and instead focused on the Court's lack of subject matter jurisdiction over Plaintiff's claim. This decision was not manifestly unjust and did not constitute clear error.

In its order, the Court explained that the failure to file a charge of discrimination is a jurisdictional bar to suit, and that, because Plaintiff had failed to file such a charge against Staffing Solutions, the Court lacked subject matter jurisdiction over Plaintiff's Title VII claim. [Doc. 137 at 14-16 (citations omitted)]. A challenge to subject matter jurisdiction can be raised at any time throughout the course of litigation. *See* Fed. R. Civ. P. 12(h)(3) (providing that a party can challenge subject matter jurisdiction at any time) (emphasis added). Moreover, if no party raises subject matter jurisdiction, a court nonetheless retains an independent obligation to ensure, even *sua sponte*, that it has jurisdiction over the claims before it. *See Daigle v. Shell Oil Co.,* 972 F.2d 1527, 1539 (10th Cir.1992) (explaining that it is the court's "responsibility to ensure even sua sponte that [it] ha[s] subject matter jurisdiction before considering [the merits

of] a case"); *Image Software, Inc. v. Reynolds & Reynolds, Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) (stating that "federal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation'") (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506, 514 (2006)).  Thus, even assuming, *arguendo*, that Staffing Solutions' Motion to Dismiss was untimely, the untimeliness was of no consequence, for the Court had the independent obligation to consider whether it had subject matter jurisdiction over Plaintiff's Title VII claim and this obligation existed even if Staffing Solutions' motion was untimely.

Plaintiff has failed to identify any ground warranting reconsideration.  Plaintiff originally presented his untimeliness argument in opposition to Staffing Solutions' motion to dismiss and now present the same argument again.  The desire for a "second bite at the apple" is not a valid basis for reconsideration.  *See, e.g.*, *Fye v. Okla.*, 516 F.3d 1217, 1224 (10th Cir. 2011) (holding that the district court did not abuse its discretion in denying a motion for reconsideration on the basis that "considerations of fairness and judicial economy clearly outweigh the Plaintiff's interest in getting a second (or third) bite at the summary judgment apple") (internal quotation marks omitted); *Otero v. Nat'l Distrib. Co.*, 627 F. Supp. 2d 1232, 1237 (D.N.M. 2009) (explaining that a motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple") (citation and internal quotation marks omitted).

Moreover, that the Court failed to address this argument and instead considered only the question of subject matter jurisdiction is not a basis for reconsideration.  Plaintiff utilizes his Motion for Reconsideration as an inappropriate attempt to revisit his original argument of

untimeliness, which the Court reviewed but did not consider. Plaintiff's disagreement with the basis of the Court's ruling is not a valid reason for granting a motion to reconsider. "[S]imply because [the Court's] reasoning led to a conclusion contrary to the one sought by a losing party, is insufficient to warrant reconsideration." *Slevin v. Bd. of Comm'rs for the County of Dona Ana*, 934 F. Supp. 2d 1289, 1294 (N.M. 2013).

Plaintiff has failed to identify any valid basis for reconsideration of the Court's decision. Accordingly, the Court denies Plaintiff's motion to reconsider the Court's dismissal of Plaintiff's Title VII claim against Staffing Solutions.

## CONCLUSION

For the foregoing reasons, **IT THEREFORE IS ORDERED** that Plaintiff's Motion for Reconsideration of Memorandum Opinion and Order (Doc. 135), filed October 10, 2014, [Doc. 138], is hereby **DENIED**, and that Plaintiff's Motion for Reconsideration of Memorandum Opinion and Order (Doc. 137), filed October 10, 2014, [Doc. 139], is hereby **DENIED**.

**IT IS SO ORDERED** this 30th day of September, 2015.

_____
M. CHRISTINA ARMIJO
CHIEF UNITED STATES DISTRICT JUDGE