IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MILOSLAV MULLER,

      Plaintiff,

vs.                                      Civ. No. 13-0431 MCA/KK

TOM VILSACK, Secretary U.S.
DEPARTMENT OF AGRICULTURE,
Agency; DANIEL M. MANZANARES, in
his individual capacity as a former Executive
Director of the New Mexico Livestock Board;
DR. DAVE FLY, in his individual capacity
as the New Mexico State Veterinarian; DR.
TIMOTHY J. HANOSH, in his individual
capacity as a former New Mexico Deputy
State Veterinarian; DR. STEVEN R.
ENGLAND, in his individual capacity as
a Former Veterinarian of the New Mexico
Livestock Board; and JOHN DOES NO. 1-10,
fictitious names of other persons who directly
participated in the planning or execution
of the relevant facts of violation of rights of
Plaintiff,

      Defendants.

## MEMORANDUN OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff's Motion for Leave to File Second Amended Complaint, filed October 14, 2014, [Doc. 140], and Plaintiff's Motion for Leave to File Motion for Stay [of] the Case, filed October 22, 2014, [Doc. 142]. The Court, having considered the motions and the relevant law, and being otherwise fully advised in the premises, finds that the Motion for Leave to File Second Amended Complaint is well taken in part and will be **GRANTED IN PART** and that the Motion for Leave to File Motion for Stay [of] the Case will be **DENIED** as moot.

## BACKGROUND

1

Plaintiff, proceeding *pro se*, filed a complaint on May 7, 2013, [Doc. 1], and an amended complaint on August 30, 2013, ("Amended Complaint") [Doc. 6].  The Amended Complaint alleges retaliation in violation of both Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.*, and the New Mexico Human Rights Act ("NMHRA"), N.M. Stat. Ann. § 28-1-1 *et seq.*, as well as defamation in violation of New Mexico Statutes Annotated Section 30-11-1.  These claims arise out of Plaintiff's termination of employment by the United States Department of Agriculture and his statutorily-protected activities of testifying before the Equal Employment Opportunity Commission ("EEOC").

This is Plaintiff's third lawsuit against defendants Daniel M. Manzanares, Dr. Dave Fly, Dr. Timothy J. Hanosh, and Dr. Steven R. England ("State Defendants") and his first lawsuit against defendant Staffing Solutions arising out of his termination and statutorily-protected activities.  Plaintiff originally brought suit against State Defendants on May 20, 2009, in a case captioned *Muller v. Culbertson*, Civ. No. 09-500 JB/ACT (D.N.M.) ("*Muller I*").  On May 28, 2010, the court dismissed Plaintiff's federal claims with prejudice for failure to state a claim upon which relief could be granted because the named defendants were not "employers" within the meaning of Title VII.  [*Muller I*, Docs. 30, 31].  The court thereafter declined to exercise supplemental jurisdiction over Plaintiff's state claims for defamation.  [*Id.*, Doc. 30].

On November 2, 2012, Plaintiff filed a second lawsuit against State Defendants in a case captioned *Muller v. Vilsack et al.*, Civ. No. 12-1136 RB/LFG (D.N.M) ("*Muller II*").  In that lawsuit, the court entered an order requiring Plaintiff to show cause why the court should not dismiss Plaintiff's action for failure to serve the named defendants.  [*Muller II*, Doc. 5].  In response, Plaintiff filed a Motion to Withdraw Complaint without Prejudice, [*id.*, Doc. 6], and,

consistent with Plaintiff's request, the court dismissed Plaintiff's lawsuit without prejudice. [*Id*., Doc. 8].

On May 7, 2013, Plaintiff filed his complaint in the lawsuit presently before this Court. The Amended Complaint alleges claims for violation of the NMHRA and for defamation against State Defendants and Staffing Solutions and claims for violation of Title VII against Staffing Solutions. [Doc. 6].

