IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MILOSLAV MULLER,

    Plaintiff,

v.                                                       Civ. No. 13-431 MCA/KK

TOM VILSACK *et al.*,

    Defendants.

## ORDER GRANTING IN PART AND DENYING IN PART
## STATE DEFENDANTS' UNOPPOSED MOTION TO STAY DISCOVERY

THIS MATTER comes before the Court on the Unopposed Motion to Stay Discovery ("Motion to Stay") filed by Defendants Manzanares, Fly, Hanosh, and England ("State Defendants") on November 6, 2015.  (Doc. 183.)  The Court, having reviewed the unopposed motion and the relevant law, having heard the parties' arguments at a scheduling conference on November 16, 2015, and being otherwise fully advised, finds that the Motion to Stay is well taken in part and should be GRANTED IN PART and DENIED IN PART.

In their motion, the State Defendants ask the Court to stay discovery indefinitely pending resolution of their Renewed Motion to Dismiss Plaintiff's Second Amended Complaint ("Motion to Dismiss"), filed October 13, 2015.  (Doc. 174.)  The State Defendants make several arguments in support of their request, specifically, that:  (1) the Motion to Dismiss, if granted, would resolve all of Plaintiff's claims against them; (2) no discovery is needed to resolve the Motion to Dismiss; (3) it would be wasteful for the State Defendants to participate in discovery because the bulk of Plaintiff's claims do not concern them; and, (4) the State Defendants have raised the defense of qualified immunity.  (Doc. 183 at 9-10.)  At a scheduling conference on November 16, 2015, Plaintiff, who is proceeding *pro se*, stated that he does not oppose the Motion to Stay,

because he does not wish to personally incur significant expenses taking discovery before he knows how the Motion to Dismiss will be resolved.[1]  (Doc. 190.)  In addition, Plaintiff and Defendant Vilsack's counsel indicated a willingness to participate in a Rule 16 Settlement Conference as early as January 13, 2016.[2]  (*Id.*)

A trial court has broad discretion in deciding whether to stay proceedings incident to its power to manage its docket.  *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1310 (10th Cir. 2010); *see also* Fed. R. Civ. P. 26(c) (court may limit discovery for good cause to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense").  The party seeking a stay bears the burden of establishing the need for it.  *Clinton*, 520 U.S. at 708.  Factors a court may consider in deciding whether to stay discovery include:  (1) whether there are pending motions that would dispose of the entire case, *Corwin v. Marney, Orton Inv.*, 843 F.2d 194, 200 (5th Cir. 1988); *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003); *but see Holroyd v. Dep't of Veterans Affairs*, 2007 WL 1585846, at *1 (D. Kan. 2007) (courts generally disfavor "staying pretrial proceedings even though dispositive motions are pending"); (2) whether any undue burden that discovery would impose outweighs any prejudice a stay of discovery would cause, *GTE Wireless, Inc. v. Qualcomm, Inc.*, 192 F.R.D. 284, 289 (S.D. Cal. 2000); (3) whether the party opposing a stay needs particular discovery to respond to a dispositive motion, *Weldon v. Ramstad-Hvass*, 512 F. App'x 783, 797 (10th Cir. 2013)[3]; and, (4) whether discoverable information may be lost during

---

[1] Defendant Vilsack likewise does not oppose the Motion to Stay, (Doc. 183 at 1), although at the scheduling conference his counsel did express some concern about further delaying discovery in light of the case's age.

[2] The State Defendants have taken the position that they likely do not wish to participate in a settlement conference at this time.  However, the Court has given the State Defendants the option to participate in the January 13, 2016 settlement conference if they wish to do so.

[3] Unpublished decisions are not binding precedent in the Tenth Circuit, but may be cited for their persuasive value. *United States v. Austin*, 426 F.3d 1266, 1274 (10th Cir. 2005).

the pendency of the stay.  *Clinton*, 520 U.S. at 707-08.  When a defendant files a dispositive motion based on qualified immunity, he is ordinarily entitled to a stay of discovery.  *Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004); *Workman v. Jordan,* 958 F.2d 332, 336 (10th Cir. 1992).

