IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MILOSLAV MULLER,

    Plaintiff,

v.                                               Civ. No. 13-431 MCA/KK

TOM VILSACK *et al.*,

    Defendants.

## ORDER DENYING MOTIONS TO VACATE SCHEDULING ORDER, FOR CLARIFICATION, AND TO DISMISS

THIS MATTER comes before the Court on the following motions: (1) Plaintiff's Motion for Leave to File Proposed Motion to Vacate Scheduling Order[1] (Doc. 209), filed February 27, 2016; (2) Plaintiff's Request for Clarification of Instructions Listed in Clerk's Minutes (Doc. 210), filed March 2, 2016; and, (3) Defendants' Manzanares, Fly, Hanosh, and England ("State Defendants") Rule 37 Motion (Doc. 228), filed April 18, 2016. The Court, having reviewed the parties' submissions and the relevant law and being otherwise fully advised, FINDS that the motions are not well-taken and should be DENIED.

In his Motion to Vacate Scheduling Order, Plaintiff asks the Court to vacate the February 12, 2016 Scheduling Order entered in this case, and to reconsider its denial at a hearing on the same date of Plaintiff's request to stay discovery "until the Court's final resolution of pending dispositive motions." (Doc. 209-1 at 3; *see generally* Docs. 205, 206, 209.) "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *see Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) ("A court has the power

---

[1] The Court will treat and refer to this motion as a Motion to Vacate Scheduling Order.

to revisit prior decisions of its own . . . although as a rule courts should be loath[] to do so in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice."). "[A] motion for reconsideration . . . is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of the Paraclete*, 204 F.3d at 1012.

The Court has carefully reviewed the discovery rulings Plaintiff challenges in his motion, and finds no intervening change in the controlling law, new evidence previously unavailable, clear error, or manifest injustice that would justify revisiting them. The record amply supports the Court's exercise of its discretion to deny a further stay of discovery in this case, which was filed in 2013 and concerns events that occurred years earlier. *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1310 (10th Cir. 2010). Moreover, Plaintiff has utterly failed to demonstrate that the Court's Scheduling Order, which sets forth discovery deadlines and limitations, is in any way improper. For these reasons, the Court will deny Plaintiff's Motion to Vacate Scheduling Order.

In his Request for Clarification of Instructions Listed in Clerk's Minutes, in turn, Plaintiff asks the Court to "clarify" instructions in its February 12, 2016 Clerk's Minutes that are already sufficiently clear, and to issue an advisory opinion about discovery issues that are not currently ripe for decision. (Doc. 210.) Plaintiff has already received more than adequate guidance from the Court on the subjects regarding which he seeks clarification, at a hearing on the record on February 12, 2016 (Doc. 205), in the Clerk's Minutes (*id.*), and in the Court's Scheduling Order. (Doc. 206.) He has also demonstrated that he is capable of researching the law governing his discovery obligations and any inchoate discovery disputes between himself and Defendants. Certainly, for example, he can read Federal Rule of Civil Procedure 26(a)(1)(A)(iii) and Local

Rule 26.3 for himself, and does not need the Court to recite them for him.  The Court will therefore deny Plaintiff's Request for Clarification of Instructions Listed in Clerk's Minutes.

Finally, in their Rule 37 Motion, the State Defendants ask the Court to dismiss Plaintiff's claims against them because Plaintiff has refused to respond to these Defendants' First Sets of Interrogatories, Requests for Production, and Requests for Admission, which they served on Plaintiff on March 4, 2016.  (Doc. 228.)  Rule 37 permits the Court to dismiss an action in whole or in part as a sanction for failing to respond to discovery requests in appropriate circumstances. Fed. R. Civ. P. 37(b)(2)(A)(v), (d)(1)(A)(ii), (d)(3).  "Determination of the correct sanction for a discovery violation is a fact-specific inquiry" within the trial court's discretion.  *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992).  Criteria the trial court should consider in making this determination include

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*Id.* at 921 (internal citations and quotation marks omitted).  "[D]ismissal represents an extreme sanction," *id.* at 920, and "is appropriate only in cases of willful misconduct."  *Conkle v. Potter*, 352 F.3d 1333, 1337 (10th Cir. 2003) (internal quotation marks omitted).

The Court in its discretion concludes that, at this time, it would be unjust to impose the extreme sanction of dismissal against Plaintiff for refusing to respond to the State Defendants' discovery requests.  First, any actual prejudice to the State Defendants, and any interference with the judicial process, have to date been relatively mild.  Plaintiff's responses to the State Defendants' discovery requests are not yet a month overdue, discovery in this matter does not close until July 11, 2016, and trial has yet to be scheduled.  (Doc. 206 at 2.)  At present, these factors weigh against entering a dismissal against Plaintiff.

3

Second, Plaintiff has not on this occasion acted with willful culpability in failing to respond to the State Defendants' discovery requests.  From the date Plaintiff's discovery responses were due to the date of this Order, Plaintiff's Motion to Vacate Scheduling Order has been pending.  While this motion in no way excuses Plaintiff's refusal to respond to the State Defendants' discovery requests, it does remove his current conduct from the realm of the willfully culpable.  Of course, once the present Order is entered, Plaintiff's Motion to Vacate Scheduling Order will no longer be pending.  Further, the Court hereby instructs Plaintiff that motions of this kind do not justify a failure or refusal to comply with the Court's Orders or to respond to discovery requests, and they will not absolve any such failure or refusal in the future.  Meanwhile, however, Plaintiff's present lack of willfulness weighs against dismissing his claims against the State Defendants.  *Conkle*, 352 F.3d at 1337.

Finally, the Court has not yet warned Plaintiff that dismissal is a likely sanction for refusing to respond to Defendant's discovery requests; and to date, no lesser sanctions have been tried and found ineffective.  *See id.* (district court must "carefully assess[] whether some lesser sanction . . . than dismissal would [be] more appropriate" in cases involving *pro se* litigants).  Thus, these factors also weigh against entering a dismissal against Plaintiff.  In short, at present, all of the *Ehrenhaus* factors weigh against imposing the sanction of dismissal against Plaintiff for failing to respond to the State Defendants' discovery requests, and the Court will therefore deny the State Defendants' motion for such relief.  However, within ten (10) days of entry of this Order, Plaintiff must (1) respond to the State Defendants' written discovery requests, (2) obtain the State Defendants' agreement to any further extension of time in which to respond, or (3) file a motion showing good cause for seeking such an extension; and, Plaintiff is strongly cautioned

that failure to do so will result in sanctions, which may include dismissal of this action for willful failure to comply with the Federal Rules of Civil Procedure and this Court's Orders.

IT IS THEREFORE ORDERED as follows:

1. Plaintiff's Motion for Leave to File Proposed Motion to Vacate Scheduling Order (Doc. 209), Plaintiff's Request for Clarification of Instructions Listed in Clerk's Minutes (Doc. 210), and the State Defendants' Rule 37 Motion (Doc. 228) are DENIED;

2. Within ten (10) days of entry of this Order, Plaintiff must: (a) respond to the written discovery requests the State Defendants served on him on or about March 4, 2016; (b) obtain the State Defendants' agreement to a further extension of time in which to respond to these requests; or, (c) file a motion showing good cause for seeking such an extension. Plaintiff is advised that his disagreement with the Court's denial of his request to stay discovery is not an appropriate basis on which to object to the State Defendants' discovery requests, nor does it constitute good cause for seeking an extension of time in which to respond to the requests; and,

3. Plaintiff is admonished that failure to comply with this Order will result in sanctions, which may include dismissal of this action in whole or in part for willful refusal to comply with the Federal Rules of Civil Procedure and this Court's Orders.

IT IS SO ORDERED.

_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE