IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MILOSLAV MULLER,

    Plaintiff,

v.                                                          No. 13-CV-431 MCA-KK

TOM VILSACK, Secretary, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on *Plaintiff's Motion for Recusal of District Court Judge*. [Doc. 220] This Court recognizes the importance of addressing the matters raised in the Motion prior to undertaking consideration of other pending motions which precede the filing of the recusal motion. The Court has considered the parties' submissions, the relevant law, and the record in this case and is otherwise fully advised.

**ANALYSIS**

    **Legal Standard Governing Motions to Recuse**

    According to 28 U.S.C. § 455(a), "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." In addition, a judge should disqualify herself where she "has a personal bias or prejudice concerning a party. . . ." 28 U.S.C. § 455(b)(1).

> The basic test is whether a reasonable person armed with the relevant facts would harbor doubts about the judge's impartiality. *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993); *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992); *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987). "There is as much obligation for a judge not to recuse when there is

1

no occasion for him to do so as there is for him to do so when there is." *Hinman*, 831 F.2d at 939. We review a recusal decision on an abuse of discretion standard. *Willner v. University of Kansas*, 848 F.2d 1020, 1023 (10th Cir. 1988), *cert. denied*, 488 U.S. 1011, 109 S.Ct. 797, 102 L.Ed.2d 788 (1989).

*Maez v. Mountain States Tel. and Tel., Inc.*, 54 F.3d 1488, 1508 (10th Cir. 1995).

Plaintiff's first ground for recusal is "based on recent appearance of improper ex-parte communication of the law firm representing State Defendants . . . with the Chambers of the Honorable M. Christina Armijo." [Doc. 220, p. 1] This ground is based on a statement which the State Defendants attributed to Plaintiff in a brief: "The State Defendants agree with Plaintiff that one or more of the pending dispositive motions, particularly Defendants [*sic*] motion to dismiss on the basis of qualified immunity, have an immediate and clear possibility of being granted." [Doc. 218, p. 5; Doc. 220, p. 7] Because Plaintiff denies making that statement or one similar to it, he reasons:

> [I]t is reasonable to assume that an uninterested, objective observer of facts in Plaintiff's position would conclude, based on the above-cited statement, that a Counsel for State Defendants has a personal knowledge that dispositive motions to dismiss Plaintiff's claim against State Defendants have "an immediate and clear" possibility of being granted. That statement is also indicative that Plaintiff's motion for leave to file Third Amended Complaint will be denied.

[Doc. 220, pp. 7-8]

Contrary to Plaintiff's assumption, the Court has not engaged in any *ex parte* communications with counsel for the State Defendants. Lest there be any confusion on this point, the Court will repeat itself: *the Court has not engaged in any ex parte communications with counsel for the State Defendants*. Defense counsel's statement that "one or more pending dispositive motions . . . have an immediate and clear possibility of

2

being granted" occurs in the context of a discussion of *GTE Wireless, Inc. v. Qualcomm, Inc.*, 192 F.R.D. 284, 285 (S.D. Cal. 2000), a case cited by Plaintiff in opposition to lifting the stay of discovery.  Defendants' counsel may have reasoned that since *Qualcomm* supports maintaining a stay of discovery where "one or more pending dispositive motions . . . have an immediate and clear possibility of being granted," Plaintiff, by invoking *Qualcomm*, impliedly conceded that "one or more pending dispositive motions . . . have an immediate and clear possibility of being granted." Alternatively, Defense counsel's statement merely may reflect Defense counsel's own assessment of the merits of Defendant's pending motions.  Plaintiff's theory that Defense counsel had inside information about the likelihood of prevailing on one or more dispositive motions is misguided speculation.  No reasonable person would question the Court's impartiality based upon the statement of Defense counsel that "one or more pending dispositive motions . . . have an immediate and clear possibility of being granted."

Plaintiff's second ground for recusal is that the Court has made racially motivated rulings.  [Doc. 220, pp. 2-7]  Plaintiff relies on three Orders to support this argument:  (1) the Court's March 31, 2014 *Order Overruling Plaintiff's Objections and Striking Documents* [Doc. 114], in which the Court upheld an Order of the Magistrate Judge striking several entries which Plaintiff filed on the docket and of which Plaintiff asked the Court to take judicial notice: (2)  the Court's March 30, 2015 *Memorandum Opinion and Order* [Doc. 165] denying *Plaintiff's Motion to Reconsider Order Overruling Plaintiff's Objections and Striking Documents* [Doc. 115] and *Plaintiff's*

3

*Motion for Leave to File [Proposed] Request for Judicial Notice with less than Fifty Pages of Exhibits* [Doc. 123]; and (3) the Court's March 30, 2015 *Memorandum Opinion and Order* [Doc. 166] in which the Court held that part of his claim—specifically, Plaintiff's Title VII claim which was the basis for his EEO Complaint Number APHIS-2008-0060 against Secretary Vilsack pertaining to his termination—was time-barred. Because the Court ruled against Plaintiff in these Orders Plaintiff reasons that the Court's rulings were racially motivated. [Doc. 220, p. 5]

The Court has based its rulings on the facts of this case and the pertinent law. Racial bias has played no part in the Court's rulings. Plaintiff's allegations of racial bias are conclusory and unsupported. "[T]he fact that Plaintiff-Appellant and Appellants were unhappy with the district court's legal rulings and other case management decisions is not a basis for recusal, and under no circumstances justifies the utterly unsubstantiated allegations of racial and economic prejudice, dishonesty, senility, and fraud lodged against the district court." *Watkins v. Smith*, 561 Fed. App'x 46, 47 (2d Cir. 2014). Conclusory allegations of racial bias are insufficient to support recusal. *Redford v. Gwinnett County Judicial Cir.*, 350 Fed. App'x 341, 346 (11th Cir. 2009) (*per curiam*).

**CONCLUSION**

This Court's impartiality cannot be *reasonably* questioned, nor do the Court's rulings demonstrate bias or prejudice against Plaintiff. As Plaintiff's *Motion for Recusal* is both factually and legally unfounded, it will be denied.

**WHEREFORE**, for the foregoing reasons, *Plaintiff's Motion for Recusal of District Court Judge* [Doc. 220] is **DENIED**.

4

So ordered this 20th day of September, 2016 in Albuquerque, New Mexico.

                                              _____
                                              M. CHRISTINA ARMIJO
                                              Chief United States District Judge