IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MILOSLAV MULLER,

    Plaintiff,

v.                                                                       No. 13-CV-431 MCA-KK

TOM VILSACK, Secretary, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on *Defendants' Daniel M. Manzanares, Dr. Dave Fly, Dr. Timothy J. Hanosh, and Dr. Steven R. England Renewed Motion to Dismiss Plaintiff's Second Amended Complaint.* [Doc. 174] Having considered the parties' submissions, the relevant law, and otherwise being fully advised in the premises, the Court hereby **GRANTS-IN-PART** and **DENIES-IN-PART** the *Motion*. This matter is also before the Court on *Defendants' Daniel M. Manzanares, Dr. Dave Fly, Dr. Timothy J. Hanosh, and Dr. Steven R. England Motion to Clarify/Strike Additional Allegations in Plaintiff's Second Amended Complaint.* [Doc. 176] Having considered the parties' submissions, the relevant law, and otherwise being fully advised in the premises, the Court hereby **DENIES** the *Motion*.

## BACKGROUND

This case has a protracted and complicated procedural history, which this Court sets out here only as it relates to the present motion. Plaintiff filed this lawsuit on May 7, 2013. [Doc. 1] On August 28, 2013, the Magistrate Judge issued an Order to Show

1

Cause directing Plaintiff to show cause why the case should not be dismissed for lack of prosecution.  [Doc. 5]  The record does not reflect that Plaintiff served the initial Complaint.  Instead, after the Magistrate Judge's *Order to Show Cause*, Plaintiff amended his Complaint on August 30, 2013.  [Doc. 6]  As against the "State Defendants," who filed the present motion, Plaintiff attempted service (the details of which are set forth below) in early September, 2013.  [Docs. 13, 14, 16, 17, 18]

Thereafter, the State Defendants filed a *Motion to Dismiss*, raising the following issues:  insufficient service on Mr. Manzanares, Dr. Fly and Dr. Hanosh (the State Defendants do not dispute the proper service of Dr. England); lack of jurisdiction because Plaintiff alleged no federal claim against the State Defendants and because Plaintiff failed to exhaust his administrative remedies; qualified immunity; the statute of limitations; and collateral estoppel.  [Doc. 23]  This Court ultimately granted the State Defendants' *Motion to Dismiss* on the grounds of lack of jurisdiction for Plaintiff's failure to exhaust his administrative remedies against the State Defendants with regard to his claim brought under the New Mexico Human Rights Act (NMHRA) and for failure to file his claim within the statute of limitations on Plaintiff's defamation claim against the State Defendants.  [Doc. 135, p. 20]  Because the Court granted the State Defendants' *Motion to Dismiss* the NMHRA claim on jurisdictional grounds, it did not address their remaining arguments for dismissal of Plaintiff's NMHRA claim.  [Doc. 135]  However, the Court granted Plaintiff leave to file a motion to amend his complaint to allege facts establishing this Court had jurisdiction over Plaintiff's NMHRA claim against the State Defendants.  [Doc. 135, p. 20]

Plaintiff complied, filing *Plaintiff's Motion for Leave to File Second Amended Complaint* [Doc. 140], which the Court granted after determining that Plaintiff was excused from exhaustion because the New Mexico Human Rights Bureau (NMHRB) refused to issue a determination on his claim though Plaintiff had taken all of the necessary steps he could to exhaust the claim. [Doc. 173, pp. 14-15] In the Court's September 30, 2015 *Memorandum Opinion and Order* granting Plaintiff's Motion to Amend, the Court did not revisit the State Defendants' arguments (on insufficient service, the failure to comply with the statute of limitations, and collateral estoppel) which the Court had earlier not considered because it had granted their motion to dismiss on alternative grounds. [Doc. 173; Doc. 135, p. 19] Accordingly, in the present Motion, filed after the Court issued its September 30, 2015 *Memorandum Opinion and Order*, the State Defendants assert that they are renewing their arguments for dismissal on the following grounds: "qualified immunity" under the New Mexico Tort Claims Act [Doc. 174, pp. 8-11]; the statute of limitations [Doc. 174, pp. 11-12]; and insufficient service of process upon Mr. Manzanares, Dr. Fly, and Dr. Hanosh.[1] [Doc. 174, pp. 12-15] The Court addresses the State Defendants' arguments in turn, and cites further facts as necessary below.

**ANALYSIS**

*Standard Governing Pro Se Pleadings*

---

[1] The State Defendants do not renew their collateral estoppel argument, and thus the Court does not consider it.

A district court must construe a *pro se* plaintiff's pleadings liberally and hold the pleadings to a less stringent standard than formal pleadings drafted by lawyers. *See McBride v. Deer*, 240 F.3d 1287, 1290 (10th Cir. 2001). However, while a district court may make some allowances if a *pro se* plaintiff fails to cite proper legal authority, confuses various legal theories, uses poor syntax and sentence construction, and is unfamiliar with pleading requirements, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005); *see also U.S. v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009). Moreover, *pro se* parties must "follow the same rules of procedure that govern other litigants." *See Garrett*, 425 F.3d at 840 (internal quotation marks and citation omitted).

### *Service*

Mr. Manzanares, Dr. Fly, and Dr. Hanosh argue that service upon them was insufficient. [Doc. 174, pp. 12-16] According to the *Proof of Service* and the attached documents regarding Mr. Manzanares, the United States Postal Service left notice of certified mail for Mr. Manzanares on September 3, 2013, and the mail was refused on September 5, 2013. [Doc. 13, pp. 2-4] Plaintiff also filed a *Declaration of Livia Ujhelyi*, who states that she was "a process server for the summons issued by this Court in the above captioned case," and that she sent the summons and complaint "by U.S. Certified Mail, return receipt" to Mr. Manzanares on August 31, 2013. [Doc. 14, ¶¶ 1, 2] She goes on to say that on September 10, 2013, she received from the post office the envelope that she had sent to Mr. Manzanares by certified mail. [Doc. 14, ¶ 5] She states that the

"USPS Track & Confirm printout indicates that the envelope was refused by addressee on September 5, 2013, and mailed back to me on the following day." [Doc. 14, ¶ 6] Plaintiff does not state that he took any further action to serve Mr. Manzanares. [Doc. 179]

According to the *Proof of Service* and attached documents for Dr. Fly, the summons and a copy of the complaint were sent by certified mail, addressed to "Dave Fly, DVM, NMLB" and were delivered on September 3, 2013. [Doc. 16, p. 3] The certified mail receipt was signed by Becky Valencia. [Doc. 16, p. 3] Plaintiff does not state that he took any further action to serve Dr. Fly. [Doc. 179]

According to the *Proof of Service* and attached documents for Dr. Hanosh, the summons and a copy of the complaint were sent by certified mail, addressed to "Timothy Hanosh, DVM, NMDA, Veter. Svcs Di[illegible]" and were delivered on September 3, 2013.[2] [Doc. 17, pp. 2-3] The signature and printed name of the person who signed for the certified mail are difficult to read, but appears to be George M[illegible].[3] [Doc. 17. p. 3] Plaintiff does not state that he took any further action to serve Dr. Hanosh. [Doc. 179]

---

[2] It appears that the person who signed for the summons and complaint dated his signature "6/03/13." However, this appears to be a typographical error, because the package was not mailed until August 31, 2013. The records of the postal service indicate that the package was delivered September 3, 2013.

[3] The process server states that the certified mail was "received" by Dr. Hanosh's "agent George M." [Doc. 17, p. 2] and Plaintiff argues in his brief that the Dr. Hanosh was served at Dr. Hanosh's place of business and that the "postal receipt Form 3811 [was] signed on (*sic*) his agent George Mascanares." [Doc. 179, p. 2]

Federal Rule of Civil Procedure 12(b)(5) authorizes dismissal of a lawsuit for insufficient service of process. Federal Rule of Civil Procedure 4(e)(1) allows for service of a summons to be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." The plaintiff bears the burden of establishing the validity of service. *See FDIC v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir.1992).

Under New Mexico law, the plaintiff must first attempt either 1) individual service, "or if the individual refuses to accept service, by leaving the process at the location where the individual has been found; and if the individual refuses to receive such copies or permit them to be left, such action shall constitute valid service;" or 2) service by mail or commercial carrier. Rule 1-004(E)(3), (F)(1) NMRA. Service by mail or commercial carrier is sufficient when:

> the envelope is addressed to the named defendant and further provided that the defendant or a person authorized by appointment, by law or by this rule to accept service of process upon the defendant signs a receipt for the envelope or package containing the summons and complaint, writ or other process. Service by mail or commercial courier service shall be complete on the date the receipt is signed as provided by this subparagraph. For purposes of this rule "signs" includes the electronic representation of a signature.

Rule 1-004(E)(3). If a plaintiff has attempted service through the above methods but has not been successful, then New Mexico Rule of Civil Procedure 1-004(F) specifies additional steps the plaintiff must take to effect service:

> (2) If, after the plaintiff attempts service of process by either of the methods of service provided by Subparagraph (1) of this paragraph, the defendant has not signed for or accepted service, service may be made by delivering a copy of the process to some person residing at the usual place of abode of

6

>the defendant who is over the age of fifteen (15) years and mailing by first class mail to the defendant at the defendant's last known mailing address a copy of the process; or
>(3) If service is not accomplished in accordance with Subparagraphs (1) and (2), then service of process may be made by delivering a copy of the process at the actual place of business or employment of the defendant to the person apparently in charge thereof and by mailing a copy of the summons and complaint by first class mail to the defendant at the defendant's last known mailing address and at the defendant's actual place of business or employment.

N.M.R.A. 1-004(F).

Neither Plaintiff nor the State Defendants submitted evidence in the form of affidavits stating whether George M. was "authorized by appointment, by law or by this rule to accept service of process upon" Dr. Hanosh or whether Becky Valencia was similarly authorized to accept service of process upon Dr. Fly. However, as Defendants have raised the argument, Plaintiff had the burden of proof to submit evidence establishing that these individuals were so authorized to accept service for Drs. Hanosh and Fly. *Oaklawn Apartments*, 959 F.2d at 174. Plaintiff, offered no evidence by which to meet his burden of proof, and thus the Court cannot conclude that George M. and Becky Valencia were authorized to accept service of process on behalf of Drs. Hanosh and Fly, respectively. *See Exec. Consulting, Inc. v. Kilmer*, 931 F. Supp. 2d 1139, 1141 (D.N.M. 2013) ("Although the New Mexico courts have not addressed the specific issue of whether authority to accept mail constitutes authority to accept service of process, this Court finds persuasive those decisions from other jurisdictions with analogous service statutes holding that authority to accept mail for a defendant does not confer authority to accept service on that defendant's behalf.").

Given the attempted but insufficient service by certified mail of Mr. Manzanares, Dr. Fly and Dr. Hanosh, pursuant to New Mexico Rule of Civil Procedure 1-004(F), Plaintiff then was required use the secondary and tertiary methods of service set forth therein.  However, Plaintiff makes no argument and offers no evidence that he attempted to serve Dr. Hanosh, Dr. Fly, or Mr. Manzanares through the secondary or tertiary methods set forth in New Mexico Rule of Civil Procedure 1-004(F).  Accordingly, Plaintiff failed to comply with the rules governing service of process, and failed to effect service upon Dr. Hanosh, Dr. Fly, and Mr. Manzanares, and thus the Court lacks the power to enter a judgment against them.  The Court will dismiss Dr. Hanosh, Dr. Fly and Mr. Manzanares from this case.

On November 6, 2013, well after the September 4, 2013 deadline for Plaintiff to serve the State Defendants and six weeks after the State Defendants filed their initial motions to dismiss for untimely service, Plaintiff filed *Plaintiff's Motion to Extend the Time for Services of Process* of Dr. Hanosh, Dr. Fly, and Mr. Manzanares.  [Doc. 46] Within this *Motion*, Plaintiff asserted that the lack of service was due to events outside of his control, specifically Mr. Manzanares' refusal of the summons and complaint and the signature of third parties on the certified mail receipts for the summonses and complaints mailed to Dr. Fly and Dr. Hanosh.  [Doc. 46, p. 4]  Plaintiff submits that Dr. Fly, Dr. Hanosh, and Mr. Manzanares refused to sign for their summonses, and submits that this is good cause for an extension of time to serve these Defendants.  [Doc. 46, pp. 4-5] Because the Court initially ruled that this Court lacked jurisdiction over Plaintiff's

NMHRA claim against the State Defendants, the Court determined that *Plaintiff's Motion to Extend the Time for Service* was moot.  [Doc. 135, pp. 19-20]

In his *Response* to the present *Motion to Dismiss*, Plaintiff cites his prior *Motion to Extend the Time for Service*, but he does not expressly renew it at this time.  [Doc. 179, p. 11]   However, even if the Court were to liberally construe Plaintiff's argument as renewing his *Motion to Extend the Time for Service*, the Court would deny the *Motion*.

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed.R.Civ.P. 4(m) (2013).[4]

> The preliminary inquiry to be made under Rule 4(m) is whether the plaintiff has shown good cause for the failure to timely effect service. In this regard, district courts should continue to follow the cases in this circuit that have guided that inquiry. If good cause is shown, the plaintiff is entitled to a mandatory extension of time. If the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted. At that point the district court may in its discretion either dismiss the case without prejudice or extend the time for service.

*Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995); *see also Henderson v. United States*, 517 U.S. 654, 662 (1996) ("[C]ourts have been accorded discretion to enlarge the 120-day period even if there is no good cause shown." (internal quotation marks and citation omitted)).   "[I]nadvertence or negligence alone do not constitute 'good cause' for failure of timely service. Mistake of counsel or ignorance of the rules also usually do not suffice."  *In re Kirkland*, 86 F.3d 172, 176 (10th Cir. 1996).  "The

---

[4] Federal Rule of Civil Procedure 4(m) was amended in 2015 to reduce the number of days for service from 120 to 90, however, this amendment has no impact on this case.

plaintiff who seeks to rely on the good cause provision must show meticulous efforts to comply with the rule." *Id*. Factors to consider when deciding whether a permissive extension is or is not warranted include whether (1) the applicable statute of limitation would bar a refiled action; (2) the burdens of complying with the requirements of the multiple-service provisions of Rule 4(i) justify affording the plaintiff time to cure; and (3) the plaintiff is appearing *pro se*, thereby allowing the Court to treat his pleading more leniently than it would those of a counseled party. *See Espinoza*, 52 F.3d at 842.

    First, the Court concludes that Plaintiff has not shown good cause for the failure to serve the State Defendants. Though he states that, through no fault of his own, he was prevented from serving the Defendants, he does not explain why he did not attempt to serve the State Defendants sooner, which would have ensured that Plaintiff had the time required to pursue the secondary and tertiary methods of service set forth in New Mexico Rule of Civil Procedure 1-004(F)(2), (3). Thus, Plaintiff has not demonstrated that he diligently or meticulously made efforts to comply with the rules governing service. *In re Kirkland*, 86 F.3d at 176. Moving on to consider whether Plaintiff should be afforded a permissive extension to serve the State Defendants, the Court applies the *Espinoza* factors. First, while the Court takes into consideration Plaintiff's *pro se* status when considering his pleadings, "[a] pro se litigant is still obligated to follow the requirements of Fed.R.Civ.P. 4." *Espinoza*, 52 F.3d at 841 (internal quotation marks and citation omitted). The second *Espinoza* factor is inapplicable to the State Defendants. The Court assumes without deciding that the statute of limitations has run on Plaintiff's claim

against the State Defendants,[5] and thus the third *Espinoza* factor weighs in favor of permitting an extension. Even in light of these factors, however, the Court concludes that, in this case, the facts entitled to dominant consideration are that: 1) Plaintiff did not attempt to effect service until approximately one week before his deadline to do so; 2) Plaintiff only attempted service after the Magistrate Judge entered an Order to Show Cause directing Plaintiff to show cause why his complaint should not be dismissed for failing to advance his case; 3) Plaintiff did not explain any circumstance preventing him from attempting service earlier; 4) Plaintiff's unexplained delay was the cause of his inability to attempt to follow the secondary and tertiary methods of service set forth in New Mexico Rule of Civil Procedure 1-004(F); and 5) Plaintiff previously brought the same claim against the State Defendants, which Plaintiff dismissed voluntarily, without prejudice, after the Court entered an Order to Show Cause why the Complaint should not be dismissed for the failure to effect service within the 120 deadline. *Muller v. Vilsack, et al.*, 12-CV-1136-RB-LFG [Doc. 1, ¶¶ 43-52; Doc. 5; Doc. 8]. Between these two lawsuits, Plaintiff has been afforded 240 days to serve the State Defendants, and rather than diligently making efforts to do so, he sat on his rights. Furthermore, nowhere in his *Motion to Extend the Time for Services of Process* does Plaintiff identify the actions he would take to effect service upon these Defendants or a timeline for service. [Doc. 46]

---

[5] The last letter from the NMHRB to Plaintiff, which stated that the NMHRB "cannot issue an order of non-determination because of lack of jurisdiction," is dated December 4, 2014. At the latest, this letter triggered Plaintiff's duty to file a lawsuit seeking review of the NMHRB's decision within ninety days. *See* NMSA 1978, § 28-1-13(A) (stating that "[t]he notice of appeal" of the decision of the New Mexico Human Rights Commission must be filed in the district court "within ninety days from the date of service of the commission's order").

Thus, the Court, exercising its discretion based on the totality of the circumstances, declines to afford Plaintiff a permissive extension of the time to serve Dr. Hanosh, Dr. Fly and Mr. Manzanares.

Defendants Dr. Fly, Dr. Hanosh and Mr. Manzanares will be dismissed from this lawsuit. However, Defendant Dr. England does not dispute that Plaintiff properly served him. Accordingly, the Court proceeds to consider the remaining arguments with regard to Plaintiff's NMHRA claim against Dr. England.

### *Qualified Immunity*

In ruling on a request to stay in this case, Magistrate Judge Khalsa addressed the State Defendants' argument that they are entitled to qualified immunity from Plaintiff's NMHRA claim. The Court concludes that the Magistrate Judge's analysis is entirely correct and fully persuasive, and thus, the Court adopts and applies the following analysis:[6]

> [A]lthough the State Defendants argue that they have raised the defense of qualified immunity . . . the Court finds that the defense actually asserted is inapplicable to Plaintiff's remaining claims against the State Defendants. According to the State Defendants, they are entitled to "qualified immunity" because the New Mexico Tort Claims Act ("NMTCA") provides them with sovereign immunity from Plaintiff's claims under the the New Mexico Human Rights Act ("NMHRA"). (Doc. 174 at 9.) However, the State Defendants fail to cite any authority to support this creative proposition, and the Court is unconvinced by it.
>
> The NMTCA provides public employees with absolute immunity from claims for "any tort," unless it specifically waives such immunity. N.M. Stat. Ann. §§ 41-4-4(A), 41-4-17(A). The NMTCA does not provide public

---

[6] The Court emphasizes that it is not reviewing the Magistrate Judge's decision under Federal Rule of Civil Procedure 72 or 28 U.S.C. § 636, but instead is adopting the analysis of Magistrate Judge Khalsa due to its persuasive value.

> employees with immunity from claims under the NMHRA, for at least two reasons. First, a claim brought pursuant to a legislative enactment is distinct from a claim sounding in tort. See Black's Law Dictionary 1489 (6th ed. 1990) (a "tort" is "[a] private or civil wrong or injury . . . for which the court will provide a remedy in the form of an action for damages") (emphasis added). Plaintiff's claims under the NMHRA fall into the former category, while the NMTCA governs claims falling into the latter. Second, the NMHRA expressly applies to, and creates a statutory cause of action against, "the state," "all of its political subdivisions" and "any person acting for" it. N.M. Stat. Ann. §§ 28-1-2(A), (B), 28-1-7, 28-1-13. In other words, the NMHRA has waived the State Defendants' sovereign immunity from claims brought under the statute, and the State Defendants have offered no basis on which to construe the NMTCA as nullifying that waiver. Thus, although the State Defendants use the term "qualified immunity," they have failed to make a plausible argument that this defense applies to Plaintiff's NMHRA claims against them.

[Doc. 194, pp. 3-4]

Accordingly, the Court rejects the arguments that the State Defendants are entitled to qualified immunity and that the State has not waived immunity for Plaintiff's NMHRA claim against them.

### *Statute of Limitations*

Relying on the statute of limitations within the New Mexico Tort Claims Act, the State Defendants argue that Plaintiff's claim against them should be dismissed because they were not filed within the two-year deadline set forth in NMSA 1978, § 41-4-15(A). The State Defendants' argument fails for the same reasons set forth above with regard to the State Defendants' "qualified immunity" argument pursuant to the NMTCA: the NMTCA does not apply to Plaintiff's NMHRA claim against the State Defendants. Instead, the ninety-day period to file suit set forth in the NMHRA at NMSA 1978, § 28-1-13(A) governs. [Doc. 173, p. 12] Given that the NMHRB refused to issue Plaintiff a

final determination, and in fact Plaintiff brought suit prior to receiving notification by the NMHRB that it would not issue him a right to sue, Plaintiff timely brought his NMHRA claim against the State Defendants.

***State Defendants' Motion to Clarify or Strike Allegations in Plaintiff's Second Amended Complaint* [Doc. 176]**

"[D]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001) (internal quotation marks and citation omitted). Applying this legal tenet, on September 30, 2014, this Court granted Plaintiff leave to file a Second Amended Complaint stating allegations establishing that he had exhausted his administrative remedies with regard to his claim against the State Defendants under the NMHRA. [Doc. 135, pp. 7, 20] In compliance with the Court's Order, Plaintiff filed a *Motion for Leave to File Second Amended Complaint* [Doc. 140] and, on the same day but as a separate document and not labeled as a proposed amended complaint, a *Second Amended Complaint* [Doc. 141].

The State Defendants filed a *Response*, in which they made the following arguments: 1) Plaintiff's proposed amended complaint should be stricken because Plaintiff filed it as a separate document rather than as an attachment to his motion [Doc. 145, pp. 4-5]; and 2) Plaintiff's proposed Second Amended Complaint was futile because Plaintiff failed to allege facts which, if true, would establish that Plaintiff exhausted his administrative remedies on his claim against the State Defendants. [Doc. 145, pp. 5-7]

Ultimately, the Court rejected the State Defendants' arguments. [Doc. 173] The Court refused to strike the separately filed Second Amended Complaint for not being attached to his concurrently filed Motion to Amend [Doc. 173, pp. 15-16], and held that Plaintiff was excused from the requirement of exhausting his administrative remedies on this claim. [Doc. 173, pp. 11-15]

Nowhere within their *Response in Opposition to Plaintiff's Motion for Leave to File Second Amended Complaint* did the State Defendants make the argument they now make, that Plaintiff made new allegations beyond those which the Court authorized. [Doc. 145; Doc. 176, p. 3] Nonetheless, the State Defendants now argue that Plaintiff "falsely represented" to the Court that "the only amendments contained in his Second Amended Complaint were those necessary to establish that the Court had jurisdiction over his NMHRA claims." [Doc. 176, ¶ 5] The State Defendants attach a table to their present *Motion to Strike* identifying 10 paragraphs of Plaintiff's Second Amended Complaint which the State Defendants now argue are beyond what the Court permitted Plaintiff to add to his complaint in the Court's Order dated September 30, 2014. [Doc. 176, pp. 3, 6-7; Doc. 135] In response, Plaintiff points out that "[t]his is the third pleading filed by State Defendants asking the Court to deny/or to strike part of the Second Amended Complaint." [Doc. 180, p. 3] Plaintiff also argues that the State Defendants' Motion to Strike "is technically [an] unauthorized 'surreply.'" [Doc. 180, p. 4]

The State Defendants had the opportunity to raise these arguments in their *Response in Opposition to Plaintiff's Motion for Leave to File Second Amended*

15

*Complaint*, and the proper time to do so was at that time.  The Court has already ruled on and granted *Plaintiff's Motion for Leave to File Second Amended Complaint* [Doc. 173], and the State Defendants did not challenge the language which Plaintiff added to his Second Amended Complaint prior to the Court granting Plaintiff's Motion, despite having the opportunity to do so.  [Doc. 145]

Furthermore, even if the Court were to consider the merits of the State Defendants' *Motion to Strike*, the State Defendants failed to establish prejudice, which is the "most important[] factor in deciding a motion to amend the pleadings," *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1207 (10th Cir. 2006).[7]

> Courts typically find prejudice only when the amendment unfairly affects the defendants in terms of preparing their defense to the amendment. . . . Most often, this occurs when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues.

*Id*. at 1208 (internal quotation marks and citations omitted). The State Defendants argue that the changes Plaintiff made are substantive rather than grammatical (as Plaintiff asserts), and that the new allegations are "egregious" because they allege that one or more of the State Defendants engaged in "criminal wrongdoing."  [Doc. 192, ¶¶ 4-5]  However, the language Plaintiff adds does not add any new claim or new subject matter. In his *First Amended Complaint*, Plaintiff made essentially the same allegations that the State Defendants were aware of purportedly criminal activity by Mr. Braman, a USDA

---

[7] The State Defendants make no argument that they are prejudiced by Plaintiff's purportedly new allegations until their *Reply Brief* [Doc. 192, pp. 4-5] in favor of their *Motion to Strike* [Doc. 176], which, counting their earlier *Response in Opposition to Plaintiff's Motion for Leave to File Second Amended Complaint* [Doc. 145]*,* is their third brief on the issue.

employee [Doc. 6, ¶ 237] and either "intentionally aided and abetted Mr. Braman's criminal activities, consisting from (*sic*) falsifying time sheets" [Doc. 6, ¶ 234] or that the State Defendants retaliated against Plaintiff for reporting to the EEOC that they were "aiding and condoning illegal activities of Mr. Braman" [Doc. 6, ¶ 238] Accordingly, the changes in *Plaintiff's Second Amended Complaint* do not prejudice the State Defendants.

Thus, based both on untimeliness and on the merits, *Defendants' Daniel M. Manzanares, Dr. Dave Fly, Dr. Timothy J. Hanosh, and Dr. Steven R. England Motion to Clarify/Strike Additional Allegations in Plaintiff's Second Amended Complaint* is denied.

**CONCLUSION**

**WHEREFORE**, for the foregoing reasons, *Defendants' Daniel M. Manzanares, Dr. Dave Fly, Dr. Timothy J. Hanosh, and Dr. Steven R. England Renewed Motion to Dismiss Plaintiff's Second Amended Complaint* [Doc. 174] is **GRANTED-IN-PART** as to Defendants Manzanares, Fly and Hanosh. The Motion is **DENIED-IN-PART** as to Defendant England. Defendants Manzanares, Fly, and Hanosh are dismissed from this action without prejudice.

**FURTHERMORE**, for the foregoing reasons, *Defendants' Daniel M. Manzanares, Dr. Dave Fly, Dr. Timothy J. Hanosh, and Dr. Steven R. England Motion to Clarify/Strike Additional Allegations in Plaintiff's Second Amended Complaint* [Doc. 176] is **DENIED**.

**SO ORDERED** this 29th day of September, 2016 in Albuquerque, New Mexico.

_____
M. CHRISTINA ARMIJO
Chief United States District Judge