IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MILOSLAV MULLER,

      **Plaintiff,**

v.                                      **No. 13-CV-431 MCA-KK**

TOM VILSACK, Secretary, et al.,

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on *Plaintiff's Motion for Leave to File Third Amended Complaint* [Doc. 197] and *Defendants' Daniel M. Manzanares, Dr. Dave Fly, Dr. Timothy J. Hanosh and Dr. Steven R. England's Motion for Leave to File Surreply Regarding Plaintiff's Motion for Leave to File Third Amended Complaint* [Doc. 203]. Having considered the parties' submissions, the relevant law, and otherwise being fully advised in the premises, the Court hereby **DENIES** both *Motions*.

## BACKGROUND

Plaintiff's allegations and the procedural history of this case (and Plaintiff's earlier cases arising from his termination) have been set forth extensively in the Court's prior *Memorandum Opinions and Orders* [*See, e.g.,* Doc. 173, pp. 1-7], and thus the Court only briefly sets forth the pertinent facts here. Plaintiff *pro se* filed his first *Complaint* in this case on May 7, 2013. [Doc. 1] Prior to any Defendants filing an answer, Plaintiff filed his *First Amended Complaint* as a matter of course on August 30, 2013. [Doc. 6] Plaintiff thereafter filed a *Motion for Leave to File Second Amended Complaint* [Doc.

140], in compliance with this Court's September 30, 2014 *Memorandum Opinion and Order*, which granted Plaintiff leave to file a motion to amend his complaint to add allegations stating a claim that this Court has jurisdiction over Plaintiff's New Mexico Human Rights Act (NMHRA) claim against the State Defendants [Doc. 135]. Ultimately, this Court granted *Plaintiff's Motion for Leave to File Second Amended Complaint* on September 30, 2015, holding that Plaintiff was excused from failing to exhaust his administrative remedies with regard to his NMHRA claim against the State Defendants because the New Mexico Human Rights Bureau declined to issue him a final determination.  [Doc. 173, pp. 14-15]  Thus, the active complaint is Plaintiff's *Second Amended Complaint*, filed October 14, 2014.  [Doc. 141, Doc. 173 p. 16]]

Discovery was stayed in this case until October 16, 2015.  [Doc. 177]  After the Court granted *Plaintiff's Motion for Leave to File Second Amended Complaint*, the parties submitted a *Joint Status Report* to the Court on November 6, 2015, stating that they did not intend to further amend their pleadings at that time, but Plaintiff nonetheless requested until December 16, 2015 to be allowed to "amend the pleadings and to join additional parties."  [Doc. 182, pp. 2-3]  The Court never imposed an earlier deadline for Plaintiff to file any further motion for leave to amend his complaint.  Plaintiff filed the present *Motion for Leave to File Third Amended Complaint* on December 1, 2015.  [Doc. 197]  Thereafter, the Magistrate Judge entered a *Scheduling Order* on February 12, 2016, stating that the Court would not allow further amendment of the pleadings absent a showing of good cause "in light of the length of time this case has been pending,

Plaintiff's two previous amendments to his Complaint, and his pending motion to amend his Complaint a third time."  [Doc. 206, pp. 2-3]

Further facts, as necessary, are set forth below.

**ANALYSIS**

### Standard Governing Pro Se Pleadings

A district court must construe a *pro se* plaintiff's pleadings liberally and hold the pleadings to a less stringent standard than formal pleadings drafted by lawyers.  *See McBride v. Deer*, 240 F.3d 1287, 1290 (10th Cir. 2001).  However, while a district court may make some allowances if a *pro se* plaintiff fails to cite proper legal authority, confuses various legal theories, uses poor syntax and sentence construction, and is unfamiliar with pleading requirements, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005); *see also U.S. v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009).  Moreover, *pro se* parties must "follow the same rules of procedure that govern other litigants."  *See Garrett*, 425 F.3d at 840 (internal quotation marks and citation omitted).

### State Defendants' Motion for Leave to File a Surreply

In filing his *Motion for Leave to File Third Amended Complaint*, Plaintiff complied with Local Rule of Civil Procedure 15.1, which requires the proposed amended complaint to accompany the motion to amend.  [Doc. 197, 197-1]  In his response to Plaintiff's *Motion*, however, Defense Counsel incorrectly argued that Plaintiff's Motion should be denied because Plaintiff failed to attach a proposed amended complaint in

compliance with the Rules of Federal Procedure.  [Doc. 198, p. 6]  Plaintiff filed his

Reply, pointing out that he indeed had attached his proposed amended complaint to his

*Motion*.  [Doc. 200, p. 1]  Thereafter, the State Defendants filed a *Motion for Leave to*

*File Surreply*, in which Defense Counsel stated that he discovered his error after

Plaintiff's Reply.  [Doc. 203, ¶ 6] Defense Counsel submitted an affidavit from himself

and one from his staff member, both stating that Defense Counsel's mistaken belief that

Plaintiff had not submitted a proposed amended complaint was based on the failure of the

staff member to notice and print, from the CM/ECF system, the attached proposed

amended complaint for Defense Counsel to use in preparing the Response.  [Doc. 203-2;

Doc. 203-3]  Counsel for the State Defendants thus requests leave to file a surreply.

[Doc. 203, pp. 3-4]

     "The filing of a surreply requires leave of the Court."  D.N.M. LR-Civ. 7.4(b).

The district court has discretion in the "supervision of litigation" and "managing its

docket and supervising the parties."  *Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1164

(10th Cir. 1998).

> Generally, the nonmoving party should be given an opportunity to respond
> to new material raised for the first time in the movant's reply. [*Beaird*, 145
> F.3d at 1164]. If the district court does not rely on the new material in
> reaching its decision, however, "it does not abuse its discretion by
> precluding a surreply." *Id.* at 1164–65. "Material," for purposes of this
> framework, includes both new evidence and new legal arguments. *Doebele*
> *v. Sprint/United Mgmt. Co.*, 342 F.3d 1117, 1139 n. 13 (10th Cir.2003).

*Green v. New Mexico*, 420 F.3d 1189, 1196 (10th Cir. 2005).

     The State Defendants analogize their lack of "an opportunity to review Plaintiff's

Proposed Third Amended Complaint" to the cases in which new material is raised for the

first time in a reply brief.[1]  [Doc. 203, pp. 3-5]  However, the Court is not persuaded by the State Defendants' argument that Defense Counsel's oversight of the attached proposed third amended complaint fits into the analysis on which the State Defendants rely, which governs new facts or arguments raised for the first time in a reply brief. While this case presents facts upon which a good faith argument could be made to apply an analysis similar to the "good cause" or "excusable neglect" analysis in Federal Rule of Civil Procedure 6(b), the State Defendants did not make such an argument.  Accordingly, because Plaintiff did not submit new material to which the State Defendants lacked the opportunity to respond,[2] the Court denies the State Defendants' *Motion for Leave to File Surreply Regarding Plaintiff's Motion for Leave to File Third Amended Complaint*. [Doc. 203]  *C.f. Kling v. Beck*, 2011 WL 4553087, *1 (D. Kan. 2011) (stating that a "surreply is only proper when a party presents new factual or legal arguments in a reply brief"; denying a request to file a surreply where the movant's request was based on a mistake as to the proper procedure because, according to the movant, he had "limited access to the law library").

### Plaintiff's Motion to Amend

---

[1] The State Defendants also argue that Plaintiff indeed did raise a new argument for the first time in his Reply brief, based on *Johnson et al. v. City of Shelby*, 135 S.Ct. 346 (2014).  [Doc. 203, p. 6]  While Plaintiff made an argument based on *Johnson* for the first time in his Reply Brief [Doc. 200, p. 6], his argument is inapplicable to the issues here and further lacks merit.  Accordingly, the Court "does not rely on the new material in reaching its decision," making a surreply unnecessary.  *Green*, 420 F.3d at 1196.

[2] Nonetheless, for the record, the Court states that it is not persuaded by Plaintiff's argument that the representations of Defense Counsel and his staff member are "inherently unbelievable" [Doc. 204, p. 5] and does not rely on this ground in reaching its decision.

Amendments to pleadings are governed by Federal Rule of Civil Procedure 15, which states that, other than for amendments as a matter of course:  "[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2). The district court has discretion in deciding whether to grant a motion to amend a complaint, and that discretion is abused where the court's "decision is arbitrary, capricious, whimsical, or manifestly unreasonable."  *Bylins v. Billings*, 568 F. 3d 1224, 1229 (10th Cir. 2009).

> Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment. *Castleglen, Inc. v. Resolution Trust Corp.*, 984 F.2d 1571, 1585 (10th Cir.1993) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962)). It is well settled in this circuit that untimeliness alone is a sufficient reason to deny leave to amend, *see Woolsey v. Marion Laboratories, Inc.*, 934 F.2d 1452, 1462 (10th Cir.1991); *Las Vegas Ice & Cold Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir.1990); *First City Bank v. Air Capitol Aircraft Sales*, 820 F.2d 1127, 1133 (10th Cir.1987), especially when the party filing the motion has no adequate explanation for the delay, *Woolsey*, 934 F.2d at 1462. Furthermore, "[w]here the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial." *Las Vegas Ice*, 893 F.2d at 1185.

*Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365-66 (10th Cir. 1993).

The Court denies Plaintiff's *Motion For Leave to File Third Amended Complaint* for the following reasons:  1) the futility of the proposed amendments; 2) Plaintiff knew of the facts upon which the proposed amendment is predicated before filing his suit in 2013 but has failed to include the allegations or claims within any prior version of the

complaint, despite three opportunities to do so; 3) the unreasonable delay given Plaintiff's knowledge of the facts and prior amendments to his complaint; and 4) Plaintiff's motivation, in part, is to revive a claim dismissed in a previous order of the Court.[3]

Here, Plaintiff was, or should have been, aware of all of the newly added facts prior to filing his *Motion for Leave to File Third Amended Complaint.* [Doc. 197] Plaintiff states he would add, in his Proposed Third Amended Complaint, "Issue Four listed in EEO Complaint Number APHIS 2008-00783 (complaint '783')." [Doc. 197, p. 3] Plaintiff explains that:

> [t]his issue was not addressed as part of complaint 783 in First and Second Amended Complaint, because it is almost identical with the issue of wrongful termination listed in EEO Complaint Number APHIS 2009-00060. . . . However, because Complaint Number APHIS 2009-00060 was dismissed with prejudice based on technicality (the 30-day statute of limitations), but not on merits, Plaintiff now includes Issue Four (wrongful termination claim) of complaint "783" in the [Proposed] Third Amended Complaint.

[Doc. 197, pp. 3-4] Plaintiff was aware of the facts pertaining to complaint 783 well before he filed his initial complaint in May of 2013. Plaintiff has amended his complaint twice already, and further amendment would delay resolution of this case. Moreover, Plaintiff's motive in adding this proposed claim is to revive a claim already dismissed by the Court based on an untimely filed law suit. Such tactics have been rejected by our Tenth Circuit:

---

[3] Though *Plaintiff's Motion for Leave to File Third Amended Complaint* preceded any deadline by the Court, the delay here is still unmerited.

> A busy district court need not allow itself to be imposed upon by the presentation of theories *seriatim*. Liberality in amendment is important to assure a party a fair opportunity to present his claims and defenses, but "equal attention should be given to the proposition that there must be an end finally to a particular litigation." [Citation omitted.]

*Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994) (quoting *Freeman v. Continental Gin Co*., 381 F.2d 459, 469–70 (5th Cir.1967). Such tactics, in addition to the delay between the initial *Complaint* and *Plaintiff's Motion for Leave to File Third Amended Complaint*, establish prejudice and undue burden on the State Defendants. *See Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 (10th Cir. 2006) ("The longer the delay, the more likely the motion to amend will be denied, as protracted delay, with its attendant burdens on the opponent and the court, is itself a sufficient reason for the court to withhold permission to amend." (Internal quotation marks and citations omitted)).

Plaintiff also argues that he wishes to add facts to establish that the State Defendants were acting outside of the scope of their duties, in response to the State Defendants' arguments pertaining to the New Mexico Tort Claims Act. [Doc. 197, pp. 2-3] However, Plaintiff's claims against the State Defendants are pursuant to the NMHRA, not the New Mexico Tort Claims Act, and thus such facts are irrelevant and do not require an amendment.

In sum, the factors outlined in *Frank*, 3 F.3d at 1365-66, weigh against further liberality in allowing Plaintiff to amend his complaint. Accordingly, *Plaintiff's Motion for Leave to File Third Amended Complaint* is denied.

**CONCLUSION**

8

For the foregoing reasons, the Court **HEREBY DENIES** *Defendants' Daniel M. Manzanares, Dr. Dave Fly, Dr. Timothy J. Hanosh and Dr. Steven R. England's Motion for Leave to File Surreply Regarding Plaintiff's Motion for Leave to File Third Amended Complaint.* [Doc. 203]

The Court further **HEREBY DENIES** *Plaintiff's Motion for Leave to File Third Amended Complaint.* [Doc. 197]

**SO ORDERED** this 29th day of September, 2016 in Albuquerque, New Mexico.

_____
M. CHRISTINA ARMIJO
Chief United States District Judge