IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MILOSLAV MULLER,

    Plaintiff,

v.                                                                     No. 13-cv-431 MCA-KK

TOM VILSACK, Secretary, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on *Plaintiff's Motion to Partially Reconsider Memorandum Opinion and Order (Doc. 272)* [Doc. 277] and *Plaintiff's Motion to Partially Reconsider Memorandum Opinion and Order (Doc. 271)* [Doc. 278]. The Court, having considered the parties' submissions, the relevant law, and being otherwise fully advised in the premises, hereby **DENIES** both *Motions*.

ANALYSIS

*Standard*

As previously set forth in numerous orders in this case [*see, e.g.,* Doc. 271 p. 4], the Court liberally construes Plaintiff's *pro se* pleadings. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005); *McBride v. Deer*, 240 F.3d 1287, 1290 (10th Cir. 2001).

The Federal Rules of Civil Procedure do not expressly recognize a motion for reconsideration. *In re Thornburg Mortg., Inc. Sec. Litig.*, 824 F. Supp. 2d 1214, 1240 (D.N.M. 2011), *aff'd sub nom. Slater v. A.G. Edwards & Sons, Inc.*, 719 F.3d 1190 (10th

1

Cir. 2013). When a party seeks reconsideration of a non-final order, the motion is considered "an interlocutory motion invoking the district court's general discretionary authority to review and revise interlocutory rulings prior to entry of final judgment." *Wagoner v. Wagoner*, 938 F.2d 1120, 1122 n.1 (10th Cir. 1991). Although a district court has "considerable discretion" to revisit its prior decisions, *see Thornburg Mortgage*, 824 F. Supp. 2d at 1240, "as a rule [a court] should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice," *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (citation and internal quotation marks omitted). A motion for reconsideration is an "inappropriate vehicle[] to reargue an issue previously addressed by the court when the motion merely advances new arguments[] or supporting facts which were available at the time of the original motion." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *Otero v. Nat'l Distrib. Co.*, 627 F. Supp. 2d 1232, 1237 (D.N.M. 2009). Rather, appropriate "[g]rounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Paraclete*, 204 F.3d at 1012 (citation omitted).

***Plaintiff's Motion to Partially Reconsider Memorandum Opinion and Order (Doc. 272)***

In the Court's *Memorandum Opinion and Order* [Doc. 272] at issue in this *Motion* [Doc. 277], the Court denied leave to Plaintiff to file his Proposed Third Amended Complaint on the following grounds:

> 1) the futility of the proposed amendments; 2) Plaintiff knew of the facts upon which the proposed amendment is predicated before filing his suit in 2013 but has failed to include the allegations or claims within any prior version of the complaint, despite three opportunities to do so; 3) the unreasonable delay given Plaintiff's knowledge of the facts and prior amendments to his complaint; and 4) Plaintiff's motivation, in part, is to revive a claim dismissed in a previous order of the Court.

[Doc. 272, pp. 6-7] In the present *Motion to Reconsider* [Doc. 277], Plaintiff repeats his argument that he did not include particular allegations in his earlier complaint "in the best interest of judicial economy" [Doc. 277, pp. 2-3], and, moreover, argues that the issues that he raises in his *Proposed Third Amended Complaint* are issues of significant public concern, citing *Deutsch v. Jordan*, 618 F.3d 1093, 1100 (10th Cir. 2010) (defining matters of public concern in cases concerning the First Amendment rights of public employees). First, the requirements of notice pleading will always take priority over judicial economy, requiring every plaintiff to adequately state his or her claim. Second, neither of Plaintiff's arguments are persuasive or overcome the futility of the proposed amendments. Thus, *Plaintiff's Motion to Partially Reconsider Memorandum Opinion and Order (Doc. 272)* [Doc. 277] is **DENIED**.

***Plaintiff's Motion to Partially Reconsider Memorandum Opinion and Order (Doc. 271)***

In the Court's *Memorandum Opinion and Order* [Doc. 271] at issue in this *Motion* [Doc. 288], the Court granted State Defendants' Motion to Dismiss as to Defendants Manzanares, Fly, and Hanosh for insufficient service. [Doc. 271, pp. 8, 17] The Court further considered whether to grant an extension to Plaintiff to attempt to serve the three unserved State Defendants, and declined to do so. The Court explained at length its reasons for denying an extension:

> 1) Plaintiff did not attempt to effect service until approximately one week before his deadline to do so; 2) Plaintiff only attempted service after the Magistrate Judge entered an Order to Show Cause directing Plaintiff to show cause why his complaint should not be dismissed for failing to advance his case; 3) Plaintiff did not explain any circumstance preventing him from attempting service earlier; 4) Plaintiff's unexplained delay was the cause of his inability to attempt to follow the secondary and tertiary methods of service set forth in New Mexico Rule of Civil Procedure 1-004(F); and 5) Plaintiff previously brought the same claim against the State Defendants, which Plaintiff dismissed voluntarily, without prejudice, after the Court entered an Order to Show Cause why the Complaint should not be dismissed for the failure to effect service within the 120 [day] deadline. *Muller v. Vilsack, et al.*, 12-CV-1136-RB-LFG [Doc. 1, ¶¶ 43-52; Doc. 5; Doc. 8]. Between these two lawsuits, Plaintiff has been afforded 240 days to serve the State Defendants, and rather than diligently making efforts to do so, he sat on his rights. Furthermore, nowhere in his *Motion to Extend the Time for Services of Process* does Plaintiff identify the actions he would take to effect service upon these Defendants or a timeline for service. [Doc. 46] Thus, the Court, exercising its discretion based on the totality of the circumstances, declines to afford Plaintiff a permissive extension of the time to serve Dr. Hanosh, Dr. Fly and Mr. Manzanares.

[Doc. 271, pp. 11-12]

In his *Motion to Reconsider*, Plaintiff argues that the Court must reconsider its *Order* to prevent the manifest injustice of declining to address Plaintiff's asserted "matters of public concern." [Doc. 278, pp. 1-2] Plaintiff further reiterates that the three unserved Defendants "attempted to conceal themselves for sole purpose to avoid service of process by not signing envelopes containing the summons and a complaint." [Doc. 278, p. 3] In addition, in Plaintiff's *Reply*, he argues that the Court's dismissal of the three unserved State Defendants is plain error, that the Court must comply with 28 U.S.C. § 535(b) (requiring certain executive branch personnel to report information involving violations of federal criminal law involving government employees to the Attorney General), and that, again, the Court must address his claims alleging criminal conduct

which he asserts are matters of public concern, citing *Garritty v. Overland Sheepskin Co. of Taos*, 1996-NMSC-032, ¶ 17, 917 P.2d 1382 (recognizing that whistleblower claims exist because there is a "strong public policy against condoning criminal activity and in favor of uncovering and eradicating it").  [Doc. 293, pp. 3-4]  He also cites a *Memorandum Opinion and Order* issued by this Court in an earlier case, *Rush v. City of Clovis*, 11-CV-810-MCA-GBW [Doc. 17] (D.N.M. Feb. 3, 2012), in which the Court determined that service of process was insufficient, but the Court quashed the insufficient service and allowed the Plaintiff addition time to effect proper service.  Plaintiff argues that the facts of his case are similar to those in *Rush* and that Plaintiff was not allowed additional time to serve the Defendants, thus "raising an appearance of racially-motivated prejudice against Plaintiff because of his advocacy on behalf of Native Americans." [Doc. 293, p. 5]

Plaintiff's arguments do not identify any manifest injustice, and thus, the Court declines to reconsider its prior ruling.  First, Plaintiff cites and relies on case law which and statutes which are inapplicable and which do not support his arguments.  Plaintiff has not brought a whistleblower claim (as at issue in *Garritty*)—instead he has filed a more specific and limited claims under the New Mexico Human Rights Act and Title VII.  Further, plain error, a standard of review of rulings in criminal cases, is inapplicable here, as is 28 U.S.C. § 535(b) and the remaining authority cited by Plaintiff.  *Rush* is significantly factually distinguishable from the case at hand given Plaintiff's lack of diligence in attempting to serve State Defendants, as recited above. *Compare Rush*, 11-CV-810-MCA-GBW [Doc. 17, pp 1-2] (plaintiff attempted to serve the defendants

approximately five weeks after filing the complaint). Accordingly, the Court's exercise of its discretion in this case to not allow any further time for Plaintiff to attempt to serve the unserved State Defendants was well warranted. *See Pell v. Azar Nut Co.*, 711 F.2d 949, 951 n.2 (10th Cir. 1983) (noting that, though generally a court should quash insufficient service and allow an opportunity to re-serve where the insufficient service is curable, the Court "retains broad discretion to dismiss the action if it appears unlikely that proper service can or will be instituted"). Finally, this Court has dutifully issued its rulings based on sound legal authority, and the Court will continue to do so.

Thus, for the foregoing reasons, *Plaintiff's Motion to Partially Reconsider Memorandum Opinion and Order* is **DENIED**.

**CONCLUSION**

**WHEREFORE**, for the foregoing reasons, the Court hereby **DENIES** *Plaintiff's Motion to Partially Reconsider Memorandum Opinion and Order (Doc. 272)* [Doc. 277] and the Court further herby **DENIES** *Plaintiff's Motion to Partially Reconsider Memorandum Opinion and Order (Doc. 271)* [Doc. 278].

**SO ORDERED** this 22nd day of September, 2017 in Albuquerque, New Mexico.

_____
M. CHRISTINA ARMIJO
Chief United States District Judge