On September 25, 2013, State Defendants filed their Motion to Dismiss Plaintiff's Complaint and Supporting Brief, [Doc. 23], and on September 26, 2013, Staffing Solutions filed its Motion to Dismiss and Memorandum of Law in Support of Its Motion to Dismiss, [Doc. 27 and 28]. On September 30, 2014, the Court entered a Memorandum Opinion and Order, [Doc. 135], dismissing Plaintiff's defamation claim against State Defendants as barred by the statute of limitations and dismissing Plaintiff's NMHRA claim against State Defendants for failure to exhaust administrative remedies. With respect to the latter decision, the Court held that Plaintiff failed to allege that he had filed a charge of discrimination against State Defendants with the New Mexico Human Rights Bureau ("NMHRB") or that the NMHRB had issued a notice of "right to sue or comparable document." [*Id.* at 11, 12]. The Court "granted [Plaintiff] leave to file a Motion to Amend his Complaint within 14 days of the date of this Order only with regard to alleging facts necessary to establish that this Court has jurisdiction over Plaintiff's NMHRA claims against the State Defendants." [Doc. 135 at 20].

On September 30, 2014, the Court entered a Memorandum Opinion and Order, [Doc. 137], dismissing Plaintiff's Title VII claim against Staffing Solutions without prejudice on the ground that the Court lacked subject matter jurisdiction over the claim. [*Id.*]. The Court thereafter declined to exercise supplemental jurisdiction over Plaintiff's remaining state law

claims—*i.e.*, claims for violation of the NMHRA and for defamation—against Staffing Solutions. [*Id.*].

Plaintiff timely filed his Motion for Leave to File Second Amended Complaint on October 14, 2014. [Doc. 140]. Plaintiff asserts therein that he complied with the Court's instructions in its September 30, 2014, Memorandum Opinion and Order, [Doc. 135], dismissing Plaintiff's NMHRA claim against State Defendants. While Plaintiff's motion indicates that it "attache[s]" the Second Amended Complaint to his motion, Plaintiff filed the Second Amended Complaint on the same date as his motion for leave to amend but as a separate document instead of as an attachment. [*Compare* Doc. 140 (motion for leave to file amended complaint) *with* Doc. 141 (Second Amended Complaint)].

In his Second Amended Complaint, Plaintiff adds allegations relevant to the administrative charge of discrimination against State Defendants for which the Court previously held that Plaintiff had failed to plead facts that establish exhaustion. Specifically, Plaintiff alleges that he filed a combined Charge of Discrimination with the EEOC and the NMHRB on February 5, 2009. [Doc. 141 ¶ 8]. He further alleges that the EEOC issued a notice of right to sue pursuant to this charge, which he received on February 20, 2009,[1] and that, in "compliance with the work sharing agreement between the EEOC and the [NMHRB], the [NMHRB] should ha[ve] issued an Order of Nondetermination." [*Id.* ¶ 10]. Plaintiff alleges that the NMHRB has failed to issue an order of non-determination, despite Plaintiff's phone calls and written correspondence requesting that it do so. [*Id.* ¶ 11]. Specifically, Plaintiff alleges,

> As per the district judge's Order [Docket No. 135], Plaintiff attempted to obtain the Order of Nondetermination from the

---

[1] The EEOC issued its Dismissal and Notice of Rights on February 18, 2009, informing Muller that the EEOC did not have jurisdiction over his claims because there was no employer/employee relationship. [Doc. 155-2 at 4].

> NMHRD, but despite phone calls and written request[s] to the NMHRD, to this day he received no response. However, the NMRHD must issue such document as a matter of law, and such document will be provided to this Court within a short period of time to satisfy the exhaustion of administrative remedies under the NMHRA. Therefore, Plaintiff reserves his rights to submit the Order of Nondetermination upon the receipt of that document as Exhibit 3 to this submission.

[*Id.* ¶ 11].

Plaintiff's Second Amended Complaint names Staffing Solutions as a defendant. The Second Amended Complaint's claims against Staffing Solutions are identical to those in the Amended Complaint that the Court dismissed in its prior order. [*Compare* Doc. 6 ¶¶ 23, 33(5), 34, 55, 280, 281, 321-23 *with* Doc. 141 ¶¶ 27, 37(E), 38, 58, 281, 285, 325-27]. The Second Amended Complaint differs from the Amended Complaint only in that it contains new allegations regarding Plaintiff's administrative charge against State Defendants in attempt to establish that the Court has subject matter jurisdiction over Plaintiff's NMHRA claim against State Defendants. [Doc. 141]. Thus, for example, it contains the same defamation claim against State Defendants, [*id.* at 59-60], that this Court dismissed with prejudice in its September 30, 2014, Memorandum Opinion and Order, [Doc. 135].

State Defendants filed their response to Plaintiff's motion to amend, asking the Court to strike the Second Amended Complaint and exhibits on the ground that Plaintiff filed the complaint separately instead of attaching it to his motion to amend. [Doc. 145 at 4]. State Defendants further request that the Court deny leave to amend because the complaint alleges that Plaintiff still is not in possession of an order of non-determination from the NMHRB and amendment therefore is futile. [*Id.*]. Staffing Solutions also filed a response to Plaintiff's motion to amend asking the Court to deny Plaintiff's amendment as futile because the claims

5

against Staffing Solutions are identical to those in the Amended Complaint and the Court already dismissed those identical claims against Staffing Solutions. [Doc. 146 at 3].

On October 22, 2014, Plaintiff filed his Motion for Leave to File Motion for Stay [of] the Case. [Doc. 142]. In this motion, Plaintiff asks the Court to stay the case while he attempts to obtain an order of non-determination from the NMHRB. [*Id.* at 2]. To demonstrate his diligent efforts to obtain the order of non-determination from the NMHRB, Plaintiff attaches to his motion for stay a letter dated October 15, 2014, in which Patricia Wolf, Staff Manager at the Labor Relations Division of the Human Rights Bureau, State of New Mexico Department of Workforce Solutions, states:

> I have received your request for an Order of Non-Determination for the above captioned complaint filed with the EEOC. You also provided a copy of the Charge of Discrimination and the Dismissal and Notice of Rights issued by the EEOC. Unfortunately I am unable to provide you with an Order of Non-Determination because there is no employee/employer relationship between you and the NM Livestock Board and[] therefore, your case is non-jurisdictional with the Human Rights Bureau. I regret that I am unable to help you at this time.

[Doc. 142-3 at 1].

Also establishing Plaintiff's diligence is evidence of written requests Plaintiff has made to Ms. Wolf, her supervisor Jason Dean, Division Director of Workforce Transition Services at the New Mexico Department of Workforce Solutions, and Governor Susana Martinez to issue an order of non-determination, in which he explains why he believes that the NMHRB has jurisdiction to do so notwithstanding the lack of an employer/employee relationship. [Doc. 155-2 at 1-6].[2] A responsive letter dated December 4, 2014, from Mr. Dean confirms that—despite

---

[2] Although the New Mexico Human Rights Bureau apparently referred to the EEOC's conclusion that no employer/employee relationship existed, and the EEOC itself issued a right to

Plaintiff's repeated requests—the NMHRB is refusing to issue an order of non-determination. [*Id.* at 7]. In the letter, Mr. Dean writes:

> I have reviewed all informational requests that you submitted to my staff manager, Ms. Patricia Wolf. . . . She is correct in her assessment that the agency cannot issue an order of non-determination because of lack of jurisdiction. Your complaint was filed with the EEOC and they determined it to be non-jurisdictional because no employer/employee relationship exist[ed]. HRB agrees with this assessment and therefore has no jurisdiction over your charge. I apologize I'm unable to offer you further assistance.

[*Id.*].

## **STANDARD**

Federal Rule of Civil Procedure 15 provides that "[a] party may amend its pleading once as a matter of course within . . . 21 days after serving it," Fed. R. Civ. P. 15(a)(1), or, "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave," Fed. R. Civ. P. 15(a)(2). Rule 15 further provides that "[t]he court should freely give leave when justice so requires." *Id.*

Our Tenth Circuit has recognized several grounds upon which a refusal to grant a motion to amend pursuant to Rule 15 is justified. *See Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993) (explaining that a refusal to amend is appropriate upon a "showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment") (citation omitted). Futility is one ground for denying a motion to amend. *Bauchman v. W. High Sch.*, 132 F.3d 542, 562 (10th Cir. 1997) (indicating that a "court properly may deny a motion for leave to amend as futile when the

---

sue letter despite the lack of an employment relationship between Muller and the NMLB, the Human Rights Bureau has refused to issue an Order of Non-Determination. [Doc. 155-2 at 7].

proposed amended complaint would be subject to dismissal for any reason") (citations omitted), *cert. denied*, 524 U.S. 953 (1998).

## DISCUSSION

The Court first addresses Plaintiff's Motion for Leave to File Second Amended Complaint, and holds that the motion is granted with respect to Plaintiff's proposed claims against State Defendants but denied with respect to Plaintiff's proposed claims against Staffing Solutions. Thereafter, the Court considers Plaintiff's Motion for Leave to File Motion for Stay [of] the Case, and holds that that motion is moot and will be denied as moot.

I.   The Court Grants in Part Plaintiff's Motion for Leave to File Second Amended Complaint.

In his Motion for Leave to File Second Amended Complaint, Plaintiff asks the Court to grant him leave to file his Second Amended Complaint and further requests an extension of time to file as an attachment to the Second Amended Complaint a not-yet-obtained order of non-determination from the NMHRB. Plaintiff represents that, "despite . . . multiple attempts to obtain an Order of Nondetermination from the New Mexico Human Rights Division, to this day the agency [has] failed to respond to the Plaintiff's requests." [Doc. 140 at 2]. State Defendants ask the Court to strike Plaintiff's Second Amended Complaint because instead of attaching it to his motion to amend he filed it as a separate document. Defendants also argue that the Court should deny Plaintiff's motion to amend because Plaintiff still has not produced an order of non-determination and amendment therefore is futile. Staffing Solutions similarly contends that the Court should deny the motion to amend on the ground of futility because Plaintiff's Second Amended Complaint names Staffing Solutions as a defendant and the Court previously granted Staffing Solutions' motion to dismiss these same claims.

The Court agrees with Staffing Solutions' assertion that the claims in the Second Amended Complaint against it are futile. The Court dismissed Plaintiffs' Title VII and state law claims against Staffing Solutions on September 30, 2014. [Doc. 137]. Although the Court granted Plaintiff leave to file an amended complaint asserting a NMHRA claim against State Defendants and alleging facts to support this Court's subject matter jurisdiction over that claim, [Doc. 135], the Second Amended Complaint also names Staffing Solutions as a defendant and contains the same claims against Staffing Solutions that Plaintiff asserted in the Amended Complaint.

That the Second Amended Complaint contains the same claims against Staffing Solutions that this Court dismissed on September 30, 2014, [Doc. 137], does not necessarily surprise the Court. In its September 30, 2014, Memorandum Opinion and Order dismissing Plaintiff's NMHRA claim against State Defendants, the Court ordered that "Plaintiff is granted leave to file a Motion to Amend his Complaint within 14 days of the date of this Order only with regard to alleging facts necessary to establish that this Court has jurisdiction over Plaintiff's NMHRA claims against State Defendants. [Doc. 135 at 20]. Plaintiff in his motion to amend states that he endeavored to file his motion and amended complaint in compliance with the Court's instructions in its order of dismissal. [Doc. 135]. The only difference the Court perceives between the Second Amended Complaint and the Amended Complaint is that the Second Amended Complaint contains new allegations regarding Plaintiff's administrative charge against State Defendants in attempt to establish that the Court has subject matter jurisdiction over the NMHRA claim against State Defendants.[3] Although the Second Amended Complaint contains

---

[3] While State Defendants contend that the attachments to the Second Amended Complaint do not comply with the Court's September 30, 2014, Order, [Doc. 135], the Court is not persuaded. The attachments constitute evidence that the NMHRB received Plaintiff's charge of

the same claims alleged in Plaintiff's Amended Complaint against Staffing Solutions—claims the Court dismissed on September 30, 2014, [Doc. 137]—and although it contains the same defamation claim against State Defendants—a claim the Court also dismissed on September 30, 2014, [Doc. 135]—the Court concludes that it was reasonable for Plaintiff to interpret the Court's instructions in its September 30, 2014, Memorandum Opinion and Order, [Doc. 135], as authorizing him only to add allegations relevant to his NMHRA claim against State Defendants. The order did not authorize Plaintiff to make any other alterations, which by implication precluded Plaintiff from omitting previously-asserted claims against Staffing Solutions or State Defendants. [*Id*].

That said, however, Staffing Solutions' response correctly asserts that amendment of claims identical to claims previously dismissed is futile. The Court previously held that Plaintiffs' Title VII claim against Staffing Solutions in his Amended Complaint does not state a claim for relief, and the Court further declined to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. [Doc. 137]. Thus, Plaintiff's Second Amended Complaint asserting an identical Title VII against Staffing Solutions likewise does not state a claim for relief, and the Court similarly would decline to exercise supplemental jurisdiction over Plaintiff's identical state law claims. Thus, amendment of Plaintiff's claims against Staffing Solutions is futile. Likewise, for the same reasons, amendment of Plaintiff's defamation claim against State Defendants—a claim identical to the one the Court already has dismissed, [Doc. 135]—is futile.

---

discrimination and that it nonetheless is refusing to issue an order of non-determination. This is the type of evidence that the Court authorized Plaintiff, at his option, to attach to his complaint. [*Id.* at 12 (authorizing Plaintiff to attach documentation "indicating that the EEOC forwarded his claims to the [NMHRB] pursuant to the work sharing agreement between the EEOC and the [NMHRB]")].

The Court is not similarly persuaded that amendment of Plaintiff's NMHRA claim against State Defendants is futile on the ground that Defendants advance—namely, that Plaintiff still has failed to allege facts establishing that he has obtained an order of non-determination from the NMHRB.  The Court holds that despite this failure, amendment is not futile because, on the facts alleged in the Second Amended Complaint, Plaintiff's failure to exhaust his administrative remedies before the NMHRB is excused.

"The NMHRA is a comprehensive scheme enacted in 1969 for the primary purpose of providing administrative and judicial remedies for unlawful discrimination in the workplace." *Lobato v. State Env. Dep't*, 267 P.3d 65, 67 (N.M. 2011) (citation omitted).  Pursuant to a longstanding work-sharing agreement, "[c]omplaints filed with the EEOC are deemed properly filed with the [NMHRB]."  *Rist v. Design Center at Floor Concepts*, 314 P.3d 681, 684 (N.M. Ct. App. 2013) (citations omitted).  Receiving a notice of right to sue from the EEOC, however, does not satisfy the state law requirement of obtaining an order from the NMHRB.  *Mitchell-Carr v. McLendon*, 980 P.2d 65, 69 (N.M. 1999).  Rather, "[o]nce a person has elected to proceed with his or her complaint under state law, the NMHRA controls the grievance procedures for resolving that complaint."  *Id.* at 70.

"After a complaint has been filed, the director of the [NMHRB] is required to advise the respondent of the complaint, promptly investigate the alleged act(s), and determine whether probable cause exists for the complaint."  *Rist*, 314 P.3d at 685 (citing N.M. Stat. Ann. § 28-1-10(B)).  Within a year, the director must dismiss the complaint, achieve a resolution of it, or "file a formal complaint on behalf of the [New Mexico Human Rights] commission."  *Id.* § 28-1-10(G).  The NMHRA provides that a complainant "may request and shall receive an order of nondetermination from the director without delay after the division's receipt of the complaint

11

and in jointly filed cases, after the federal complaint has been closed." *Id.* § 28-1-10(D). Once a complainant receives an order of non-determination from the NMHRB, he or she has exhausted administrative remedies and may "obtain a trial *de novo*" in district court by filing a notice of appeal. *Id.* § 28-1-13(A).

In general, "full compliance with the NMHRA grievance procedures is a prerequisite to filing an NMHRA claim" in court. *Mitchell-Carr*, 980 P.2d at 70 (internal quotation marks and citation omitted). The New Mexico Supreme Court, however, has identified "limited circumstances" in which "administrative exhaustion of the NMHRA should not be required in order for [a p]laintiff to pursue his judicial remedies under the statute." *Lobato*, 267 P.3d at 69. In *Lobato v. State Environment Department*, the court determined that the NMHRB's charge form was "affirmatively misleading" because it did not instruct the complainant to identify individual respondents, even though he was required to exhaust administrative remedies against such individuals before filing suit against them.[4] *Id.* at 68. Because the NMHRA requires "any person reporting unlawful discrimination [to] 'file with the human rights division of the labor department a written complaint that *shall state the name and address of the person* alleged to have engaged in the discriminatory practice,'" *id.* at 67 (quoting N.M. Stat. Ann. § 28-1-10(A)) (emphasis in original), the omitted defendants moved for dismissal of the plaintiff's NMHRA claims on the ground that the plaintiff had not exhausted his administrative remedies. Citing a line of cases holding that administrative exhaustion is not required if administrative remedies are inadequate or futile, *id.* at 68, the *Lobato* court held that the inadequate charge form deprived the

---

[4] The court held that, "[f]or the NMHRD's official Charge of Discrimination form to ask for the name and address of the discriminating entity but not for the names and addresses of the individuals not only makes the complaint form inadequate to serve its statutory purpose but makes it affirmatively misleading. It creates a trap for unwary claimants to forfeit their statutory rights and judicial remedies." *Lobato*, 267 P.3d at 68.

12

plaintiff of a "fair and adequate opportunity to exhaust administrative remedies," and therefore that the court would not require the plaintiff to exhaust administrative remedies to pursue his claims against the individual defendants under the NMHRA, *id.* at 69.

In so holding, the *Lobato* court balanced the harm asserted by the plaintiff against the harm to the defendants, who, in contrast, "argue[d] that waiving administrative exhaustion violate[d] their notice protections under the NMHRA, . . . and unduly denie[d them] an opportunity to resolve the dispute in administrative proceedings before the NMHRD." *Id.* at 68. The *Lobato* court concluded that "barring Plaintiff's judicial remedy solely because he followed explicit and misleading instructions in the NMHRD's official complaint form is a far greater injustice than the less significant effect imposed on Defendants by the lack of formal individual notice in the antecedent administrative proceedings." *Id.* The *Lobato* court opined that "[a] rigid adherence to administrative exhaustion is not required in circumstances where the doctrine is inappropriate." *Id.* at 69 (citing *Callahan v. N.M. Federation of Teachers-TVI*, 131 P.3d 51 (N.M. 2006) (noting the general rule that exhaustion is not required if the administrative remedies are inadequate); *Franco v. Carlsbad Municipal Schools*, 28 P.3d 531 (N.M. Ct. App. 2001) (holding that exhaustion is not required where the administrative remedies are inadequate)) (additional citation omitted).

In support of this conclusion, the court in *Lobato* cited the Court of Appeals' decision in *Franco v. Carlsbad Municipal Schools* upon which the plaintiff had relied. *See id.* The *Lobato* court noted that in *Franco*, "a school employee was given a written termination notice and a copy of the state regulations on termination but was not told of his right to present evidence at a special session of the school board, planned for that evening, at which his final termination would be voted on." *Id.* (citing *Franco*, 28 P.3d 531). The *Lobato* court explained that *Franco*

13

concluded that, "whether intentional or inadvertent, the school district's own procedures thwarted the employee's ability to exhaust—or even initiate—the administrative remedies afforded to him by statute." *Id.* (citing *Franco*, 28 P.3d 531). The *Lobato* court noted that *Franco* held that "in those circumstances exhaustion of the administrative remedies was not required." *Id.* (citing *Franco*, 28 P.3d 531). The *Lobato* court similarly concluded, relying upon *Franco's* reasoning, that because of the inadequacy of the NMHRB's form, the "[p]laintiff [wa]s not required to have exhausted administrative remedies against the previously unnamed individual defendants before pursuing his suit in the United States District Court." *Id.*

Similarly, in *E.E.O.C. v. W.H. Braum, Inc.*, 347 F.3d 1192 (10th Cir. 2003), the Tenth Circuit held that the district court had jurisdiction over the plaintiff's federal statutory claims even though the EEOC failed to issue a right-to-sue letter and the plaintiff therefore had not exhausted his administrative remedies. *See id.* at 1200. The *Braum* court concluded that it could not hold the plaintiff responsible for the agency's failure to perform its statutory duties. *Id.* at 1200, 1201. In so holding, our Tenth Circuit relied upon a Fourth Circuit decision which reasoned that "'[t]he Commission's failure actually to issue the notice cannot defeat the claimant's statutory right to sue in the district court, for a Title VII claimant is not charged with the commission's failure to perform its statutory duties.'" *Id.* at 1200-01 (quoting *Perdue v. Roy Stone Transfer Corp.*, 690 F.2d 1091, 1093 (4th Cir. 1982)).

Pursuant to the reasoning of our Tenth Circuit in *Braum* and the Supreme Court of New Mexico in *Lobato*, the Court holds that where, through no fault of Plaintiff, Plaintiff diligently pursues his administrative remedies and the NMHRB refuses to issue an order of non-determination, Plaintiff will not be penalized for the NMHRB's failure to perform its statutory duties. *See* N.M. Stat. Ann. § 28-1-10(D) (A complainant "may request and *shall receive* an

order of nondetermination from the director without delay after the division's receipt of the complaint and in jointly filed cases, after the federal complaint has been closed.") (emphasis added). To the contrary, the Court holds that because Plaintiff has alleged facts establishing that he complied with the NMHRA's procedures, that he diligently attempted to obtain an order of nondetermination from the NMHRB, and that the NMHRB twice has indicated it will not issue an order of nondetermination, exhaustion of administrative remedies is futile and therefore not required.

Because the Court holds that Plaintiff need not exhaust his administrative remedies with respect to his NMRHA claim against State Defendants, the Court holds that Plaintiff's Second Amended Complaint asserting NMHRA claims against State Defendants is not futile. Plaintiff's Second Amended Complaint alleges facts that establish that he need not exhaust his administrative remedies and that failure to exhaust is not a bar to his claims. Accordingly, the Court rejects State Defendants' argument of futility and, pursuant to Federal Rule of Civil Procedure 15(a)(2), grants Plaintiff's Motion for Leave to File Second Amended Complaint to the extent it seeks to assert a NMHRA claim against State Defendants.

Having held that Plaintiff is excused from exhausting his administrative remedies before the NMHRB, the Court denies as moot Plaintiff's request for an extension of time to obtain an order of nondetermination from the NMHRB. The Court also denies State Defendants' request that the Court strike Plaintiff's Second Amended Complaint because he failed to attach it to his motion to amend. Plaintiff's motion to amend indicates that Plaintiff "attache[s]" the Second Amended Complaint, but Plaintiff represents that he had technical difficulties filing the complaint as an attachment to the motion utilizing the Court's electronic case management

system.  Under these circumstances, the Court declines to dwell on a procedural defect that has no substantive impact.

II.     The Court Denies as Moot Plaintiff's Motion for Leave to File Motion for Stay [of] the Case.

In his Motion for Leave to File Motion for Stay [of] the Case, Muller represents that he has been unable to obtain an Order of Non-Determination from the NMHRD and requests "approximately two or three weeks depending on speedy resolution of this subject matter by the Office of Governor" to submit the order.  [Doc. 142 at 2].  Because the Court holds that Plaintiff is excused from exhausting his administrative remedies, Plaintiff's Motion for Leave to File Motion for Stay [of] the Case is moot and the Court therefore denies it as moot.

## CONCLUSION

For the foregoing reasons, the Court concludes that amending Plaintiff's complaint is not futile with respect to Plaintiff's NMHRA claim against State Defendants, but that it is futile with respect to Plaintiff's claims against Staffing Solutions and its defamation claim against State Defendants.  The Court further concludes that, rather than striking Plaintiff's Second Amended Complaint and requiring Plaintiff to file an amended complaint that eliminates the allegations and claims that this Court has dismissed, the Court strikes Staffing Solutions as a named defendant in the Second Amended Complaint as well as all claims against Staffing Solutions in the Second Amended Complaint.  The Court further strikes Plaintiff's defamation claim against State Defendants in the Second Amended Complaint.   Finally, because the Court has held that Plaintiff need not exhaust his administrative remedies, the Court denies as moot Plaintiff's request for a stay of litigation to allow Plaintiff time to obtain an order of non-determination from the NMHRB.

**IT THEREFORE IS ORDERED** that Plaintiff's Motion for Leave to File Second Amended Complaint, [Doc. 140], is hereby **GRANTED IN PART** and **DENIED IN PART** as set forth above.

**IT FURTHER IS ORDERED** that Plaintiff's Motion for Leave to File Motion for Stay the Case, [Doc. 142], is hereby **DENIED** as moot.

**IT IS SO ORDERED** this 30th day of September, 2015.

_____
M. CHRISTINA ARMIJO
CHIEF UNITED STATES DISTRICT JUDGE