In the present matter, the Court concludes that a brief stay of discovery is appropriate, until the Rule 16 Settlement Conference presently scheduled for January 13, 2016 is concluded.  The Court is not persuaded that the State Defendants have justified a lengthier stay of discovery in this case.  Their Motion to Dismiss, even if granted, would not resolve the case in its entirety, because Plaintiff's claims against Defendant Vilsack would still survive.  *Corwin*, 843 F.2d at 200; *Nankivil*, 216 F.R.D. at 692.  Moreover, although discovery does appear unnecessary to resolve the motion, requiring the State Defendants to participate in discovery would impose only "the ordinary burdens associated with litigating a case."  *WildEarth Guardians v. IRG Bayaud, L.L.C.*, 2014 WL 4748296, at *7 (D. Colo. 2014) ("[T]he ordinary burdens associated with litigating a case do not constitute undue burden.").  Further, this case concerns events that occurred many years ago; and, discovery has previously been stayed for over twenty months.  (Docs. 64, 177.)  In these circumstances, another lengthy stay of discovery would significantly heighten the already considerable risk that discoverable information will be lost before discovery can be taken.

Finally, although the State Defendants argue that they have raised the defense of qualified immunity, which would ordinarily entitle them to a stay, the Court finds that the defense actually asserted is inapplicable to Plaintiff's remaining claims against the State Defendants.  According to the State Defendants, they are entitled to "qualified immunity" because the New Mexico Tort Claims Act ("NMTCA") provides them with sovereign immunity from Plaintiff's claims under

the New Mexico Human Rights Act ("NMHRA").  (Doc. 174 at 9.)  However, the State Defendants fail to cite any authority to support this creative proposition, and the Court is unconvinced by it.

The NMTCA provides public employees with absolute immunity from claims for "any tort," unless it specifically waives such immunity.  N.M. Stat. Ann. §§ 41-4-4(A), 41-4-17(A).  The NMTCA does *not* provide public employees with immunity from claims under the NMHRA, for at least two reasons.  First, a claim brought pursuant to a legislative enactment is distinct from a claim sounding in tort.  *See* Black's Law Dictionary 1489 (6th ed. 1990) (a "tort" is "[a] private or civil wrong or injury . . . for which *the court* will provide a remedy in the form of an action for damages") (emphasis added).  Plaintiff's claims under the NMHRA fall into the former category, while the NMTCA governs claims falling into the latter.  Second, the NMHRA expressly applies to, and creates a statutory cause of action against, "the state," "all of its political subdivisions" and "any person acting for" it.  N.M. Stat. Ann. §§ 28-1-2(A), (B), 28-1-7, 28-1-13.  In other words, the NMHRA has waived the State Defendants' sovereign immunity from claims brought under the statute, and the State Defendants have offered no basis on which to construe the NMTCA as nullifying that waiver.  Thus, although the State Defendants use the term "qualified immunity," they have failed to make a plausible argument that this defense applies to Plaintiff's NMHRA claims against them.  For all of the above reasons, the Court finds that the State Defendants are not entitled to an indefinite stay of discovery.

However, the Court does find that there is good cause to grant a limited stay of discovery in light of Plaintiff's desire to avoid personally incurring significant discovery expenses at this time, and Plaintiff's and Defendant Vilsack's willingness to participate in a Rule 16 Settlement

4

Conference as early as January 13, 2016.  The Court further finds that the benefits of such a brief stay outweigh any prejudice to the parties and any disruption of the judicial process.

    IT IS THEREFORE ORDERED that the State Defendants' Motion to Stay is GRANTED IN PART and DENIED IN PART.  Discovery in this matter is stayed from November 16, 2015 until the conclusion of the Rule 16 Settlement Conference presently scheduled for January 13, 2016.

    IT IS SO ORDERED.

*[signature: Kirtan Khalsa]*

KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE